UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>*Plaintiff*,<br><br>v.<br><br>NOUF BINT NAYEF ABUL-AZIZ AL SAUD,<br>MOHAMMAD BIN ABDULLAH AL SAUD<br><br>*Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Simret Semere Tekle respectfully requests that the Court grant leave to serve Defendants Nouf bint Nayef Abul-Aziz Al Saud and Mohammad Bin Abdullah Al Saud ("Defendants") through alternative means under Federal Rule of Civil Procedure 4(f)(3). Ms. Tekle has made several unsuccessful attempts to effect personal service at Defendants' home address in Virginia. Defendants' apparent agents have refused to accept service at Defendants' residence, and though they have informed Plaintiff that Defendants are currently abroad, they have offered no information about when or whether Defendants will return to Virginia. On information and belief, Defendants are currently in Jeddah, Kingdom of Saudi Arabia ("Saudi Arabia"). Plaintiff therefore intends to effect service by posting a copy of the summons and complaint on the main entrance of Defendants' home in Virginia under section 8.01-296(2)(b) of the Virginia Code. *See* Va. Code § 8.01-296(2)(b). In the interest of ensuring that Defendants receive full notice of this action, Plaintiffs also seek leave to mail copies of the summons and complaint to Defendants' address in Jeddah, Saudi Arabia through FedEx.

1

## **BACKGROUND**

Ms. Tekle is a citizen of Eritrea and a victim of human trafficking.  Compl., ECF No. 1 at ¶¶ 1, 3.  Defendants are members of the Saudi Royal family who recruited Ms. Tekle to work for them as a nanny in their home in Virginia.  *Id.* ¶¶ 2, 4.  In 2011, Defendants persuaded Ms. Tekle—who until then had been working for Defendant Nouf bint Nayef Abul-Aziz Al Saud's mother in Saudi Arabia—to come to the United States with promises of fair wages, reasonable hours, and decent working conditions.  *Id.* ¶ 13.  Defendants led Ms. Tekle to believe that these terms were memorialized in a written agreement executed by the parties.  *Id.* ¶¶ 13, 14.  That agreement was written in Arabic—a language Defendants knew that Ms. Tekle could not read—and Defendants never gave Ms. Tekle a copy of it.  *Id.* ¶ 14.  Defendants obtained a visa for Ms. Tekle from the United States consulate in Jeddah, Saudi Arabia by representing to consular officials that Ms. Tekle would be employed under the terms of this agreement.  *Id.* ¶ 16.

But the reality was very different.  Once Ms. Tekle arrived at Defendants' gated compound in Great Falls, Virginia, Defendants confiscated her passport.  *Id.* ¶ 18.  Defendants then forced Ms. Tekle to work twice as long as Defendants had promised, for around a tenth of the wages they had promised.  *Id.* ¶¶ 23-26, 28, 30-31.  To keep Ms. Tekle compliant, Defendants restricted Ms. Tekle's contact with the outside world, led to her to believe that she was being constantly monitored, and refused to let her leave their house unaccompanied—even to go to church.  *Id.* ¶¶ 35-39.  In fact, Defendants threatened that Ms. Tekle would be arrested and deported if she tried to leave.  *Id.* ¶¶ 40-44.  Defendants also regularly resorted to verbal and psychological abuse to keep Ms. Tekle working under these grueling conditions.  *Id.* ¶¶ 32-34, 42-44.  Ms. Tekle eventually managed to escape from the Defendants' control when their driver briefly left Ms. Tekle unattended at a shopping mall.  *Id.* ¶¶ 47-48.

On February 28, 2018, Ms. Tekle filed a five-count complaint alleging breach of contract and several violations of the Trafficking Victims Protection Act.  *Id.*  This Court then issued summonses and ordered Ms. Tekle to serve copies of the summonses and complaint on Defendants, or to explain the attempts made to do so, by May 24th.  ECF No. 6.  Based on Ms. Tekle's personal knowledge of Defendants' address, Ms. Tekle proceeded to attempt personal service on the Defendants at their home in Great Falls.

Ms. Tekle has now made six separate attempts to effect personal service on Defendants at their home through a process server.  *See* Declaration of Agnieszka M. Fryszman ¶ 4.  None of these attempts have succeeded.

The process server made one unsuccessful attempt at service on February 28, 2018.  *Id.* ¶ 5.  On March 1st, during a second attempt at service, the process server spoke with a member of Defendants' security staff who identified himself as "Tom."  *Id.* ¶ 6.  Tom refused to accept service on Defendants' behalf.  *See id.*  Tom confirmed that Defendants currently reside at that address but informed the process server that Defendants are currently out of the country.  *Id.*  On March 17th, Ms. Tekle's sixth attempt to serve Defendants, the same process server spoke with a man at the Defendants' home who identified himself as Defendants' house attendant.  *Id.* ¶ 7.  The house attendant explained that Defendants were overseas, but he refused to accept service on Defendants' behalf.  *Id.*  The house attendant also gave the process server the Maryland phone number of a "Tom Price," whom the house attendant described as Defendants' attorney.  *Id.*  Ms. Tekle's counsel has attempted to contact this person using the phone number provided, as well as the Tom Price who is a registered member of the Maryland Bar.  *Id.* ¶ 8.  After several unsuccessful attempts, Mr. Price responded and indicated that he is not authorized to accept service on Defendants' behalf.  *Id.*

On information and belief, Defendants are currently in Saudi Arabia. In order to ensure that Defendants receive full notice of the pending action against them in this Court, Ms. Tekle seeks leave to send copies of the summons and complaint to Defendants at this address through FedEx.

## ARGUMENT

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in a judicial district of the United States by, among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where … service is made." Fed. R. Civ. P. 4(e)(1). Virginia state law allows for service of process by "posting a copy of such process at the front door" of the defendant's "usual place of abode" and subsequently mailing a copy of such process to the same address. Va. Code § 8.01-296(2)(b). Based on statements made by individuals who are apparently Defendants' agents, Ms. Tekle submits that Defendants' home in Great Falls is their usual place of abode and that posting a copy of the summons and complaint on the entrance of this home fully complies with the requirements of Rule 4(e)(1).

However, to avoid any potential defects in service, and to ensure that Defendants receive full notice of this action, in addition to that method of service, Plaintiffs seek leave from the Court to mail a copy of the summons and complaint through FedEx to Defendants' address in Jeddah, Saudi Arabia. Under Rule 4(f)(3), a plaintiff may, by court order, serve an individual "at a place not within any judicial district of the United States" by means that are (1) "not prohibited by international agreement," and (2) comport with the requirements of due process. Fed. R. Civ. P. 4(f)(3); *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014); *BP Prods. North America, Inc. v. Dagra*, 236 F.R.D. 270, 271-72 (E.D. Va. 2006). A means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Service of process under Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *WhosHere*, 2014 WL 670817, at *2 (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *see also* 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1134 (3d ed. 2008 & Supp. 2017) (same). The Court therefore has "wide discretion in ordering service of process under Rule 4(f)(3)." *BP Prods.*, 236 F.R.D. at 271.

The use of FedEx as a means of service is not prohibited by any international agreement to which Saudi Arabia is a signatory, and registered mail sent through an international courier is reasonably calculated to apprise Defendants of this action. Accordingly, Ms. Tekle's proposal fully comports with requirements of Rule 4(f)(3) and the requirements of due process.

**I.      The Alternative Means Proposed Are Not Prohibited By Any International Agreement.**

Saudi Arabia is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, [1969] 20 U.S.T. 361. *See* Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17table/notifications/?csid=418&disp=resdn (listing signatory countries) (last visited Apr. 5, 2018). Ms. Tekle therefore "does not have the option of utilizing the service means authorized by the Hague Convention because Saudi Arabia is not a party to that treaty." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (citing *Tinicum Props. Assocs. Ltd. P'ship v. Garnett*, No. Civ. A 92-0860, 1992 WL 99590, at *1 (E.D. Pa. Apr. 29, 1992)). Nor is Saudi Arabia a signatory to any other international agreements regarding service

5

of process.  Accordingly, there is no international agreement which prohibits service of process through FedEx to defendants located in Saudi Arabia, and it is an available method of service that this Court may order under Rule 4(f)(3).

Furthermore, service of process by FedEx is an appropriate method of service to order here.  At least one court has held that, in addition to not being prohibited by international agreement, "[s]ervice of process by FedEx is not specifically prohibited by Saudi Arabian law." *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 308 F.R.D. 688, 695 (M.D. Fla. 2015), *rev'd and remanded on other grounds*, 817 F.3d 747 (11th Cir. 2016).  To be clear, this Court may order a method of service under Rule 4(f)(3) even if it *is* prohibited by Saudi Arabian law.  *See also Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) ("[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." (citing *Mayoral-Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998))).  But that service of process by FedEx is not prohibited by Saudi Arabia law makes it all the more appropriate as an alternative method of service under Rule 4(f)(3).

**II.    The Alternative Means Proposed Is Reasonably Calculated To Apprise Defendants Of The Pending Action.**

Mailing copies of the summonses and complaint to Defendants' address in Saudi Arabia through FedEx fully comports with the requirements of due process.  There cannot be any real dispute that this means of serving process is reasonably calculated to apprise Defendants of this action.  As this Court and several others have recognized, service of process on foreign defendants through an international courier is a satisfactory means of giving defendants notice.  *See, e.g.*, *Microsoft Corp. v. Does 1-18,* No. 1:13-cv-139, 2014 WL 1338677, at *3 (E.D. Va. April 2, 2014); *Sharif v. Int'l Dev. Group,* No. 1:02–cv–5430, ECF No. 11 (N.D. Ill. Dec. 30, 2002) (authorizing

6

service by regular mail on Royal Family member pursuant to FRCP 4(f)(3)). Indeed, effecting service on Defendants through FedEx is functionally equivalent to certified mail, which the Fourth Circuit has "readily" found to provide adequate notice. *N.L.R.B. v. Baker*, 166 F.3d 333 (4th Cir. 1998).

Moreover, serving Defendants through FedEx is in all likelihood the most expedient means of service that will ensure that Defendants receive prompt notice. The State Department has advised that the letters rogatory process, for example, is "a time consuming, cumbersome process and need not be utilized unless there are no other options available." U.S. Dep't of State, *Service by Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited Apr. 13, 2018). Thus, "[i]f the laws of the foreign country permit other methods of service, the use of letters rogatory is not recommended given the routine time delays of up to a year or more in execution of the requests." *Id.* Ms. Tekle therefore submits that serving Defendants through FedEx best advances the interests of giving Defendants prompt notice and promoting the expedient resolution of this case.

Defendants are also highly likely to be fully aware of the pending action filed by Ms. Tekle. Defendants continue to maintain their place of residence in Great Falls, where they continue to employ several staff members who appear to remain in close contact with Defendants. It is highly likely that Defendants will be notified once a copy of the summonses and complaint are posted at the entrance of the home. Ms. Tekle simply requests leave to serve process through FedEx as an additional safeguard to ensure that Defendants receive full notice of this action while they are in Saudi Arabia.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion for leave to service process by alternative means.

Dated: April 30, 2018

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4000
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Respectfully submitted,

/s/
Nicholas Marritz
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

*Counsel for Plaintiff Simret Semere Tekle*