**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| SIMRET SEMERE TEKLE<br><br>*Plaintiff*,<br><br>v.<br><br>NOUF BIN NAYEF ABUL-AZIZ AL SAUD and MOHAMMAD BIN ABDULLAH AL SAUD<br><br>*Defendants*. | ) | Case No.: 1:18-cv-00211 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Nouf Bin Nayef Abul-Aziz Al Saud and Mohammad Bin Abdullah Al Saud ("Defendants"), by and through undersigned counsel, submit this memorandum in support of their motion to dismiss the Fifth Claim in the Complaint filed by Plaintiff Simret Semere Tekle ("Plaintiff"). Plaintiff's Complaint alleges claims of Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or Forced Labor, in violation of 18 U.S.C. § 1590 (First Claim); Forced Labor, in violation of 18 U.S.C. § 1589 (Second Claim); Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor, in violation of 18 U.S.C. § 1592 (Third Claim); Involuntary Servitude, in violation of 18 U.S.C. § 1584 (Fourth Claim); and Breach of Contract (Fifth Claim).

Defendants assert categorically that *all* of Plaintiff's claims are false and without merit. However, only one of Plaintiff's claims is legally deficient, and subject to dismissal at this preliminary stage of the proceedings. For the reasons set forth below, Plaintiff's Fifth Claim

(Breach of Contract) is time-barred under the applicable statute of limitations, and, accordingly, should be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff alleges that she and Defendants entered into an employment contract in 2011, under which she agreed to work as a nanny in Defendants' home in the United States in exchange for an agreed-upon wage. Compl. ¶ 76. Plaintiff further alleges that Defendants materially breached the contract by (1) failing to pay Plaintiff the contract wage, (2) forcing Plaintiff to work more than forty-eight hours per week, (3) forcing Plaintiff to complete tasks not specified in the contract, (4) subjecting Plaintiff to abusive working conditions, and (5) holding Plaintiff in involuntary servitude. *Id.* ¶ 78. In her Complaint, Plaintiff states that any statute of limitations relating to any of her causes of action has been suspended and equitably tolled for the period of her involuntary servitude and for a reasonable time period after she departed Defendants' home. *Id.* ¶ 50. What Plaintiff fails to state in her Complaint, however, is that she left Defendants' home in April of 2012— over six years ago. Because Plaintiff failed to bring her Fifth Claim within the two-year statute of limitations for personal injury actions or the five-year statute of limitations for breach of contract actions, her claim is one upon which relief cannot be granted. Va. Code Ann. § 8.01-243(A) (West 2018) ("Unless otherwise provided in this section or by other statute, every action for personal injuries, *whatever the theory of recovery* . . . shall be brought within two years after the cause of action accrues.") (emphasis added); *Id.* § 8.01-246(2) ("In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, [actions shall be brought] within five years whether such writing be under seal or not[.]").

**II. ARGUMENT**

**A. Plaintiff's Fifth Claim Is Barred By Va. Code § 8.01-243(A).**

Plaintiff's Fifth Claim is subject to Virginia's two-year statute of limitations for actions for personal injuries. Under Virginia law, "[u]nless otherwise provided in [Va. Code § 8.01-243] or by other statute, every action for personal injuries, *whatever the theory of recovery* . . . shall be brought within two years after the cause of action accrues." *Id.* § 8.01-243(A) (emphasis added). Although Plaintiff calls her Fifth Claim a "Breach of Contract" claim, Compl. 14, Plaintiff alleges that she is entitled to recover damages on that claim because she has suffered "severe *emotional distress*, *physical injuries*, and economic losses." *Id.* ¶ 81-82 (emphasis added). Plaintiff's Fifth Claim is, thus, an action for personal injuries. As this Court has noted, "[t]he Supreme Court of Virginia has held that 'in applying Code § 8.01-243(A), we interpret "injury" in the same manner as that word is construed to determine when a cause of action for personal injuries accrues: [a] positive, physical or mental hurt to the claimant.'" *Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 163 (E.D. Va. 1995) (citing *Purcell v. Tidewater Constr. Corp.*, 458 S.E.2d 291, 293 (Va. 1995). Further, this Court has held that "whether the action be in tort or contract, if the object of the same is to recover for *personal injuries*, the statute [of limitations] is now two years." *Dawson v. Fernley & Eger*, 196 F. Supp. 816, 820 (E.D. Va. 1961) (emphasis added) (applying a predecessor of Va. Code § 8.01-243(A), which read "every action for personal injuries shall be brought within two years after the right to bring the same shall have accrued"); *Owens v. Combustion Eng'g, Inc.*, 279 F. Supp. 257, 258 (E.D. Va. 1967) ("[E]ven though there is an allegation of breach of warranty . . . [t]he object of the pending action is to recover for *personal injuries* and, therefore, the limitation is two years . . . after the right to bring (the action) shall have accrued.") (emphasis added) (internal quotation marks and citation omitted). Because the object of Plaintiff's Fifth Claim is to recover for positive physical and mental harm, it is an action for personal injuries subject to Virginia's two-year statute of limitations.

At the latest, Plaintiff's Fifth Claim for personal injuries accrued in April of 2012. Although Plaintiff does not state in her Complaint when she left Defendants' home, she departed in April of 2012, shortly before Defendants and their family were scheduled to leave the United States. Under Va. Code § 8.01-230, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from *the date the injury is sustained* in the case of injury to the person[.]" (emphasis added). "Virginia law is clear that the date of injury, not date of discovery of the injury, is the measure for calculating the statute of limitations." *Canal Ins. Co. v. Lebanon Ins. Agency, Inc.*, 504 F. Supp. 2d 113, 120 (W.D. Va. 2007). Plaintiff could not have sustained a physical or mental injury from Defendants after she left their home in April of 2012. Thus, the statute of limitations began to accrue on Plaintiff's Fifth Claim for personal injuries no later than April of 2012.

Plaintiff's Fifth Claim is barred by Virginia's two-year statute of limitations for actions for personal injuries. Upon her departure from Defendants' home in April of 2012, the statute of limitations began to run on Plaintiff's Fifth Claim for personal injuries. Plaintiff had until April of 2014 to bring her Fifth Claim. Instead, she filed her Complaint in this Court in February of 2018. Plaintiff is nearly four years too late. Accordingly, her Fifth Claim should be dismissed with prejudice.

### B. If The Court Finds That Va. Code § 8.01-243(A) Does Not Apply, Plaintiff's Fifth Claim Is Barred By Va. Code § 8.01-246(2).

Plaintiff may argue that because—in addition to "severe emotional distress" and "physical injuries"—she also seeks to recover for "economic losses," her Fifth Claim is subject to the statute of limitations for breach of contract actions. Compl. ¶ 81. Even if the Court were to find that Plaintiff's Fifth Claim were subject to Virginia's statute of limitations for breach of contract

actions, it remains a claim upon which relief cannot be granted. Plaintiff is time-barred, even by the lengthier statute of limitations applicable to breach of contract claims.

If the Court finds that Plaintiff's Fifth Claim, in which she seeks to recover for "severe emotional distress" and "physical injuries," is subject to Virginia's statute of limitations for breach of contract actions, the limitations period would be five years. Va. Code. Ann. § 8.01-246(2) (West 2018); Compl. ¶ 81. Under Virginia law, "actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, [must be brought] within five years whether such writing be under seal or not." Va. Code. Ann. § 8.01-246(2) (West 2018). As Plaintiff acknowledges, the employment contract was in writing and signed by both Plaintiff and —"the part[ies] to be charged" under the contract in this action—Defendants. *Id.*; Compl. ¶ 14.

Even if the Court finds that Plaintiff's Fifth Claim is subject to the Virginia statute of limitations for breach of contract actions, Plaintiff's Fifth Claim still accrued, at the latest, when she left Defendants' home in April of 2012. Under Va. Code § 8.01-230, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run . . . when the breach of contract occurs in actions ex contractu[.]" *See Hanback v. DRHI, Inc.*, 94 F. Supp. 3d 753, 759 (E.D. Va. 2015) ("[A] cause of action for breach of contract accrues and the limitation period commences to run from the date of the alleged breach.") (internal quotation marks and citation omitted). Any alleged breach in this case could have occurred no later than April of 2012. Indeed, "Plaintiff's cause of action accrued no later than [April of 2012], because it was on that date that the [employment] contract was effectively terminated by Ms. [Tekle's] escape from the Defendants' residence." *See Cruz v. Maypa*, 981 F. Supp. 2d 485 (E.D. Va. 2013), *rev'd on other grounds*, 773 F.3d 138 (4th Cir. 2014).

Thus, even if the Court finds that Plaintiff's Fifth Claim is subject to Virginia's five-year statute of limitations for breach of contract actions, it is still barred. Under Va. Code § 8.01-246(2), Plaintiff had until April of 2017 to bring her breach of contract claim. Plaintiff is nearly a year too late. Accordingly, her Fifth Claim should be dismissed with prejudice.

**C. Equitable Tolling Does Not Save Plaintiff's Claim.**

Plaintiff states in her Complaint that "[a]ny statute of limitations relating to the causes of action alleged in this complaint on behalf of Ms. Tekle has been suspended and equitably tolled for the period of Ms. Tekle's coerced labor and involuntary servitude and for a reasonable time period following her escape." Compl. ¶ 50. Plaintiff's Fifth Claim is still time-barred.

Even if the Court finds that the applicable statute of limitations was tolled, it would not be tolled beyond April of 2012, when Plaintiff left Defendants' home. Under Va. Code § 8.01-229(D), "[w]hen the filing of an action is obstructed by a defendant's . . . using any . . . direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." However, as the Fourth Circuit stated in affirming the dismissal of claims strikingly similar to Plaintiff's, "[e]ven assuming [Plaintiff's] breach of contract claims were tolled at least until her escape, she does not allege that [Defendants] took any action to deter her from filing *after* her escape from the defendants." *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (emphasis original). Indeed, Plaintiff merely states that "[u]pon information and belief, the Defendants withheld a copy of the contract from Ms. Tekle in an effort to obstruct her exercise of her rights under the contract," but does not state that Defendants withheld a copy of the contract from Ms. Tekle *after* her escape. Compl. ¶ 80. Even if Plaintiff did, she does not allege that she or any of her attorneys asked Defendants for a copy of the contract after her escape. In construing Va. Code § 8.01-229(D), "the

Virginia Supreme Court has held [that] a plaintiff who seeks to rely on it 'must establish that the defendant undertook an *affirmative act* designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action.'" *Deressa v. Gobena*, 2006 WL 335629, at *4 (E.D. Va. Feb. 13, 2006) (emphasis added) (citing *Grimes v. Suzukawa*, 551 S.E.2d 644, 646 (Va. 2001)). Merely failing to volunteer a copy of an employment contract to an employee who left her employment and never requested it is not an "affirmative act" as required to toll the statute of limitations under Va. Code § 8.01-229(D). As such, Plaintiff is not entitled to equitable tolling of her Fifth Claim beyond her departure from Defendants' home in April of 2012.

Neither the Fourth Circuit nor Defendants have located "any authority in which similar Virginia claims have been tolled beyond the termination of forced employment," *see Cruz*, 773 F.3d at 147-48; *see also Deressa*, 2006 WL 335629, at *4 (tolling Virginia state law claims under Virginia statute until plaintiff's escape); *Kiwanuka v. Bakilana*, 844 F.Supp.2d 107, 119–20 (D.D.C.2012) (tolling Virginia state law claims under D.C. tolling doctrine until plaintiff was "free from the defendants' control"), and Plaintiff has not pled facts sufficient to justify tolling her Fifth Claim beyond the termination of her alleged forced employed in this case. The Fourth Circuit has held that "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). It would be far from unconscionable for this Court to refuse to allow nothing more than Plaintiff's alleged "circumstances of individualized hardship [to] supplant the rules of clearly drafted statutes." *Id.*

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss the Fifth Claim of Plaintiff's Complaint with prejudice, and award Defendant such other and further relief that the Court may deem appropriate.

Dated: June 8, 2018

Respectfully submitted,

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice pending*)
David L. Haller (*pro hac vice pending*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hkláw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants' Nouf Bin Nayef Abul-Aziz Al Saud and Mohammad Bin Abdullah Al Saud*

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of June, 2018, a true copy of the foregoing was served via electronic case filing to:

Nicholas Cooper Marritz,
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

/s/ John L. Brownlee
John L. Brownlee