**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SIMRET SEMERE TEKLE | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Case No.:   1:18-cv-00211 |
| | ) |
| NOUF BINT NAYEF ABUL-AZIZ AL SAUD and | ) |
| MOHAMMAD BIN ABDULLAH AL SAUD | ) |
| | ) |
| *Defendants*. | ) |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) |

## <u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR<br>MOTION TO STRIKE</u>

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants Nouf bint Nayef Abul-Aziz al Saud and Mohammad bin Abdullah al Saud (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum in support of their motion to strike paragraphs 14, 15, 16, and 17 of the First Amended Complaint (Dkt. 28) ("Amended Complaint") filed by Plaintiff Simret Semere Tekle ("Plaintiff"). Plaintiff's Amended Complaint alleges claims of Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or Forced Labor, in violation of 18 U.S.C. § 1590 (First Claim), Forced Labor, in violation of 18 U.S.C. § 1589 (Second Claim), Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor, in violation of 18 U.S.C. § 1592 (Third Claim), Involuntary Servitude, in violation of 18 U.S.C. § 1584 (Fourth Claim), and Breach of Contract (Fifth Claim).

Simply stated, Plaintiff's Amended Complaint contains four paragraphs that are highly prejudicial to the Defendants and have nothing to do with their alleged conduct. The noted paragraphs are thus "immaterial" to this litigation under Rule 12(f). For the reasons set forth

below, Defendants respectfully request the Court to strike paragraphs 14-17 from the Amended Complaint.

## I.       BACKGROUND

On February 23, 2018, Plaintiff filed a Complaint alleging that Defendants trafficked her from Saudi Arabia to the United States, held her in involuntary servitude and forced labor, and breached her employment contract.  *See* Compl. ¶¶ 51-82.  On June 22, 2018, Plaintiff filed an Amended Complaint within which she redacted numerous false and fictitious factual allegations, while maintaining the same counts.  Am. Compl. ¶¶ 67-96.  In an attempt to tarnish the reputations of the Defendants, the Plaintiff included in her Amended Complaint highly prejudicial allegations concerning her life and employment *before* she even *met* Defendants.  *See id.* ¶¶ 14-17.

In the pertinent part of Plaintiff's Amended Complaint called "Trafficking to Saudi Arabia and Forced Labor," Plaintiff describes how she came to be employed by Princess Maha of Saudi Arabia.  *Id.* ¶¶ 11-12.  According to the Amended Complaint, Plaintiff traveled to Saudi Arabia in 2008, after a friend of her mother "recruited" her to work as a household maid.  *Id.* ¶¶ 11-13.

The Amended Complaint proceeds to describe alleged working conditions and instances that occurred during her employment with Princess Maha.  *See id.* ¶¶ 14-17.  First, Plaintiff alleges that Princess Maha "was a demanding and difficult employer."  *Id.* ¶ 14.  For example, Plaintiff alleges that Princess Maha enforced rules—such as not letting an employee approach her unless summoned—and made certain derogatory comments "to make [Plaintiff] and other staff members believe that they were inferior."  *Id.*  Second, Plaintiff alleges that when "[p]ublic executions and physical punishments of convicted criminals were . . . televised," Princess Maha once told Plaintiff that "she would suffer similar treatment if she lied or stole."  *Id.* ¶ 15.

Third, Plaintiff alleges that Princess Maha once pushed her and caused her to fall because she was wearing a crucifix around her neck, that Plaintiff saw Princess Maha "physically abus[ing]" another employee, and that she saw Princess Maha throw a glass at another employee. *Id.* ¶¶ 16-17.  Not once does the Plaintiff mention the Defendants in paragraphs 14-17. *See id.* ¶¶ 14-17.

## II.   ARGUMENT

Rule 12(f) allows this Court to "strike from a pleading . . . any . . . immaterial . . . matter." Fed. R. Civ. P. 12(6).  "A matter is . . . 'immaterial' if it is not relevant to the issues in the case." *U.S. ex rel. Godfrey v. Kellogg, Brown & Root, Inc.*, No. 1:05cv1418(GBL), 2008 WL 9878351, at *3 (E.D. Va. Mar. 13, 2008) (citing *Paul v. Gomez*, 190 F.R.D. 402, 403 (W.D. Va. 2000)). Further, "a district court has broad discretion in deciding whether to strike matters from pleadings." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 630 (E.D. Va. 2014) (citations omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x. 239, 246-47 (4th Cir. 2007) (affirming the district court's decision to strike two paragraphs from a complaint after applying the "abuse of discretion" standard); *Benedict v. Hankook Tire Co.*, No. 3:17-cv-109, 2018 U.S. Dist. LEXIS 26129, at *4 (E.D. Va. Feb. 16, 2018) (granting a party's motion to strike in part); *FDIC v. Willetts*, 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012).

The policy purpose behind granting a Rule 12(f) motion to strike "is to avoid the waste of time and money that arises from litigating unnecessary issues." *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citations omitted).  First, it is appropriate for a court to grant a motion to strike if the allegations at issue (1) do not "fairly present[] a question of . . . fact that a court ought to hear," *Application of J. W. Schonfeld, Ltd.*, 460 F. Supp. 332, 335 (E.D. Va. 1978) (granting a motion to strike); (2) do not contain "questions of fact appear[ing] . .

3

. [to] be in need of final determination," *United States v. $37,281.00 in U.S. Currency*, No. 3:06-CV-370-DCK, 2007 WL 2710706, at *2 (W.D.N.C. Sept. 13, 2007); or (3) "clearly [have] no bona fide issue of fact," *Richardson v. Scotland Mem'l. Hosp.*, No. 3:96CV00159, 1996 U.S. Dist. LEXIS 13973, at *4 (M.D.N.C. 1996) (citation omitted); *see also NCUA v. First Union Capital Mkts. Corp.*, 189 F.R.D. 158, 162 (D. Md. 1999).

Second, it is proper for a court to grant a motion to strike if the immaterial allegations are unfairly prejudicial towards the moving party. *See Devine v. Pulte Home Corp.*, No. 1:15cv1361(JCC/JFA), 2015 WL 8055858, at *3 (E.D. Va. Dec. 4, 2015) (citing *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)); *see also Hooper v. BWXT Gov't Grp., Inc.*, No. 6:16-CV-00037, 2016 WL 6538000, at *5-6 (W.D. Va. Nov. 3, 2016) (granting a motion to strike in part to "prevent later prejudice and waste of time"). Further, district judges "are granted considerable discretion to determine motions to strike, especially if the allegations in the complaint will cause prejudice at a later date in the litigation." *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 241, 243 (D. Md. 2003) (citation omitted); *see also U.S. ex rel. Godfrey*, 2008 WL 9878351, at *3 ("The rule guards against prejudice to the defendant from having to respond to matters that are 'absolutely irrelevant' to plaintiff's claims." (citation omitted.)).

This Court should strike paragraphs 14-17 from the Amended Complaint for three reasons. First, the paragraphs in question allege facts about Plaintiff's employment before she even met Defendants, and thus are not related to Defendant's conduct in any way. Second, a trier-of-fact would not need to determine the truth or falsity of these allegations in adjudicating Plaintiff's claims of (1) Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or Forced Labor; (2) Forced Labor; (3) Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor; (4) Involuntary Servitude;

or (5) Breach of Contract.  Third, the allegations are prejudicial to Defendants, because they would invite a jury to make the improper inference that because Defendant Nouf bint Nayef Abul-Aziz al Saud's mother treated Plaintiff badly, that Defendants must have treated her in the same manner. Thus, Defendants respectfully request that the Court strike paragraphs 14, 15, 16, and 17 because they are prejudicial to Defendants and immaterial to the litigation under Rule 12(f).

### A.   Plaintiff's Allegations In Paragraphs 14-17 Describe Events That Happened Before She Met Defendants, And Contain No Allegations About Defendant's Conduct.

According to Plaintiff's Amended Complaint, Plaintiff traveled to Saudi Arabia in 2008. Am. Compl. ¶ 13.  The Amended Complaint then makes no mention of Defendants until paragraph 18 where Plaintiff claims, "[i]n 2011, Princess Maha's daughter, Defendant Mrs. Al Saud, came to visit her family in Saudi Arabia from the United States."  *Id.* ¶ 18.  The Amended Complaint does not make one single mention of Defendants during the time period between 2008—when Plaintiff first moved to Saudi Arabia—and 2011—when Plaintiff met Mrs. Nouf bint Nayef Abul-Aziz al Saud.  *See id.* ¶¶ 11-18.  Plaintiff's allegations make clear that she did not even meet Defendants until approximately *three years* after she moved to Saudi Arabia.  *See id.* ¶¶ 11, 18.

In other words, paragraphs 14-17 describe events and alleged treatment that occurred long before Defendants employed the Plaintiff.  Accordingly, the alleged treatment and events in paragraphs 14-17 cannot logically be attributed to Defendants.  And if the treatment cannot be attributed to Defendants, it cannot—or certainly should not—be included in a civil lawsuit filed *against* Defendants.  Thus, the allegations in paragraphs 14-17 are immaterial to this litigation, and the Court should exercise its discretion and strike them from the Amended Complaint.

**B.      The Determination Of The Alleged Facts in Paragraphs 14-17 Is Unnecessary To Adjudicate Plaintiff's Claims Against Defendants.**

Plaintiff filed this lawsuit against Nouf bint Nayef Abul-Aziz al Saud, and her husband, Mohammad bin Abdullah al Saud.  Notably, Plaintiff did *not* file this lawsuit against Princess Maha.  Thus, Princess Maha's alleged behavior, what kind of employer she was, and events that allegedly occurred while Plaintiff was employed by Princess Maha, have nothing do to with how Defendants treated Plaintiff while she was their employee.

Simply put, the allegations in paragraphs 14-17 are "immaterial" because they are "not relevant to the issues in the case."  *See U.S. ex rel. Godfrey*, 2008 WL 9878351, at \*3 (citing *Paul v. Gomez*, 190 F.R.D. 402, 403 (W.D. Va. 2000)).  To litigate *against* Defendants, Plaintiff must allege facts *about* Defendants' conduct.  However, the allegations in these paragraphs do not state facts concerning Plaintiff's five claims against Defendants.  Rather, the factual allegations only pertain to someone other than Defendants: Princess Maha.  Because the allegations in paragraphs 14-17 do not pertain to Defendants' conduct, and are not "relevant to the issues in the case," these claims are immaterial to this litigation.  *See id.*  As such, there can be no "questions of fact . . . in need of final determination" arising out of paragraphs 14-17.  *See $37,281.00 in U.S. Currency*, 2007 WL 2710706, at \*2.  Therefore, the Court should strike the four paragraphs at issue because they cannot possibly be "[]material" to this litigation.  *See* Fed. R. Civ. P. 12(f).

**C.      The Allegations In Paragraphs 14-17 Are Prejudicial Towards Defendants Because They Would Encourage A Jury To Make An Improper Inference Based On How Princess Maha Allegedly Treated Plaintiff.**

The allegations against Princess Maha are immaterial, and highly prejudicial to Defendants.  Plaintiff alleges that Princess Maha "enforced a system of rules meant to make [Plaintiff] and other staff members inferior," told Plaintiff that she would face public execution or other physical punishment if she lied or stole, shoved Plaintiff for wearing a crucifix, and

physically and verbally abused other employees.  *See* Am. Compl. ¶¶ 14-17.  These allegations should be struck because they would invite a jury to make the improper inference that, because Princess Maha treated Plaintiff badly, Defendants must have also treated Plaintiff badly, on no other basis besides the fact that Princess Maha and Defendants are related.  In this lawsuit against Defendants—and not Princess Maha—these allegations will only serve to unfairly "cause [Defendants] prejudice . . . in the litigation," and thus serve no permissible purpose at all.  *See Xerox Corp.*, 220 F.R.D. at 243.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court strike paragraphs 14-17 from the Amended Complaint, and award Defendants such other and further relief that the Court may deem appropriate.

Dated: July 6, 2018                                                    Respectfully submitted,

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA  22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hklaw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Nouf bint Nayef*
*Abul-Aziz al Saud and Mohammad bin*
*Abdullah al Saud*

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of July, 2018, a true copy of the foregoing was served via

courier to:

Nicholas Cooper Marritz,
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

/s/ John L. Brownlee
John L. Brownlee