# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br>v.<br>NOUF BINT NAYEF ABUL-AZIZ AL SAUD,<br>MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211-TSE-JFA |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Defendants have moved to strike four paragraphs, Paragraphs 14 through 17, of the Amended Complaint. Dkt. 28. The four paragraphs challenged by Defendants detail Ms. Tekle's background and experiences as a domestic worker for Princess Maha, Defendant Mrs. Al Saud's mother.

Defendants do not meet the high burden required to justify a striking these paragraphs, a drastic remedy that is rarely granted. Because these paragraphs are relevant to Ms. Tekle's claims and their continued inclusion in the Complaint poses no prejudice to the movants, the motion to strike must be denied.

## ARGUMENT

**I.    Striking A Pleading Is A Drastic Remedy That Is Rarely Available.**

Rule 12(f) permits the court to strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, Rule 12(f) motions are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Hooper v. BWXT Government Group*, Civ. A. No. 6:16-cv-00037, 2016 WL 6538000, at *2

1

(W.D. Va. Nov. 3, 2016) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)); *Virginia Innovation Sciences v. Samsung Electronics Co.*, 11 F. Supp. 3d 622, 630 (E.D. Va. 2014) (same); *Simaan v. BP Products N. Am.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (same). As a result, such motions are infrequently granted. *United States v. Clay*, Civ. A. No. 2:10-cv-264, 2011 WL 5101758, at *2 (E.D. Va. Oct. 25, 2011); 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1380, 647 (3d ed. 2002).

Courts place a "substantial burden on the moving party" to justify a motion to strike. *See Clay*, 2011 WL 5101758 at *2 (internal citations omitted).

First, as Defendants' own authority makes clear, a "motion to strike should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation." *Simaan*, 395 F. Supp. 2d at 278; *see also Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy"); *Meth v. Natus Med. Inc.*, No. 3:14-cv-173, 2014 WL 3544989, at *3 (E.D. Va. July 17, 2014); *U.S. ex rel. Godfrey v. Kellogg, Brown & Root*, No. 1:05-cv-1418(GBL), 2008 WL 9878351, at *3 (E.D. Va. March 13, 2008) (12(f) available where matters are "absolutely irrelevant"); *U.S. v. $37,281.00 in U.S. Currency*, Civ. A. No. 3:06-cv-370-DCK, 2007 WL 2710706, at *2 (W.D.N.C. Sept. 13, 2007) (12(f) available "when there is clearly no bona fide issue of fact or law"); *Cohen v. Chesterfield Cty. Sch. Bd.*, No. 678-70-R, 1971 WL 137, at *2 (E.D. Va. Jan. 19, 1971); 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1380, 647 (3d ed. 2002) (movant must show the challenged allegations are "so unrelated to Plaintiffs' claims as to be unworthy of any consideration").

Second, the movant must show that the presence of the allegations in the pleading will be prejudicial. *Hooper*, 2016 WL 6538000 at *2 (even if a motion to strike is "technically appropriate and well-founded," such motions are often "denied in absence of demonstrated prejudice to the moving party"); *Mitchell v. First Cent. Bank,* Civ. A. No. 2:08CV6, 2008 WL 4145449, at *2 (N.D. W.Va. Sept. 8, 2008) (same); *Simaan*, 395 F. Supp. 2d at 278 (movant must show prejudice); *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001); 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1380, 647 (3d ed. 2002).

## II. Defendants Have Failed To Meet Their Substantial Burden.

Defendants have not met their substantial burden here. Ms. Tekle's allegations are far from "immaterial." The challenged paragraphs are plainly relevant and are not prejudicial.

### A. Paragraphs 14 through 17 concern Ms. Tekle's background and experience.

Paragraphs 14 through 17 detail Ms. Tekle's first work experience as a maid in Saudi Arabia for Defendant's mother. She was taught that she should know her place; she witnessed televised executions and physical punishments; she was told she could suffer a similar fate if she lied or stole; she witnessed the physical abuse of employees, including her aunt; and she was abused herself. Am. Compl., Dkt. 28, ¶¶ 14–17. These paragraphs provide background and support for the paragraphs in the Amended Complaint that detail Ms. Tekle's fear for her aunt's safety and her fear of filing a civil suit, *Id*. ¶¶ 56, 59, as well as for Ms. Tekle's claim under 18 U.S.C. § 1589, *Id*. ¶ 76.

### B. Paragraphs 14 through 17 are relevant to Ms. Tekle's claims.

Defendants are mistaken when they argue, Dkt. 35 at 3-7, that the allegations related to Ms. Tekle's experience working for Princess Maha are not relevant. These four paragraphs are relevant both to Ms. Tekle's argument that her complaint was timely filed and to Ms. Tekle's claim under 18 U.S.C. § 1589.

In response to Defendants' initial motion to dismiss, Ms. Tekle amended her complaint specifically to incorporate additional factual allegations to support her argument that Defendants used threats and intimidation tactics to obstruct her from filing suit. These allegations include Paragraphs 14 through 17, as well as Paragraphs 56 through 58 (which Defendants do not seek to strike). Ms. Tekle alleges that Defendants acted both directly and indirectly through Ms. Gebreyesus, a friend of Ms. Tekle's family who had recruited Ms. Tekle to work for Princess Maha, to deter Ms. Tekle from filing suit, causing Ms. Tekle to fear for her own and Ms. Gebreyesus's safety. Am. Compl., Dkt. 28, ¶¶ 56, 59.

As detailed in Plaintiff's concurrently-filed Memorandum in Opposition to Defendants' Motion to Dismiss, resolution of Defendants' statute-of-limitations defense will turn on several factual issues, including whether Ms. Tekle's reactions to the Defendants' conduct were objectively reasonable. A review of Defendants' own Memorandum in support of their motion to dismiss demonstrates that the challenged paragraphs are relevant to this question. Defendants repeatedly argue that Ms. Tekle's fears are "unreasonable." Defs' Mem. in Supp. of Mot. To Dismiss, Dkt. 32, at 7. But it is the facts contained in the challenged paragraphs that will enable a jury to conclude that Ms. Tekle's fears are not only reasonable, but well-founded. For example, the challenged paragraphs describe how Ms. Tekle herself had been abused by Princess Maha. Am. Compl., Dkt. 28, ¶¶ 14–17. This history of abuse is directly relevant to Ms. Tekle's argument that her fear for Ms. Gebreyesus's safety was objectively reasonable.

In addition, the challenged paragraphs are relevant to Ms. Tekle's TVPRA claims. To prove a claim under Section 1589, a plaintiff must show that their labor was obtained by threat of serious harm; abuse or threatened abuse of the law or legal process; or a scheme, plan, or pattern intended to cause a person to believe she or another person would suffer serious harm. 18 U.S.C

§ 1589. The statute provides that serious harm is to be evaluated "under all the surrounding circumstances" and, in particular, from the perspective of "a reasonable person of the same background and in the same circumstances" as the plaintiff. 18 U.S.C. § 1589(c)(2). The Conference Report accompanying the enactment of the statute explains that "[t]he term 'serious harm' as used in this Act refers to a broad array of harms, including both physical and nonphysical, and Section 1589's terms and provisions are intended to be construed with respect to the individual circumstances of victims," including a victim's background. H.R. Rep. No. 106-939, at 101 (2000) (Conf. Rep.). Serious harm includes, by statute, psychological, financial, or reputational harm. 18 U.S.C. § 1589.

The allegations describing Ms. Tekle's background and circumstances working for Mrs. Al Saud's mother are relevant to Ms. Tekle's pre-existing psychological state, her understanding of her place in the household, and her understanding of the consequences for any failure to follow orders. Moreover, the allegations are relevant to her assessment of potential harm to herself or her aunt for failure to remain in the Defendants' employ. These facts will be relevant to a jury, which must evaluate, as the statute specifically instructs, whether the threatened harm "is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services." 18 U.S.C. § 1589(c)(2). Ms. Tekle has alleged that Defendants were aware of Princess Maha's abusive treatment of her domestic employees. Am. Compl., Dkt. 28, ¶ 63. Ms. Tekle further alleged that "[b]ecause of the abuse she had suffered at the hands of Princess Maha in Saudi Arabia, Ms. Tekle was highly vulnerable to Defendants' threats" and that "Defendants exploited her vulnerability." *Id*. ¶ 76. Defendants did not challenge Paragraphs 63

5

or 76. Ms. Tekle's claim under § 1589 plainly rests on these allegations, which in turn rely on the background facts alleged in Paragraphs 14 through 17.

Courts considering trafficking cases in this jurisdiction have relied upon such background information. The Report & Recommendation by the Magistrate in *Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445, 451–52 (E.D. Va. 2015), for example, cited the complaint's allegations about the abusive treatment the plaintiff suffered in Qatar at the hands of one defendant's mother and sister in its findings of fact relevant to the trafficking claims. The district court relied upon allegations that, prior the plaintiff's arrival in the United States, the plaintiff "was not permitted to speak with other domestic servants she encountered, was not allowed to sit down during the work day, and at one point in time, was physically forced into a goat pen while threatened by [one defendant's] mother." *Id*.

Defendants' assumption that the allegations in the Complaint must be about the Defendants to be relevant is mistaken. Courts have repeatedly recognized that background information is important and relevant, and have declined to strike it. *E.g., Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (overturning decision to strike material that allegedly impugned a judge because material provided "important context and background": "Although this portion of Stanbury's lawsuit was summarily dismissed for lack of jurisdiction—and properly so in our view—that fact does not vitiate the relevance of information included in Stanbury's complaint and memorandum which was designed to advance it. Therefore, Stanbury's submissions to the court were not irrelevant, and the district court abused its discretion when it found them to be so."); *Hooper*, 2016 WL 6538000 at *5 (declining to strike background information about plaintiff's past employment as "relevant context"); *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 67–68 (E.D.N.Y. 2011) ("even

assuming that a portion of the background material is irrelevant or immaterial, allegations that supply background or historical material or other matter of an evidentiary nature normally will not be stricken from the pleadings unless they are unduly prejudicial to the defendant") (internal quotation omitted).

Indeed "the mere fact that certain assertions in a complaint do not give rise to liability does not mean that they are irrelevant, nor does it require this Court to strike them." *Hooper*, 2016 WL 6538000 at *5; *see also Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.*, Civ. No. JFM-13-40, 2016 WL 632025, at *10 (D. Md. Feb. 17, 2016) ("factual allegations are thus related to the suit, even if they do not independently establish a theory of recovery"). Defendants cite no authority suggesting that background information about a plaintiff's background and circumstances may be struck under Rule 12(f). Here, where the challenged paragraphs are directly relevant to Ms. Tekle's claims, a Rule 12(f) motion is particularly inappropriate.

### C. Paragraphs 14 through 17 are not prejudicial.

Paragraphs 14 through 17 of the Amended Complaint are not prejudicial. Defendants' argument to the contrary has no merit.

Defendants argue that these allegations "invite a jury to make the improper inference that, because Princess Maha treated Plaintiff badly, Defendants must have also treated Plaintiff badly." Defs' Mot. to Strike 7. But concern for improper jury consideration is no reason to strike allegations from a document jurors do not typically see. "Defendants' argument of prejudice, i.e., poisoning of the jury pool, is not compelling as the complaint as a matter of course is not submitted to the jury." *Rosendall v. Voight*, Civ. A. No. 4:17-cv-0821-BHH-TER, 2017 WL 9674476, at *4 (D.S.C. Sept. 11, 2017); *see also National Council of Young Israel v. Wolf*, 963 F.Supp. 276, 282 (S.D.N.Y. 1997) ("Inasmuch as the Court does not submit pleadings

7

to the jury in civil cases, it is difficult to see how a defendant is prejudiced by the presence in the complaint of [such] material.").

Moreover, any concern about an improper inference can be easily addressed by the traditional tools available to the court, including a limiting instruction, rather than through the drastic remedy of striking the pleadings. *E.g.*, *United States v. Powers*, 59 F.3d 1460, 1467–68 (4th Cir. 1995) ("[a]s to prejudicial effect, we note that cautionary or limiting instructions generally obviate any such prejudice"); *United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991) (any possible undue prejudice cured by limiting instruction).

## CONCLUSION

For the above reasons, the motion to strike should be denied.

Dated: July 20, 2018

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street NW #104B
Washington, DC 20005
(202)-716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

## **CERTIFICATE OF SERVICE**

I certify that on July 20, 2018, I uploaded the foregoing document to the Court's CM/ECF system, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org