IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIMRET SEMERE TEKLE | ) |
| *Plaintiff*, | ) |
| v. | ) Case No.: 1:18-cv-00211-TSE-JFA |
| NOUF BINT NAYEF ABUL-AZIZ AL SAUD and MOHAMMAD BIN ABDULLAH AL SAUD | ) |
| *Defendants*. | ) |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE

Defendants have met the requisite burden needed for this Court to strike paragraphs 14, 15, 16, and 17 from Plaintiff's First Amended Complaint ("Amended Complaint") (Dkt. 28). The material in paragraphs 14 through 17 remain immaterial to the litigation under any legitimate theory, and prejudicial towards Defendants. Thus, Defendants respectfully request this Court to strike paragraphs 14 through 17 of Plaintiff's Amended Complaint.

### I. ARGUMENT

**A. The Material In Paragraphs 14 Through 17 Remains Immaterial To The Litigation Against Defendants For Any Legitimate Purpose.**

Plaintiff continues to ask this Court to keep material in an Amended Complaint that has no bearing on the allegations against Defendants. Plaintiff contends in the Memorandum in Opposition to Defendants' Motion to Strike (Dkt. 40) that the allegations in paragraphs 14 through 17 are material regarding (1) whether she timely filed the breach of contract claim within the statute

of limitations,[1] and (2) a substantive allegation against Defendants under 18 U.S.C. § 1589. Defendants have several responses.

First, Plaintiff relies on an invidious stereotype. The only way that the information in paragraphs 14 through 17 can be relevant to the substantive claim under 18 U.S.C. § 1589 as "background" is if the Court condones Plaintiff's reliance on an argument dependent on broad over-generalizations about a culture. *See* Pls.' Mem. Opp'n Defs.' Mot. Strike 3-4, ECF No. 40. In other words, these claims are only relevant if the Court allows Plaintiff to advance to the jury the idea that because a member of a certain ethnic group or nationality treated her employees badly, that other members of that same ethnic group or nationality *must* have done the exact same thing. Such an assumption is shameful, offensive, and an inappropriate generalization. Just because Plaintiff was allegedly treated badly by one Saudi Arabian person should not give any reason to believe that she would be treated the same way by all Saudi Arabian people. It is utterly inappropriate that Plaintiff's theory of relevance is to inject another person's actions into an assessment of the Defendants before this Court, just because they share the same ethnicity and nationality.

Second, Plaintiff brought the claim under 18 U.S.C. § 1589 against Defendants, not Princess Maha. In order to win on this particular substantive claim, she must prove that *Defendants*—not Princess Maha—forced her labor through means including threats of serious harm, threats of force, physical restraint, or threats that they would harm another person, for example. *See* 18 U.S.C. § 1589 (2012). As Plaintiff states, background information can be

---

[1] Currently pending before the Court is Defendants' Motion to Dismiss, which demonstrates that, even considering the allegations made in paragraphs 14 through 17, the breach of contract count should be dismissed. Assuming the Court grants that motion, the statute of limitations issue will be resolved, and this portion of Plaintiff's argument will no longer be viable.

2

pertinent under 18 U.S.C. § 1589, which is precisely why Defendants did not move to strike all background information from the Amended Complaint. For example, paragraphs 10, 11, 12, and 13 describe Plaintiff's life before she came to the United States, her relationship with Ms. Gebreyesus, and how she came to work for Princess Maha through Ms. Gebreyesus in 2008. *See* Am. Compl. ¶¶ 10-13, ECF 28. Then—if the Court strikes paragraphs 14 through 17—Plaintiff's story picks right back up at paragraph 18, which describes how Plaintiff met Defendant Princess Nouf bint Nayef Abul-Aziz al Saud in 2011. *See id.* ¶ 18.

Further, Plaintiff seems to question why Defendants did not move to strike paragraphs 56, 57, and 58 from the Amended Complaint. *See* Pls.' Mem. Opp'n Defs.' Mot. Strike 4, ECF No. 40. Plaintiff also seems to misunderstand Defendants' point. The crux of Defendants' argument in their initial motion was that paragraphs 14 through 17 are inappropriate material in the Amended Complaint because they solely contain allegations and information about Plaintiff's life *before* she even met Defendants. *See* Am. Compl. ¶¶ 14-17, ECF 28. However, paragraphs 56 through 58 are different. They specifically allege facts about events that occurred *after* she met, and worked for, Defendants in the United States. *See id.* ¶¶ 56-58. Further, paragraphs 56 through 58 at the very least *mention* Ms. Gebreyesus, while paragraphs 14 through 17 do not. *See id.* ¶¶ 14-17, 56-58. While Defendants adamantly maintain that the allegations in paragraphs 56 through 58 are false, Defendants recognize that the allegations are relevant in the pleadings stage because the involve allegations *about* the Defendants. Ultimately, because paragraphs 14 through 17 only allege facts about Princess Maha, who is not a named party in this litigation, these allegations remain immaterial to the litigation.[2]

---

[2] Having reflected on Plaintiff's argument, it appears that she is correct to the extent that there is an inconsistency in Defendants not having moved to strike the last two sentences of paragraph 56.

Third, Plaintiff misstates her own Amended Complaint. Plaintiff claims that she amended her initial Complaint by adding paragraphs 14 through 17 "specifically to incorporate additional factual allegations to support her argument that Defendants" obstructed her from filing the lawsuit in a timely manner. Pls.' Mem. Opp'n Defs.' Mot. Strike 4, ECF No. 40. Plaintiff claims that these allegations include that "she witnessed the physical abuse of employees, *including her aunt*." *Id.* at 3 (emphasis added). This is false. Paragraphs 14 through 17 do not mention Ms. Gebreyesus, or her "aunt." *See* Am. Compl. ¶¶ 14-17, ECF 28. Only paragraph 17 of the Amended Complaint vaguely states that Plaintiff "witnessed *another employee* being physically abused . . . [and] Princess Maha throw a glass at a *domestic worker*." *Id.* ¶ 17 (emphasis added).

Finally, Plaintiff confuses a question of fact with a question of law. While discussing whether the information in paragraphs 14 through 17 are relevant to the statute of limitations issue, Plaintiff states that "it is the facts contained in the challenged paragraphs that will *enable a jury* to conclude that [Plaintiff's] fears are not only reasonable, but well-founded." Pls.' Mem. Opp'n Defs.' Mot. Strike 4, ECF No. 40. This is undoubtedly a strange assertion, because whether Plaintiff has filed her breach of contract claim within the statute of limitations is a question of law that this Court will resolve—not one that a jury will decide. *See Job v. Simply Wireless, Inc.*, No. 1:15-cv-676, 2016 WL 8229037, at *1 (E.D. Va. Jan. 19, 2016) (addressing Virginia's statute of limitations on a written contract as a "question of law"); *Wash. Park Lead Comm., Inc. v. EPA*, No. 2:98CV421, 1999 WL 33518140, at *8 (E.D. Va. July 12, 1999) ("[T]he Court recognizes that the question on the statute of limitations is a controlling question of law.").

---

Should the Court be inclined to grant this Motion, Defendants respectfully request that the relief be expanded, for the sake of consistency, to include the striking of these two additional sentences.

### B. Paragraphs 14 Through 17 Are Prejudicial Towards Defendants.

The allegations in paragraphs 14 through 17 are not only irrelevant to Plaintiff's claims against Defendants for any legitimate purpose, but also highly prejudicial. As argued above, the only possible "relevance" of the information in paragraphs 14 through 17 would be to encourage the jurors to indulge in improper stereotyping on the basis of a shared ethnic and cultural background. As such, continued inclusion of such material in the Amended Complaint is inherently prejudicial.

Further, Plaintiff as much as concedes that the material is prejudicial by seeking to soothe the Court with the *non sequitur* that the Amended Complaint is "a document jurors do not typically see." Pls.' Mem. Opp'n Defs.' Mot. Strike 7, ECF No. 40. This begs the question: if the allegations are not prejudicial, why should the Court take comfort from the fact that the jury will not see them? The question answers itself. Plainly, the allegations of abuse of Ms. Tekle by Saudi Arabians other than Defendants would be a source of enormous prejudice to Defendants.[3]

## II. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court strike paragraphs 14 through 17 from the Amended Complaint, and award Defendants such other and further relief that the Court may deem appropriate.

Dated: July 26, 2018                                          Respectfully submitted,

---

[3] Plaintiff misconstrues Defendants' argument by citing cases for the obvious proposition that the Amended Complaint is unlikely to be submitted for consideration by the jury should this case go to trial. *See* Pls.' Mem. Opp'n Defs.' Mot. Strike 7-8, ECF No. 40. The important fact is that the allegations that the Court permits to remain in the Amended Complaint will provide the touchstone for what matters are appropriately subject to discovery. Plaintiff should not be accorded a blank check by the Court to explore in discovery her interactions with other Saudi Arabian employers for the multiple years *prior* to when she met Defendants, or, for that matter, all the unfavorable depictions of Saudi Arabians to which she may have been exposed on television throughout her life.

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA  22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hklaw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Nouf bint Nayef Abul-Aziz al Saud and Mohammad bin Abdullah al Saud*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of July, 2018, a true copy of the foregoing was served via electronic case filing to:

Nicholas Cooper Marritz
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

/s/ John L. Brownlee
John L. Brownlee