UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>       *Plaintiff*,<br>  v.<br><br>NOUF BINT NAYEF ABUL-AZIZ AL SAUD,<br>MOHAMMAD BIN ABDULLAH AL SAUD<br><br>       *Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS'
<u>MOTION TO DISMISS</u>**

Plaintiff Simret Semere Tekle respectfully requests leave to file a short sur-reply to Defendants' Motion to Dismiss Count Five of the First Amended Complaint, Dkt. 31. The purpose of the sur-reply is to correct factual misstatements in Defendants' reply memorandum regarding a document that is not before this Court. Ms. Tekle has attached the document to her sur-reply to dispel any confusion caused by Defendants' misstatements. Plaintiffs' counsel provided a copy of this motion and the proposed sur-reply to Defense counsel, and counsel met and conferred on its filing. Defense counsel oppose this motion.

In their opening memorandum in support of their motion to dismiss, Defendants claimed that Ms. Tekle could not receive the benefit of equitable tolling beyond January 2013. To support that argument, Defendants misrepresented that "Plaintiff *filed a complaint* with the United States Department of Homeland Security ('DHS')" in January 2013 and that DHS opened an investigation in January 2013 "*based on Plaintiff's report*." Defs' Mem. in Supp. of Mot. to Dismiss 9-10, Dkt. 32 (emphases added). Defendants improperly referred to a document not before the Court and not even cited in, much less incorporated into, Ms. Tekle's complaint: "Plaintiff's [Department of Homeland Security] Form I-914." *Id.* at 10.

1

In response, Ms. Tekle pointed out that Defendants' attempt to rely on evidence outside of the complaint to rebut an allegation in the complaint is plainly improper on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).  *See* Pltf's Mem. In Opp. To Defts' Mot. To Dismiss 21, Dkt. 39.  Ms. Tekle therefore confined her response to pointing out that she had alleged in her complaint that "she did not even meet with federal law enforcement officials to report the Defendants' crimes until April 2013."  *Id.*  Because she had not contacted law enforcement until April 2013, only that date—not January 2013—was relevant to her request for equitable tolling.  And Defendants' view that their interpretation of documentary evidence not in the record contradicts Ms. Tekle's allegation regarding the April 2013 date is utterly irrelevant at this stage.  This is basic black-letter law, as Defendants know.  That should have ended the matter.

However, in their reply memorandum, Defendants persisted in their improper attempt to contradict the complaint's allegations with their interpretation of this extra-record document.  Defendants asserted that the document "clearly states" that "the alleged conduct" in Ms. Tekle's complaint "was first reported to the authorities" on January 14, 2013.  Defs' Reply Mem. in Supp. of Mot. to Dismiss 10-11, Dkt. 41.  What is more, Defendants claimed that Ms. Tekle had somehow "rel[ied] on the document as proof that the [April 2013] interview occurred" in her submissions to this Court, further claiming that Ms. Tekle's counsel had furnished the document to Defendants' counsel as "proof that this [April 2013] interview took place." *Id.* at 10-11.  Defendants thus told this Court that Ms. Tekle and her counsel had relied on this document to establish April 2013 as the date of her interview with law enforcement, but had "concealed from the Court" that January 2013 was the date Ms. Tekle first reported Defendants' conduct to law enforcement.  *Id*. at 10.

Each of those statements by Defendants' is false, and two are new to Defendants' reply memorandum.  *First*, the document never states that it was the conduct alleged in *Ms. Tekle*'s

complaint—presumably based on a communication from Ms. Tekle—that initiated the investigation in January 2013. Instead, as, Ms. Tekle alleged in her complaint, she did not contact federal law enforcement until April 2013—which Ms. Tekle will prove at the procedurally appropriate time using evidence, including documentary evidence from the federal government.

*Second*, Defendants' new claim that Ms. Tekle had somehow "relied on" this document as "proof" that she was interviewed in April 2013 is, as Defendants know, plainly false. The document—a "Declaration of Law Enforcement Officer for Victim of Trafficking in Persons"—contains a sworn statement from two law enforcement agents certifying Ms. Tekle as "a victim of severe form of trafficking" based on their "investigation of the facts." *See* Declaration of Richard F. Levy, Ex. A. But the document *does not even refer* to the date of the April 2013 interview. Ms. Tekle did not cite, mention, or attach the document in any of her submissions to this Court. And when Ms. Tekle provided the document to Defendants' counsel, she did not do so as "proof that [the April 2013] interview took place." *Id.* at 10-11. Instead, the document was provided to inform defense counsel that two federal law enforcement officials had certified under penalty of perjury, based on their own two-year investigation of the facts, that Ms. Tekle was a victim of a severe form of human trafficking at the hands of Defendants.

*Third*, Defendants' claim that Ms. Tekle was attempting to "conceal" the January date from this Court is untrue. As just explained, because she had not contacted law enforcement until April 2013, only that date—not January 2013—was relevant to her request for equitable tolling. In any event, Ms. Tekle has never relied on the document the Defendants cite for the date of the law enforcement interview, and was under no obligation at this stage to attach it to her complaint or any other submission to this Court.

Although sur-replies are generally disfavored, "[a] court has the discretion to allow a sur-reply where a party brings forth new material or deploys new arguments in a reply brief." *Dillard v. Kolongo*, No. 1:16-cv-1060 (TSE/JFA), 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). Here, Ms. Tekle seeks to submit a sur-reply to clarify the issues noted above and to provide to this Court the document in question—which is attached to Ms. Tekle's proposed sur-reply—in light of 1) Defendants' repeated, procedurally improper, and misleading reliance on their interpretation of a document outside the complaint, and 2) their new claims that Ms. Tekle somehow "rel[ied]" on that document in her submissions to this Court, or "concealed" facts from this Court. Defs' Reply Mem. in Supp. of Mot. to Dismiss 10-11, Dkt. 41. This sur-reply is particularly warranted given that Defendants remarkably ask the Court to *grant their motion* based on their own misrepresentations of the contents of the Supplement B.

For all of these reasons, the Court should grant Ms. Tekle leave to file a short sur-reply. Ms. Tekle's proposed sur-reply is appended to this motion.

Dated: August 27, 2018

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

## **CERTIFICATE OF SERVICE**

I certify that I uploaded the foregoing document to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

| | |
|---|---|
| /s/ Nicholas Cooper Marritz | August 27, 2018 |

Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

6