UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>        *Plaintiff*,<br>   v.<br><br>NOUF BINT NAYEF ABUL-AZIZ AL SAUD,<br>MOHAMMAD BIN ABDULLAH AL SAUD<br><br>        *Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF'S PROPOSED SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS**

Ms. Tekle submits this sur-reply to correct factual misstatements in Defendants' reply memorandum regarding a document that is not before this Court. Though it remains Ms. Tekle's position that the Court should not consider that document—or Defendants' misstatements regarding its contents—on a motion to dismiss, *see infra*, Ms. Tekle has attached the document to this sur-reply, out of an abundance of caution, to clarify the contents of that document for the Court in the event it does consider Defendants' arguments based on that document. *See* Declaration of Richard F. Levy, Ex. A.

In their opening memorandum in support of their motion to dismiss, Defendants claimed that Ms. Tekle could not receive the benefit of equitable tolling beyond January 2013. To support that argument, Defendants misrepresented that "Plaintiff *filed a complaint* with the United States Department of Homeland Security ('DHS')" in January 2013 and that DHS opened an investigation in January 2013 "*based on Plaintiff's report*." Defs' Mem. in Supp. of Mot. to Dismiss 9-10, Dkt. 32 (emphases added). In support of those claims, Defendants improperly referred to a document not before the Court and not even cited in, much less incorporated into, Ms. Tekle's complaint: "Plaintiff's [Department of Homeland Security] Form I-914." *Id.* at 10.

1

Though not disclosed in Defendants' memorandum, that form is a law enforcement certification, or "Supplement B," to Ms. Tekle's application for a T-visa. *See* Declaration of Richard F. Levy, Ex. A.

In response, Ms. Tekle pointed out that Defendants' attempt to rely on evidence outside of the complaint to rebut an allegation in the complaint is plainly improper on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *See* Pltf's Mem. In Opp. To Defts' Mot. To Dismiss 21, Dkt. 39. Ms. Tekle therefore confined her response to pointing out that she had alleged in her complaint that "she did not even meet with federal law enforcement officials to report the Defendants' crimes until April 2013." *Id.* Because she had not contacted law enforcement until April 2013, only that date—not January 2013—was relevant to her request for equitable tolling. Ms. Tekle's allegation regarding her first meeting with law enforcement, contained in paragraph 59 of her amended complaint, must be credited in the procedural posture that Defendants chose when they filed their motion to dismiss. Defendants' view that their interpretation of documentary evidence not in the record contradicts that allegation is utterly irrelevant at this stage. This is basic black-letter law, as Defendants know. That should have ended the matter.

However, in their reply memorandum, Defendants persisted in their improper attempt to contradict the amended complaint's allegations with their interpretation of Ms. Tekle's Supplement B. Again, Defendants referred to the document, asserting that in their view it "clearly states" that "the alleged conduct" in Ms. Tekle's complaint "was first reported to the authorities" on January 14, 2013. Defs' Reply Mem. in Supp. of Mot. to Dismiss 10-11, Dkt. 41. What is more, Defendants claimed that Ms. Tekle had somehow "rel[ied] on the document as proof that the [April 2013] interview occurred" in her submissions to this Court, further claiming that Ms.

Tekle's counsel had furnished the document to Defendants' counsel as "proof that this [April 2013] interview took place." *Id.* at 10-11. Defendants thus told this Court that Ms. Tekle and her counsel had relied on this document to establish April 2013 as the date of her interview with law enforcement, but had "concealed from the Court" that January 2013 was the date Ms. Tekle first reported Defendants' conduct to law enforcement. *Id*. at 10.

Each of those statements by Defendants' is false. *First*, Defendants' statement that it was the conduct alleged in *Ms. Tekle*'s complaint—presumably based on a communication from Ms. Tekle—that initiated the investigation in January 2013 is unsupported by the Supplement B and, to Ms. Tekle's counsel's knowledge, false. The Supplement B is a "Declaration of Law Enforcement Officer for Victim of Trafficking in Persons."[1] In April 2015, two federal law enforcement agents submitted this document in support of Ms. Tekle's T-visa application for immigration relief as a victim of trafficking. Both of those federal law enforcement agents swore to the following statement, certifying Ms. Tekle as a victim of human trafficking based on their investigation of the facts:

> Based upon the investigation of the facts, I certify, under penalty of perjury, that the above noted individual is or has been a victim of severe form of trafficking in persons as defined by the VTVPA.

---

[1] As Ms. Tekle has argued from the outset, the Court should disregard the document—and Defendants' misrepresentations of that document—entirely at the motion to dismiss stage. But if it elects to consider the document, the Court could do so without converting Defendants' motion to dismiss into a motion for summary judgment. Ordinarily, courts may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). The rationale for that rule—notice to the plaintiffs—plainly applies here, given that Ms. Tekle seeks to submit the document solely to correct Defendants' misrepresentations regarding a document they relied heavily on, but did *not* attach to, their motion to dismiss.

3

Declaration of Richard F. Levy, Ex. A.  Those same law enforcement officers certified under penalty of perjury that "[Ms.] Tekle was victimized through the commission of violations of 18 USC 1546, Visa Fraud and 18 USC 1589, Forced Labor when she was trafficked into the US." *Id.*

The portion of the document that Defendants have seized upon states that the relevant "investigation or prosecution was initiated" on January 14, 2013.  *Id.*  But as Defendants know, the document does *not* say that the investigation or prosecution began in response to any communication from Ms. Tekle.  Instead, as, Ms. Tekle alleged in her complaint, she did not contact federal law enforcement until April 2013.  Ms. Tekle has evidence, including documentary evidence from the federal government, supporting her allegation that she did not contact federal law enforcement until April 2013, which she will provide at the procedurally appropriate stage of this case.  As for the document's listed date of January 2013, Ms. Tekle has reason to believe that DHS opened an extensive, umbrella investigation involving multiple human trafficking allegations against Saudi diplomats and nationals based in the United States in January 2013 dubbed "Operation Palm Tree."  Ms. Tekle's counsel also has reason to believe that the purview of that umbrella investigation covered the allegations that Ms. Tekle brought forward three months later, in April 2013.  For that reason, the January 2013 date is irrelevant to Ms. Tekle's claims.  Only the date that *Ms. Tekle* contacted law enforcement, not the date when the umbrella human-trafficking investigation of Saudi nationals began, is relevant to the period of tolling that applies to Ms. Tekle's breach of contract claim.  *See See* Pltf's Mem. In Opp. To Defts' Mot. To Dismiss 21, Dkt. 39.  Defendants do not dispute that the date of Ms. Tekle's first contact to law enforcement is what matters in their reply memorandum; they simply misrepresent when that first contact occurred.

*Second*, Defendants' new claim that Ms. Tekle had somehow "relied on" this document as "proof" that she was interviewed in April 2013 is, as Defendants know, plainly false. The document itself *does not even refer to* the date of the April 2013 interview. Ms. Tekle did not cite, mention, or attach the document in any of her submissions to this Court. And when Ms. Tekle provided the document to Defendants' counsel, she did not do so as "proof that [the April 2013] interview took place." Dkt. 41 at 10-11. That is obvious from the fact that the document does not mention the date of the interview Ms. Tekle did with federal law enforcement. Instead, as defense counsel knows from the lengthy letter from Ms.Tekle's counsel to which the document was attached, the document was provided to inform defense counsel that two federal law enforcement officials had certified under penalty of perjury, based on their own two-year investigation of the facts, that Ms. Tekle was a victim of a severe form of human trafficking at the hands of Defendants. Ms. Tekle is fully prepared to provide copies of counsels' contemporaneous communications, which unequivocally establish the foregoing, should Defendants continue to mischaracterize those communications.

Finally, Defendants claim that by seeking to enforce the elementary principle that defendants may not, at the motion to dismiss stage, rely on materials extraneous to the complaint, Ms. Tekle was in fact attempting to "conceal" the January date from this Court. But as just explained, that date is not relevant to Ms. Tekle's claim. In any event, Ms. Tekle has never relied on the document the Defendants cite for the date of the law enforcement interview, and was under no obligation at this stage to attach it to her complaint or any other submission to this Court.

As set forth in her Amended Complaint, Defendants obstructed Ms. Tekle from filing her claim for breach of contract until at least April 2013, when Ms. Tekle first contacted federal law enforcement. *See* Va. Code § 8.01-229(D). For that reason, and for the reasons set forth in Ms.

Tekle's memorandum in opposition, Dkt. 39, the Court should deny Defendants' motion to dismiss.

Dated: August 27, 2018

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202)-716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

**CERTIFICATE OF SERVICE**

I certify that I uploaded the foregoing document to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

/s/ Nicholas Cooper Marritz                                         August 27, 2018
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org