**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| SIMRET SEMERE TEKLE | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.:      1:18-cv-00211 |
| | ) | |
| NOUF BINT NAYEF ABUL-AZIZ AL SAUD and | ) | |
| MOHAMMAD BIN ABDULLAH AL SAUD | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS**

Defendants Nouf bint Nayef Abul-Aziz al Saud and Mohammad bin Abdullah al Saud ("Defendants"), by and through undersigned counsel, hereby submit this memorandum in opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Motion to Dismiss (ECF 44).

Eastern District of Virginia Local Civil Rule 7(E) requires movant's counsel "to meet and confer . . . with his or her opposing counsel in a good-faith effort to narrow the area of disagreement."   Prior to filing their motion for leave to file a sur-reply, Plaintiff's counsel *did* meet and confer with defense counsel.  On their part, defense counsel did engage "in a good-faith effort to narrow the area of disagreement."  In fact, defense counsel agreed to the *exact remedy* that was the subject of Plaintiff's proposed sur-reply.  Nevertheless, Plaintiff's counsel, for reasons as to which the Court may want to inquire, filed their motion anyway.  Defense counsel remain opposed to the filing of the sur-reply, for the simple reason that the underlying issue is not in dispute.

**ARGUMENT**

In opposition to Defendants' motion to dismiss, Plaintiff argued that the statute of limitations should be equitably tolled because Plaintiff had been subjected to (unspecified and non-existent) threats by the Defendants. Defendants pointed out that, even if Plaintiff's newly-minted allegations of threats were accepted as truthful, she could hardly claim to have been intimidated out of bringing her lawsuit because she had reported her claims, years ago, to law enforcement, in order to secure a visa (fraudulently) to remain in the country.

Defendants argued that Plaintiff's own documents revealed that Plaintiff reported these claims over five years before bringing the instant lawsuit, meaning that even under the most charitable construction of the statute of limitations, her claim was untimely. Plaintiff's proposed sur-reply advances an interpretation of one of her documents that arguably supports her claim that she did not report her misconduct until three months later—still four years and ten months before she filed her lawsuit.

Defendants' larger point still holds—by her own actions, Plaintiff has demonstrated that she was not cowed into fearfulness in reporting her claims. When it suited her purposes, *i.e.* when necessary to address her problematic immigration status, she was perfectly willing to advance these (untruthful) claims. Plaintiff's counsel suggest nothing that happened in the relevant intervening three months that suddenly liberated her to make her report.

However, based on the new interpretation of the document advanced in Plaintiff's proposed sur-reply, Defense counsel accepts that there is now a factual issue as to when Plaintiff made her first report to law enforcement. Defense counsel recognized this during the "meet and confer" session and offered to advise the Court that the defense was withdrawing that aspect of its argument. *See* Exhibit A (E-mail from Stuart Nash to Agnieszka Fryszman, August 27, 2018).

Why did Plaintiff's counsel feel the need to file their motion for leave to file a sur-reply after the "area of disagreement" with respect to the motion had been reduced to zero? Was it the opportunity to put an inadmissible document before the Court that purports to support their client's case? Was it to drive up the cost of the defense by requiring a response to an issue that had already been conceded? The Court may be interested in pressing Plaintiff's counsel to determine why the resources of the judicial system are being utilized on issues that are not in dispute.

As to the motion for leave to file a sur-reply, we note that sur-replies are generally disfavored, and are certainly not permitted where, as here, no new arguments are raised in the previous reply. *See Dillard v. Kolongo*, 2017 WL 2312988, at \*6 (E.D. Va. May 25, 2017) ("Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply."); *United States v. Falice*, No., 2006 WL 2488391, at \*7 (M.D.N.C. Aug. 25, 2006) ("[N]o new arguments were raised in the United States' Reply brief such that fairness would require the filing of a surreply"); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.").[1] We also note that the timing of the motion to file a sur-reply—over a month after Defendants' reply was filed—was such that the Defendants were not afforded the full time provided by the Local Rules to file a response before the scheduled hearing.

---

[1] As the pleadings make plain, Defendants raised the issue that Plaintiff now calls new in their initial memorandum in support of the motion to dismiss. (ECF 32). Indeed, the first sentence of the section devoted to the issue reads, "Even if the Court finds that the applicable statute of limitations was tolled as a result of the Defendants' newly alleged conduct, the limitations period would not be tolled beyond January of 2013, when Plaintiff filed a complaint with the United States Department of Homeland Security ("DHS") and the DHS began investigating Plaintiff's claims of involuntary servitude." (ECF 32 at 9). The information and arguments contained in the sur-reply were thus completely available to the Plaintiff to be made in her initial responsive pleading.

3

While these issues provide the Court with adequate and independent reasons to deny Plaintiff's motion, they pale beside the most fundamental reason of all: there is simply nothing for the Court to decide, because the underlying issue is not in dispute.

For the foregoing reasons, we respectfully request that the Court deny Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Motion to Dismiss.

Dated:  September 5, 2018

Respectfully submitted,

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA  22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hklaw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Nouf bint Nayef
Abul-Aziz al Saud and Mohammad bin
Abdullah al Saud*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of September, 2018, a true copy of the foregoing was served

via electronic case filing to:

Nicholas Cooper Marritz,
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

/s/ John L. Brownlee
John L. Brownlee

5

#60390454_v1