# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

**SIMRET TEKLE**

    v.                                                                           Civil Action No. 1:18cv211

**NOUF BIN NAYEF ABUL- AL SAUD, et al.**

## ORDER

Plaintiff, an Eritrean domestic servant, is suing her former employers, members of the Saudi royal family. In her five-count Second Amended Complaint, plaintiff, who served as one of defendants' nannies here in the United States, alleges (i) that she was brought to the United States from Saudi Arabia by defendants for the purpose of involuntary servitude and forced labor, in violation of 18 U.S.C. § 1590; (ii) that she was forced and coerced into labor through a scheme, plan, pattern and practice of physical and psychological abuse, enforced isolation, threats of serious harm, and threatened abuse of legal process, in violation of 18 U.S.C. § 1589; (iii) that defendants withheld her travel documents, including her passport, in furtherance of their human trafficking scheme, in violation of 18 U.S.C. § 1592; (iv) that defendant involuntarily enslaved her for a period of seven months and would not permit her to leave, in violation of 18 U.S.C. § 1584; and (v) that defendants breached the terms of the parties' contract by failing to pay plaintiff the agreed sums and by forcing her to work more than forty hours per week. Defendant vigorously denies all of plaintiff's factual allegations; but has moved to dismiss only one of her claims, namely, plaintiff's breach of contract claim.

Defendants have moved to dismiss plaintiff's breach of contract claim on two

separate grounds: (i) they argue that plaintiff's breach of contract claim is time-barred, and (ii) they argue that plaintiff has otherwise failed to state a claim for relief.[1]

First, defendants assert that plaintiff failed to bring this action within five years of the alleged breach as required by Virginia law. *See* Va. Code § 8.01-246(2) ("Actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, [must be brought] within five years whether such writing be under seal or not."). Defendants correctly note that plaintiff left defendants' employ in April 2012 and did not file the instant action until February 23, 2018 – more than five years after any breach of contract claim could have accrued. In response, plaintiff asserts that the statute of limitations should be equitably tolled because of defendants' allegedly threatening conduct towards her and her family. Specifically, plaintiff claims that Ms. Gebreyesus, an associate of plaintiff's family and former employee of the Saudi royal family, made statements and took actions that could be perceived as threats against the plaintiff by the Saudi royal family. Defense counsel argues, with some force, that these "threats" are weak at best and that there is no factual allegation in plaintiff's second amended complaint connecting any threatening statements to one of the defendants or a member of their family. At this stage, however, the Court is required to take plaintiff's allegations at face value and grant her all reasonable inferences. Having done so, plaintiff has pleaded facts that could plausibly support a finding that the statute of limitations should be equitably tolled because she received threats from an

---

[1] At the motion to dismiss stage, the Court must "assume all [well-pled facts] to be true," and "must draw all reasonable inferences in favor of the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

emissary of the Saudi royal family. Therefore, although it is a close call, defendants' motion to dismiss plaintiff's breach of contract claim as time-barred must be denied.

Defendants' second ground for dismissal – that plaintiff has failed to state a claim – suffers a similar fate. Defendants' argument, distilled to its essence, is that plaintiff has failed to identify any written contractual provision that was breached by defendants.[2] Pointing to one alleged flaw in plaintiff's complaint, defendants assert that plaintiff's factual allegations fail to establish whether plaintiff was to be paid $4,500 per month in cash or whether she could be paid through gifts in kind. In other words, defendants assert that plaintiff's breach of contract claim should be dismissed because her second amended complaint does not account for all the expenses defendants paid on her behalf, such as housing, food, medical care, transportation, cellular phone service, cable television, utilities and maid services. This argument may have force later, but completely misses the point at this stage of the proceedings. Here, as things stand now, plaintiff has alleged that she was supposed to work forty hours per week and was supposed to be paid $4,500 per month. She further alleges that neither of these contractual conditions were met by defendants as agreed in the parties' contract. This is all that is required to state a claim for breach of contract under Virginia law.[3] Therefore, defendants' second ground for

---

[2] Defendants also force plaintiff for not being able to produce the written contract when it appears that defendants are precluding her from receiving a written copy. Defendants cannot withhold a copy of the written contract and then fault plaintiff for not citing specific contractual language.

[3] The elements of a breach of contract action are "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344 (2016) (quoting *Ulloa v. QSP, Inc.*, 271 Va. 72, 79 (2006)) (internal marks and citations omitted).

dismissal of plaintiff's breach of contract claim also fails.

For all these reasons,

It is hereby **ORDERED** that defendants' motion to dismiss (Doc. 56) must be and is **DENIED**. Plaintiff's breach of contract claim, along with her other claims, may proceed to discovery.[4]

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
February 5, 2019

/s/
T. S. Ellis, III
United States District Judge

---

[4] This does not mean, however, that plaintiff's breach of contract claim will survive summary judgment. Defendants may raise the timeliness and merits arguments again at that stage.