**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SIMRET SEMERE TEKLE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1:18cv0211 (TSE/JFA) |
| ) | |
| NOUF BINT NAYEF ABDUL-AZIZ AL ) | |
| SAUD, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**JOINT DISCOVERY PLAN**

Pursuant to the Court's February 5, 2019 Order (the "Scheduling Order") and Fed. R. Civ. P. 26(f), Plaintiff Simret Semere Tekle and Defendants Nouf bint Nayef Abdul-Aziz al Saud and Mohammad bin Abdullah al Saud (collectively "the parties"), through counsel, have conferred and consented to the following discovery schedule:

**1.     Initial Disclosures Under Fed. R. Civ. P. 26(a)(1).**  The parties agree to exchange initial disclosures regarding Plaintiff's claims on or before March 15, 2019.  The parties agree to exchange initial disclosures regarding any counterclaims seven days after Plaintiff files an Answer to such counterclaims.  The parties do not propose to change the form or requirement for disclosures under Rule 26(a)(1).

**2.     Confidentiality Order.**  The parties will file with the Court a proposed Stipulated Protective Order governing the production of confidential information.

**3.     Discovery Commencement and Cut-Off.**  Discovery commenced upon receipt of the Scheduling Order.  Pursuant to the Scheduling Order, discovery shall be concluded by May 24, 2019.

4. **Limits on Discovery.** The parties do not wish to limit or expand discovery beyond the limits imposed pursuant to the Federal Rules of Civil Procedure, the Court's Local Rules, and the Scheduling Order.

5. **Fact Discovery.** All written fact discovery shall be served on or before April 24, 2019, so that responses to such discovery will be due on or before May 24, 2019 except that requests to admit the authenticity of documents (if necessary) may be served no later than 15 days prior to the Final Pretrial Conference, in which event responses shall be due within 10 days of serving the Requests.

6. **Depositions of Fact and Expert Witnesses.** Depositions of fact and expert witnesses shall be completed by May 24, 2019.

7. **Expert Disclosures.** The Plaintiff shall make expert disclosures as required by Rule 26(a)(2) by March 25, 2019. Defendant's expert disclosures shall be due on April 23, 2019. Any rebuttal expert reports shall be due on May 3, 2019. The parties do not propose to change the form or requirement for disclosures under Rule 26(a)(2).

8. **Discovery of Electronically-Stored Information.** Electronically-stored information, including but not limited to electronic mail ("e-mail") and word processing files, shall be produced in TIFF searchable format with metadata to the extent technically feasible or in any other format agreed upon at the time of production. Spreadsheet files (e.g., Microsoft Excel) shall be produced in native format. Production of such information shall otherwise be in accordance with Rule 34(b). The media to be used in the production of electronically stored information shall be via USB drive or other secured site. If any responsive electronically-stored information is not reasonably accessible, *i.e.*, is only accessible by incurring undue burdens or costs, the parties will cooperate to identify alternative solutions to access such information. The parties will further

attempt to meet and confer to discuss the issues of format, media, burdens, and costs. If an agreement may not be reached regarding such information, the party seeking production may petition the Court for an order compelling production under the applicable Federal and Local Rules of Civil Procedure.

      **9.**    **Dispositive Motions.** Dispositive motions shall be filed on or before June 4, 2019. Oppositions and Reply Briefs to dispositive motions shall be filed in accordance with the Court's Local Rules.

      **10.**    **Service and Filing.** Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing (ECF) policies and procedures. The parties agree that service of notices of depositions, discovery requests, and other papers not filed with the Court via ECF will be accepted by e-mail and that service is complete upon and on the day of transmission. Any attachments to notices of depositions, discovery requests, and other papers not filed with the Clerk of Court shall be e-mailed simultaneously with the underlying document, unless the parties expressly agree to additional time.

      **11.**    **Settlement Prospect.** The parties acknowledge that they have discussed their claims and defenses and the possibility of settlement with their respective counsel but have not discussed the particulars of a settlement of this case. Settlement discussions will continue as discovery takes place. The parties do not believe that a settlement conference would be productive at such an early stage of the case, without discovery having been carried out.

      The parties must complete all settlement and/or mediation efforts by June 20, 2019 (if the parties do not file dispositive motions) or July 25, 2019 (if the parties file dispositive motions).

      **12.**    **Pre-Trial Disclosures and Final Pretrial Conference.** Pursuant to the Scheduling Order, the parties shall appear before the Court on June 27, 2019 at 4:00 p.m. (if the

parties do not file dispositive motions) or on August 1, 2019 at 4:00 p.m. (if the parties file dispositive motions) for a final pretrial conference. On either June 13, 2019 (if the parties do not file dispositive motions) or July 18, 2019 (if the parties file dispositive motions), the parties will file with the Court (i) all remaining pretrial motions, including motions *in limine* and *Daubert* motions, (ii) Rule 26(a)(3) disclosures, (iii) a list of the exhibits to be used at trial, (iv) a list of the witnesses to be called at trial, and (v) a written stipulation of uncontested facts. Objections to exhibits must be filed on either June 24, 2019 (if the parties do not file dispositive motions) or on July 29, 2019 (if the parties file dispositive motions).

13. **Trial by Magistrate.** The parties do not wish to consent to trial by the Magistrate Judge at this time.

14. **Waiver of Initial Pretrial Conference.** Should the Court determine the parties' Joint Discovery Plan is acceptable, the parties hereby consent to waive appearance at the Initial Pretrial Conference, which is currently scheduled to proceed on February 20, 2019 at 11:00 a.m.

15. **Translations of Foreign-Language Documents.** The parties agree that if they have had documents translated for their own use (e.g., to determine if a foreign-language document is responsive to a discovery request), they will produce the translation along with the original document if the original document is responsive to a discovery request.

16. **Privilege Issues.** The parties agree that any claims of privilege made within discovery responses will be addressed in an appropriate log. However, communications between client and litigation counsel, communications between litigation counsel, and work-product of litigation counsel need not be so addressed. With the exception noted, the objecting party will identify the responsive documents that are withheld and the basis for withholding in log form. Each privilege log shall include, but not be limited to, the following information, where reasonably

available: the date; author; addressee, copyee, and blind copyee; identity of any attorney named on the privilege log; type of document; type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, etc.); generic description of contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; and the Bates Numbers corresponding to the first and last page of any Document that has been redacted or withheld on the basis of a claim of privilege or immunity. The privilege log will be produced no later than 7 days after the production of discovery.

**17.     Inadvertent Production of Privileged Information.**     In accordance with Federal Rule of Civil Procedure 26(b)(5), inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at trial and the documents shall not be disclosed to anyone who was not given access to them before the request to return or destroy. The party returning such documents may move the Court for an order compelling production of the material. If a receiving Party knows or should reasonably know that it has received documents subject to an immunity or privilege, it shall promptly:

    a. Sequester the documents;

    b. Refrain from using the documents and the portions of all work product that reflect or are derived from such documents;

    c. Promptly notify the disclosing party of the existence of such documents to permit the disclosing party to take protective measures as outlined above; and

    d. Upon request, comply with the procedures described above to destroy or delete the material.

JOINTLY SUBMITTED:

Dated:  February 13, 2019


/s/    John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA  22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email:  John.Brownlee@hklaw.com
Email:  Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Nouf bint Nayef Abdul-Aziz al Saud and Mohammad bin Abdullah al Saud*


/s/    Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org


Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org


*Counsel for Plaintiff Simret Semere Tekle*

8