UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF SIMRET SEMERE TEKLE'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

**TABLE OF CONTENTS**

INTRODUCTORY STATEMENT ................................................................................................ 1

FACTS ............................................................................................................................................ 2

LEGAL STANDARD..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 6

    I.    The Statements Ms. Tekle Made To Law Enforcement In 2013 Are
        Absolutely Privileged........................................................................................... 6

    II.   Defendants' Counterclaim Is Time Barred To The Extent It Rests On
        Statements Made To Law Enforcement In 2013 .................................................. 7

    III.  Defendants Fail To Allege A Plausible Basis For Punitive Damages. ................... 8

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................5, 9, 10

*Besen v. Parents and Friends of Ex-Gays, Inc.*,
    No. 3:12-cv-204-HEH, 2012 WL 1440183 (E.D. Va. April 25, 2012)................................9, 10

*Borg v. Boas*,
    231 F.2d 788 (9th Cir. 1956)....................................................................................................6

*Chapin v. Knight-Ridder, Inc.*,
    993 F.2d 1087 (4th Cir. 1993)...............................................................................................4, 5

*Daniczek v. Spencer*,
    156 F. Supp. 3d 739 (E.D. Va. 2016).......................................................................................5

*Darnell v. Davis*,
    58 S.E.2d 68 (Va. 1950) ...........................................................................................................6

*Dragulescu v. Va. Union Univ.*,
    223 F. Supp. 3d 499 (E.D. Va. 2016) ......................................................................................5

*Doe v. Roe*,
    295 F. Supp. 3d 664 (E.D. Va. 2018) ......................................................................................7

*Echtenkamp v. Loudon Cty. Pub. Sch.*,
    263 F. Supp. 2d 1043 (E.D. Va. 2003) ................................................................................5, 9

*Goines v. Valley Cmty. Servs. Bd.*,
    822 F.3d 159 (4th Cir. 2016) ...................................................................................................4

*Goodman v. Praxair, Inc.*,
    494 F.3d 458 (4th Cir. 2007) ...................................................................................................6

*Holmes v. Eddy*,
    341 F.2d 477 (4th Cir. 1965) ...................................................................................................6

*Jordan v. Shands*,
    500 S.E.2d 215 (1998) ..........................................................................................................7, 8

*JTH Tax, Inc. v. Grabert*,
    8 F. Supp. 3d 731 (E.D. Va. 2014) ........................................................................................10

*Mansfield v. Bernabei*,
 727 S.E.2d 69 (Va. 2012) ...................................................................................................6, 7

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
 674 F.3d 369 (4th Cir. 2012) ............................................................................................5, 8, 9

*Montgomery Ward & Co. v. Nance*,
 182 S.E. 264 (Va. 1935) .........................................................................................................5

*Morrissey v. Morrow & Co., Inc.*,
 739 F.2d 962 (4th Cir. 1984) .................................................................................................7

*Nat'l Carloading Corp. v. Astro Van Lines, Inc.*,
 593 F.2d 559 (4th Cir. 1979) .................................................................................................8

*Potter v. The Associated Press*,
 No. 3:15-cv-38, 2015 WL 4393401 (E.D. Va. July 15, 2015) ...............................................9

*Richmond, Fredericksburg & Potomac R.R. v. Forst*,
 4 F.3d 244 (4th Cir. 1993) .....................................................................................................6

*Semida v. Rice*,
 863 F.2d 1156 (4th Cir. 1988) ...............................................................................................7

*Shabazz v. PYA Monarch, LLC*,
 271 F. Supp. 2d 797 (E.D. Va. 2003) .................................................................................6, 7

*Stamathis v. Flying J, Inc.*,
 389 F.3d 429 (4th Cir. 2004) ............................................................................................8, 10

*Tharpe v. Saunders*,
 737 S.E.2d 890 (Va. 2013) .................................................................................................4, 5

*Timms v. Rosenblum*,
 713 F. Supp. 948 (E.D. Va. 1989) ..........................................................................................8

*Whittlestone, Inc. v. Handi-Craft Co.*,
 618 F.3d 970 (9th Cir. 2010) .................................................................................................8

*Williams v. Garraghty*,
 455 S.E.2d 209 (Va. 1995) .....................................................................................................8

**STATUTES**

Va. Code Ann. 8.01-247.1 (2015) ...............................................................................................7, 8

**OTHER AUTHORITIES**

Restatement (Second) of Torts § 559 (1977) .................................................................................5

Restatement (Second) of Torts § 577A (1977)..................................................................................7

Restatement (Second) of Torts § 587 (1977) ................................................................................6, 7

Restatement (Second) of Torts § 588 (1977) ...................................................................................6

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Simret Semere Tekle respectfully submits this memorandum of points and authorities in support of her motion to dismiss Defendants Nouf bint Nayef Abdul-Aziz al Saud and Mohammad bin Abdullah al Saud's counterclaim for defamation *per se* and Defendants' accompanying prayer for punitive damages. Dkt. 69 ("Counterclaim").

## INTRODUCTORY STATEMENT

Defendants' counterclaim for defamation *per se* fails to state a plausible claim in two ways. First, Defendants contend that Ms. Tekle defamed them by confidentially reporting her allegations against the Defendants to law enforcement in 2013—the very same allegations that Ms. Tekle has made in the Complaint she filed with this Court. Counterclaim ¶¶ 9, 26-27, 41. But the statements Ms. Tekle made to law enforcement in 2013 are absolutely privileged under Virginia law, and they are well beyond Virginia's one-year statute of limitations. Accordingly, Defendants' counterclaim for defamation should be dismissed insofar as it rests on these statements.

Second, Defendants have failed to allege a plausible basis for punitive damages because they have failed to plead anything more than conclusory assertions that Ms. Tekle made the statements at issue with actual malice. Indeed, a cursory review of Defendants' counterclaim shows that these allegations rest on nothing more than the very type of naked assertions that the Fourth Circuit and this Court have rejected in other defamation cases. Because Defendants cannot recover punitive damages for defamation under Virginia law without establishing actual malice, their prayer for punitive damages should be dismissed as well.

That leaves only Defendants' allegations that Ms. Tekle defamed them by passing along a copy of a law enforcement declaration certifying that Ms. Tekle was a victim of human

1

trafficking to a *Washington Post* reporter in 2018. Counterclaim ¶¶ 32-37, 41-42. Notably, the statements contained in that form are essentially identical to statements she had already made months earlier in in her original Complaint and in several filings in late summer and fall of 2018. And the *Washington Post* story that Defendants cite never even references those statements and includes no statements about Defendants that were not already publicly available on this Court's docket or else made in open court. Defendants' second theory of defamation is highly dubious, and it is a transparent attempt to convert the privileged and publicly available statements Ms. Tekle has made in these proceedings into a claim against her. However, at this stage in the proceedings, this is the only aspect of Defendants' counterclaim that passes muster under Rule 12(b)(6).

## FACTS

Ms. Tekle initially brought this action against Defendants on February 23, 2018, alleging claims for forced labor, involuntary servitude, human trafficking, and breach of contract. Compl., Dkt. 1. In her original Complaint, Ms. Tekle alleged that she was employed by Defendants as a member of their domestic staff for seven months. Compl., Dkt. 1, ¶ 31. She further alleged, inter alia, that:

- Defendants and their agents confiscated Ms. Tekle's passport. *Id.* ¶¶ 18, 26.

- Defendants prohibited Ms. Tekle from leaving the residence without an escort, stating that she would be attacked by Americans if she went outside alone. *Id.* ¶ 36.

- Defendants forbade Ms. Tekle from interacting with people outside the residence. *Id.*

- Defendants showed Ms. Tekle surveillance cameras placed throughout the residence, including in Ms. Tekle's bedroom, and indicated that these cameras were monitored at all times by security personnel. *Id.* ¶ 37.

- Ms. Tekle worked long hours each day and was on-call at all hours. *Id.* ¶¶ 24-25.

2

- Defendants' agents subjected Ms. Tekle to constant verbal abuse, calling her "whore," "colored", and "donkey" in Arabic. *Id.* ¶ 33.

Ms. Tekle filed her First Amended Complaint on June 22, 2018. Dkt. 28. The First Amended Complaint included additional assertions that Ms. Tekle met with law enforcement officials in April 2013. First Am. Compl. ¶ 59. The First Amended Complaint further alleges that in 2015, law enforcement agents certified Ms. Tekle as a victim of human trafficking. *Id.*

On August 27, 2018, Ms. Tekle filed her Memorandum in Support of her Motion for Leave to File Sur-Reply. Dkt. 45. This filing stated that the document at issue in the Defendants' counterclaim, the Form I-914, Supplement B, Declaration of Law Enforcement Officer for Victim of Trafficking in Persons ("Form I-914, Supplement B"), indicated that the Department of Homeland Security opened a criminal investigation into human trafficking allegations against the Defendants. Mem. in Supp. of Mot. for Leave to File Sur-Reply 21, Dkt. 45.

Ms. Tekle also attached a copy of the Form I-914, Supplement B, a form submitted in support of her application for a T-visa. *Id.* at 2. Ms. Tekle's Form I-914, Supplement B clearly states that it "should be completed by Federal, State, or local law enforcement authorities," *id.* at 1, and the form is signed by two law enforcement officers, *id.* at 4. Ms. Tekle's Form I-914, Supplement B includes, as relevant here, five statements in the section instructing the law enforcement officer to "[p]lease describe the victimization upon which the applicant's claim is based and identify the relationship between that victimization and the crime under investigation/prosecution." *Id.* at 3. The first statement is the signing law enforcement officer's conclusion that Ms. Tekle was a victim of human trafficking, forced labor, and visa fraud. *Id.* The remaining four statements recite that that Ms. Tekle's employer: prohibited her from leaving the residence, taking breaks, or speaking with persons outside the residence; stated that

3

Americans would attack Ms. Tekle if she went outside; called her derogatory names; monitored Ms. Tekle by video surveillance; and confiscated Ms. Tekle's passport. *Id.* These statements are, as described above, also included in Ms. Tekle's Complaint. Compl. ¶¶ 18, 24-26, 31, 33, 36-37.

On September 7, 2018, the *Washington Post* published a newspaper story on Ms. Tekle's case. *See* Ex. A; Counterclaim, Dkt. 69, ¶ 11.[1] The newspaper story noted the Ms. Tekle amended her original Complaint to include the assertion that she interviewed with law enforcement in 2013 and "later submit[ted]" law enforcement documents certifying her as a victim of human trafficking—a reference to Ms. Tekle's August 27, 2018 filing of Form I-914, Supplement B on this court's docket. *See* Ex. A. Both of these statements are indisputably true: Ms. Tekle did interview with law enforcement and she was certified as a victim of human trafficking by law enforcement. The *Washington Post* did not quote the statements by Ms. Tekle included in the Form I-914 and in the Amended Complaint. Ex. A. All quotations of the substance of Ms. Tekle's allegations in the *Washington Post* article were attributed to filings found on this case's docket or statements made during the September 7, 2018 hearing in this case. *See id.*

## LEGAL STANDARD

To state a claim for defamation under Virginia law, a plaintiff must show (1) publication, (2) of an actionable statement with (3) the requisite intent. *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993). "The publication requirement for defamation requires a dissemination of the statement to a third party

---

[1] Although not attached to the counterclaim, the Court may consider the *Washington Post* article because it was "explicitly incorporated into the [counterclaim] by reference." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

4

where that dissemination does not occur in a privileged context." *Echtenkamp v. Loudon Cty. Pub. Sch.*, 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003) (citing *Montgomery Ward & Co. v. Nance*, 182 S.E. 264, 270 (Va. 1935)). A statement is "actionable" only if it is both false and defamatory. *Tharpe*, 737 S.E.2d at 892. And a statement is defamatory only if "tend[s] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin*, 993 F.2d at 1092 (quoting Restatement (Second) of Torts § 559 (1977)).

On a motion to dismiss a defamation claim pursuant to Rule 12(b)(6), "a court must credit . . . allegations that the statements were factually false, and focus instead on" whether the alleged statements satisfy the other requirements of a defamation claim. *Echtenkamp*, 263 F. Supp. 2d at 1063; *see also Chapin*, 993 F.2d at 1092. Whether a statement is actionable as defamatory and whether it is defamatory *per se* are matters of law for the trial judge to determine, as is the question whether statements are privileged. *See Echtenkamp*, 263 F. Supp. 2d at 1061; *Daniczek v. Spencer*, 156 F. Supp. 3d 739, 752 (E.D. Va. 2016); *Dragulescu v. Va. Union Univ.*, 223 F. Supp. 3d 499, 508 (E.D. Va. 2016).

As with any other claim filed in federal court, a claim for defamation survives a motion to dismiss only if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An affirmative defense "may be reached by a motion to dismiss . . . if all facts necessary to the affirmative defense

'clearly appear[ ] on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

**ARGUMENT**

**I.  The Statements Ms. Tekle Made To Law Enforcement In 2013 Are Absolutely Privileged.**

Ms. Tekle is entitled to absolute immunity for her 2013 statements to the Department of Homeland Security and Diplomatic Security Service. It is well-established in Virginia that witnesses have absolute immunity for statements made during judicial proceedings, if those statements are relevant to the subject matter of the proceedings. *See Mansfield v. Bernabei*, 727 S.E.2d 69, 73-75 (Va. 2012); *Darnell v. Davis*, 58 S.E.2d 68, 70 (Va. 1950); *Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 803-04 (E.D. Va. 2003). Statements made to law enforcement enjoy absolute immunity as they are the initial stage in a judicial proceeding. *See Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) ("The information given to a prosecutor by a private person for the purpose of initiating a prosecution is protected by the same cloak of immunity and cannot be used as a basis for an action for defamation." (quoting *Borg v. Boas*, 231 F.2d 788, 794 (9th Cir. 1956)); *see also* Restatement (Second) of Torts §§ 587, 588 (1977).

Ms. Tekle's 2013 statements to law enforcement were made preliminary to or in the course of a judicial proceeding—here, the proposed prosecution of Defendants for the acts which Ms. Tekle reported—and her statements were relevant to the proceedings. *See Holmes*, 341 F.2d at 478, 481 (finding absolute immunity from defamation charge for defendant who voluntarily informed and provided evidence to the Securities and Exchange Commission of suspected securities fraud by his employer, the plaintiff); *Shabazz*, 271 F. Supp. 2d at 806 ("It seems

6

incongruous to the court to encourage people to submit tips, or respond to inquiries initiated by the FBI, and then hold them liable for defamation if the information provided turns out to be untrue. Therefore . . . the court finds that the defendant's communications with the FBI are absolutely privileged."); *see also* Restatement (Second) of Torts § 587 cmt. b ("[Absolute privilege] applies to . . . information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution whether or not the information is followed by a formal complaint or affidavit."); *Mansfield*, 727 S.E.2d at 74-75 (adopting Restatement (Second) of Torts §§ 586, 587). Because the statements are protected by absolute privilege, Ms. Tekle's 2013 statements to law enforcement cannot be the basis of a defamation *per se* claim.

## II. Defendants' Counterclaim Is Time Barred To The Extent It Rests On Statements Made To Law Enforcement In 2013.

The statute of limitations for defamation *per se* is one year. Va. Code Ann. 8.01-247.1 (2015). A cause of action for defamation accrues on the date that the defamatory acts occurred. *See Jordan v. Shands*, 500 S.E.2d 215, 218 (1998). Under Section 577A of the Restatement (Second) of Torts, "where there are separate publications of the same defamatory statement, a new cause of action, and thus a new statute of limitations, accrues with each republication." *Doe v. Roe*, 295 F. Supp. 3d 664, 671 (E.D. Va. 2018). "The single publication rule set forth in Restatement (Second) Torts § 577A is followed in Virginia." *Semida v. Rice*, 863 F.2d 1156, 1161 n.2 (4th Cir. 1988) (citing *Morrissey v. Morrow & Co., Inc.*, 739 F.2d 962, 967 (4th Cir. 1984)). Thus, separate one-year limitations periods govern Ms. Tekle's alleged statements to law enforcement in 2013 and Ms. Tekle's alleged statements to the *Washington Post* reporter in 2018.

Defendants have not alleged any form of equitable tolling. Plaintiff first met with law enforcement in April 2013. Second Am. Compl. ¶ 88. The Form I-914 was signed by law

enforcement officials in April 2015. *See* Dkt. 45-2. Thus, whatever claim Defendants might have had based on Ms. Tekle's 2013 statements to law enforcement accrued more than one year before the counterclaim was filed on February 15, 2019, any defamation claim arising out of the statements made to law enforcement is time barred. *See* Va. Code Ann. 8.01-247.1; *Jordan*, 500 S.E.2d at 218.

### III.     Defendants Fail To Allege A Plausible Basis For Punitive Damages.

Finally, the Court should dismiss Defendants' prayer for punitive damages, counterclaim ¶ 45, Prayer for Relief, because Defendants have failed to allege a plausible basis for that remedy. *See, e.g.*, *Timms v. Rosenblum*, 713 F. Supp. 948, 954-56 (E.D. Va. 1989), *aff'd,* 900 F.2d 256 (4th Cir. 1990) (dismissing plaintiff's prayer for mental anguish damages for failure to state a claim under Virginia law); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010) (holding that a Rule 12(b)(6) motion is the proper procedural mechanism to challenge a prayer for damages that are unavailable as a matter of law).

In order to recover punitive damages for defamation, a plaintiff must show "by clear and convincing evidence . . . that the defendant acted with actual or express malice." *See Stamathis v. Flying J, Inc.*, 389 F.3d 429, 440 (4th Cir. 2004) (citing *Williams v. Garraghty*, 455 S.E.2d 209 (Va. 1995)). Under Virginia law, a statement is made with actual malice if the speaker knows that the statement is false or acts with reckless disregard of the truth or falsity of the statement. *Mayfield*, 674 F.3d at 377; *see also Stamathis*, 389 F.3d at 440 (actual malice is "conduct which is in conscious disregard of the rights of others and is wanton and oppressive," (quoting *Nat'l Carloading Corp. v. Astro Van Lines, Inc.*, 593 F.2d 559, 565 (4th Cir. 1979))).

Here, Defendants have offered the Court nothing but a series of conclusory allegations that Ms. Tekle made "knowingly false" statements, Counterclaim ¶ 9, or that she made the statements at issue "willfully and maliciously." *Id.* ¶ 41; *see also id.* ¶¶ 26, 30, 45. The

8

allegations in Defendant's counterclaim are devoid of any factual allegations indicating that Ms. Tekle knew her statements were false at the time they were made. And this formulaic recitation of the actual malice standard does not raise their prayer for punitive damages "above the speculative level." *Twombly*, 550 U.S. at 555; *see Mayfield*, 674 F.3d at 377; *Echtenkamp*, 263 F. Supp. 2d at 1062 ("repeated assertions" that a defendant "acted 'with malice' and with a 'motive of personal spite and revenge' are not . . . sufficient to state a claim of malice").

In fact, Defendants' allegations are indistinguishable from the allegations that the Fourth Circuit has held to be "entirely insufficient." *Mayfield*, 674 F.3d at 378. In *Mayfield*, the Fourth Circuit held that the allegation that the defendants' statements "were known by [them] to be false at the time they were made, were malicious or were made with reckless disregard as to their veracity" was nothing more than a conclusory allegation that failed to satisfy the plausibility standard. *Id.* at 377-78. Nor does the mere allegation that a defendant knowingly lied satisfy the plausibility standard for an allegation of actual malice. *See, e.g.*, *Potter v. The Associated Press*, No. 3:15-cv-38, 2015 WL 4393401, at *9 (E.D. Va. July 15, 2015).

Even when the statements at issue concern what the plaintiff allegedly did or said to the defendant, an allegation of actual malice cannot rest on magic words like "knowing" or "malicious." For example, in *Besen v. Parents and Friends of Ex-Gays, Inc.*, the defendant—a public figure—allegedly said on a blog post that the plaintiff had told him "*in a private conversation* that someone should run me over with a bus or inject me with AIDs." No. 3:12-cv-204-HEH, 2012 WL 1440183, at *1 (E.D. Va. April 25, 2012) (emphasis added). The plaintiff filed suit for defamation and alleged only that the defendant's statements were false, that the defendant "knew the statements were false," that the defendant "had no reasonable grounds for believing such statements were true" and that "no facts existed that would have substantiated

9

[defendant's] defamatory statements." *Id.* at *6. The court granted the defendant's motion to dismiss under Rule 12(b)(6), holding that these allegations were conclusory and a mere recitation of the legal standard and that the plaintiff "has not pled any facts which, taken as true, demonstrate that [defendant] knew—or should have been aware—that [plaintiff] . . . had not, in fact, directed violent rhetoric at [defendant] at some point in the past." *Id.*[2]

The same is true here. Although Defendants have peppered in the words "knowing" and "malicious" throughout their allegations, they have done nothing more than invoke the actual malice standard without pleading any supporting factual content. Under these circumstances, Defendants have failed to make plausible allegations that Ms. Tekle made any of the statements at issue with actual malice. "[W]ithout some further factual enhancement," Defendants' allegation of actual malice "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. Accordingly, Defendants have failed to allege adequately that they are entitled to punitive damages. *See Stamathis*, 389 F.3d at 440.

## CONCLUSION

For the foregoing reasons, Defendants' counterclaim for defamation *per se* should be dismissed.

---

[2] These type of threadbare allegations stand in contrast to cases like *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731 (E.D. Va. 2014), in which the court found the plaintiff's allegations adequate because it "attached exhibits to its complaint and submitted affidavits with additional exhibits that detail the online posting made by" the defendant, and which showed that the defendant knew that the defamatory posts at issue were false. *See id.* at 741-42.

10


Dated: March 8, 2019

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>   *Plaintiff*,<br><br> v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>   *Defendants*. | Case No.: 1:18-cv-211 |

**CERTIFICATE OF SERVICE**

I certify that I uploaded Plaintiff's Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaim to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

March 8, 2019

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

12