IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIMRET SEMERE TEKLE ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: 1:18-cv-00211 |
| ) | |
| NOUF BINT NAYEF ABDUL-AZIZ AL SAUD ) | |
| and MOHAMMAD BIN ABDULLAH AL SAUD ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## JOINT STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned case ("Litigation"), through their respective counsel, agree that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the production and handling of all documents, items, or other information exchanged by the parties or non-parties in the Litigation (including, without limitation, responses to discovery requests, pleadings, exhibits, depositions, or other testimony and accompanying exhibits, and information derived directly therefrom), regardless of the medium or manner in which any such materials are generated, stored, or maintained.

As discovery in this action may involve the exchange of sensitive materials, the Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of the parties' confidential information during and after the course of the Litigation.

It is hereby ORDERED AS FOLLOWS:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by law; (b) all images or video recordings of the parties, including of any members of each party's family; (c) all personal information of the Defendants' children; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) immigration documents (including visas, applications, and attached forms) not publicly available. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**
    (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. For any Confidential Material, such as computer data, the medium of which makes such stamping impracticable, the Parties shall mark the diskette case and/or accompanying cover letter as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Answers to interrogatories and other responses to discovery requests, if any, that contain protected information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and shall be subject to the limitations on the use of Confidential Material as set forth herein.

(b) The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

4. **Depositions.** Deposition testimony is protected by this Order only if designated as '"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken or in writing within fourteen (14) days following the designating party's receipt of the deposition transcript. Such designation shall be specific as to the

portions that contain Confidential Information. Within fourteen days after the designating party's receipt of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

   (a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

   (b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below in subparagraphs (1)-(9), and shall not use or allow the use of Confidential Information for any purpose other than the prosecution or defense of the above-captioned lawsuit ("Lawsuit"). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

   (1) Counsel: Counsel for the parties and employees of counsel who have responsibility for the Lawsuit;

(2) Parties: Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Lawsuit;

(3) The Court and its personnel;

(4) Court Reporters and Recorders engaged for depositions in the Lawsuit;

(5) Contractors: Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents in the Lawsuit;

(6) Consultants and Experts: Consultants, investigators. or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the Lawsuit, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions: During their depositions, witnesses in the Lawsuit to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of any document containing Confidential Information except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) Author or recipient: The author or recipient of the document (not including a person who received the document in the course of the Lawsuit); and

(9) Others by Consent: Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information.

7. **Filing of Confidential Information.** In the event a Party seeks to file any document containing Confidential Material subject to protection under this Protective Order with the court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document that omits the Confidential Information; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c)

when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with the Local Rules and with any pertinent orders of the assigned District Judge and Magistrate Judge. If a Party's request to file Confidential Material under seal is denied by the court, then the Party may file the information in the public record unless otherwise instructed by the court.

8. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

   (a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

   (b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the

challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**
    (a) If a receiving party should be served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.
    (b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph shall remain in effect while the party has in its possession, custody, or control Confidential Information produced by the other party to this case.

12. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13. **Obligations on Conclusion of Litigation.**

    (a) **Order Continues in Force.** Unless otherwise agreed or ordered this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Obligations at Conclusion of Litigation.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and

documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from CM/ECF System.** Filings under seal shall be deleted from CM/ECF only upon order of the Court.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing

herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

/s/ John L. Brownlee
John L. Brownlee
Stuart G. Nash
David L. Haller
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
John.Brownlee@hklaw.com
Stuart.Nash@hklaw.com
David.Haller@hklaw.com

*Counsel for Defendants Mohammad bin Abdullah al Saud and Nouf bint Nayef Abdul-Aziz al Saud*

/s/ Nicholas Marritz
Nicholas Cooper Marritz
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

/s/ Jonathan A. Lanlinais
Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

/s/ Le'ake Fessesha
Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

/s/ Sarah Linnell Bessell
Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

/s/ Richard F. Levy
Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

/s/ Agnieszka M. Fryszman
Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

/s/ Martina Vandenberg
Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

**SO ORDERED:**

Date: March 13, 2019

_____/s/_____
John F. Anderson
United States Magistrate Judge

HON. JOHN F. ANDERSON
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## ACKNOWLEDGEMENT OF STIPULATION AND PROTECTIVE ORDER

I have read and understand the Joint Stipulated Protective Order ("the Order") entered in this action, and hereby agree to be bound by the terms thereof. I confirm that my duties under this Acknowledgment shall survive the termination of this action and are binding upon me for all time. I consent to the personal jurisdiction of the United States District Court for the District of Columbia in the above-captioned action for the purpose of enforcing the aforementioned Order.

_____

[signature]

_____

[print name]

_____

[print address]