# Exhibit A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE, *Plaintiff*, v. NOUF BINT NAYEF ABUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD *Defendants*. | Case No.: 1:18-cv-211 |

## PLAINTIFF SIMRET SEMERE TEKLE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Simret Semere Tekle, by and through her attorneys, hereby serves her First Set of Requests for Production of Documents ("Requests") to Defendants Nouf bint Nayef Abul-Aziz Al Saud and Mohammad bin Abdullah Al Saud. Answers are to be served on counsel for Ms. Tekle within 30 days of the date of service. These Requests are to be interpreted and answered in accordance with the Definitions and Instructions below.

## DEFINITIONS AND INSTRUCTIONS

1. "Defendants," "You," and "Your" mean Defendant Nouf bint Nayef Abul-Aziz Al Saud and/or Defendant Mohammad bin Abdullah Al Saud.

2. "Plaintiff" and "Ms. Tekle" refer to Plaintiff Simret Semere Tekle.

3. "Complaint" refers to the Second Amended Complaint for damages filed by Plaintiff Simret Semere Tekle in the above captioned matter on September 27, 2018.

4. "Communication" means any oral or written exchange, whether person-to-person, by telephone, by letter, by email, by facsimile, or by any other process, electronic or otherwise,

1

including, without limitation, any tape recordings or any writings, printed, typed, handwritten or other readable correspondence, facsimiles, memoranda, reports, contracts, diaries, logbooks, minutes, notes, studies, or surveys and forecasts, including any electronically stored information, by and between any natural persons or business, corporate, governmental, or other organizational entities, or by and between representatives, employees, agents, brokers, or servants of any natural person or business, corporate, governmental, or organizational entity.

5. "Document" shall have the broadest possible meaning permitted by the Federal Rules of Civil Procedure, and shall include the originals (or true copies) and all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all writings; recordings; papers; brochures; circulars; advertisements; correspondence; memoranda; minutes; notes or records of meetings; reports; comments; affidavits; statements; summaries; messages; tables; calculations; stenographic notes; financial data; receipts; financial statements; annual reports; newspaper articles; press releases; publications; agreements; opinions or reports of experts; records or transcripts of conversations, discussions, conferences, meetings, or interviews; stored information from computers or other information retrieval or storage systems, databases, or media (including printouts of such information); electronic mail; electronic or digitized material; microfilm; microfiche; photographs; sound reproductions; all drafts and preliminary copies of any of the foregoing; and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, including all duplicates of any of the foregoing that are in Your possession, custody, or control.

6. "Person" means, without limiting the generality of its meaning, any natural person, group of natural persons (such as a committee or board of directors), corporation, partnership,

company, limited liability company, sole proprietorship, unincorporated association, joint venture, and any other incorporated or unincorporated business, governmental, or public entity.

7. "Relating to," "Relate to," or "Related to" mean containing, concerning, arising out of, involving, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, embodying, summarizing, describing, recording, mentioning, or being in any way legally, logically, or factually connected with or pertaining to, in whole or in part, the matter discussed.

8. Unless otherwise indicated, "tax records" refers to copies of all filings made by You or on Your behalf with the Internal Revenue Service or the Commonwealth of Virginia reporting wages paid to Ms. Tekle.

9. Grammatical conjunctions such as "and" and "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of the category of documents requested anything that otherwise might be construed outside its scope.

10. The use of the singular form of any word shall be construed to include the plural form of the word and vice versa.

11. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of the request.

12. Unless otherwise specified, each Request shall be considered a request for the production of the original Document and Communication or a complete copy thereof, provided they are in Your possession, custody, or control or in the possession, custody, or control of Your present or former employees, attorneys, representatives, agents, and other Persons under Your control or acting on your behalf who are reasonably likely to have Documents or Communications

3

responsive to the Request. Each Document or Communication shall be produced in its entirety, without redaction or correction, unless privileged or otherwise protected.

13. If You contend that any Document or Communication or any portion of any Document or Communication otherwise responsive to a Request is protected from discovery on the grounds of privilege or otherwise:

   a) Identify the Document or Communication;

   b) Identify the Person or Persons making the Communication or authoring the Document, and all Persons receiving the information contained in the Document or Communication;

   c) Specify the type of privilege or other reason asserted for withholding the requested Document or Communication;

   d) Specify the legal and factual basis for the assertion; and

   e) Describe the withheld Document or Communication to a degree sufficient to enable the court to decide if such claim has been properly invoked.

14. If any Document or Communication responsive to a Request is known to exist or to have existed, but is currently unavailable for any reason, include a statement to that effect indicating when the Document or Communication was last in Your possession, custody, or control; where the Document or Communication is currently located (and under whose custody or control), and the date and disposition of the Document or Communication.

15. If You do not have all of the information You need to make a complete response to any Request, state that Your information is incomplete, answer the Request to the extent possible, and explain why the remainder cannot be answered. If You have no information at all, state so.

16. If there are no Documents responsive to a particular Request, state so.

17. Any Document or Communication produced for inspection or copying shall be identified by the particular Request to which it responds.

18. Unless otherwise indicated in a particular request, these requests seek Documents and Communications for the time period from January 1, 2011 through the present.

19. These Requests are continuing. You are required to supplement or modify any answer given or production made as additional or different information becomes known to You until the conclusion this litigation.

## **DOCUMENT REQUESTS**

1. All documents related to Ms. Tekle.

2. All contracts entered into between You and Ms. Tekle.

3. Ms. Tekle's passport and any identification documents belonging to Ms. Tekle.

4. All documents related to any payments made by You to Ms. Tekle.

5. All tax records related to any payments made by You to Ms. Tekle.

6. All documents related to communications or attempted communications with Ms. Tekle between January 1, 2008 through the present.

7. All communications related to Ms. Tekle, including communications with any third parties, between January 1, 2008 through the present.

8. All communications related to the 2011 application for an A-3 visa for Ms. Tekle referred to in paragraphs 20 through 26 of the Complaint.

9. All documents related to the 2011 application for an A-3 visa for Ms. Tekle referred to in paragraphs 20 through 26 of the Complaint.

10. All employment contracts entered into between You and any person employed at Your residence at 1034 Aziza Court, Great Falls, VA at any time between September 1, 2011, and

5

December 31, 2012, including security personnel, nannies, domestic workers, kitchen staff, maintenance and janitorial staff, and drivers or chauffeurs.

11. All documents related to payments made by You to the employees identified by the description in request 10.

12. All tax records related to payments made by You to the employees identified by the description in request 10.

13. All tax documents indicating payment of payroll taxes for Your employees in the United States from January 1, 2008, through December 31, 2012, including Schedule H to Form 1040 to report "household employment taxes" to the IRS.

14. All contracts entered into between You and any service provider who provided staffing of any kind at Your residence at 1034 Aziza Court, Great Falls, VA at any time between September 1, 2011, and December 31, 2012, including any cleaning service, security service, or landscaping service.

15. All documents related to Ms. Tekle's travel from September 1, 2011, through the end of April 2012.

16. All photographs and video recordings in which Ms. Tekle appears from September 1, 2011, through December 31, 2012, including video captured by the security cameras installed at Your residence at 1034 Aziza Court in Great Falls, VA.

17. All video and audio recordings of You or Your agents and employees discussing or referring to Ms. Tekle, including, but not limited to original recordings taken in the preparation of the videos referred to in your Memorandum in Support of Defendants' Motion to Dismiss

Plaintiff's Second Amended Complaint in the above-captioned matter (ECF No. 57). This request also includes, but is not limited to, video captured by the security cameras installed at Your residence at 1034 Aziza Court in Great Falls, VA.

18. All communications with security companies, or the employees of those security companies, guarding Your residence at 1034 Aziza Court in Great Falls, VA, regarding entry or exit of household employees from the residence.

19. All communications with security companies, or employees of those security companies, guarding Your residence at 1034 Aziza Court in Great Falls, VA, regarding video surveillance inside or outside of the residence.

20. All records related to Ms. Tekle's employment with You, including, but not limited to, work schedules and house rules.

21. All communications with or related to Ms. Okuba Gebreyesus from January 1, 2008 through the present.

22. All documents related to communications with Ms. Okuba Gebreyesus from January 1, 2008 through the present, including, but not limited to, any telephone bills, Facebook, Viber, WhatsApp, or other logs reflecting contacts or communications between You and Ms. Okuba Gebreyesus.

23. All communications between You and Princess Maha bint Mohammed bin Ahmad Al Sudairi regarding household staff from January 1, 2008 through the present.

24. All documents related to communications with Princess Maha bint Mohammed bin Ahmad Al Sudairi regarding household staff from January 1, 2008 through the present, including,

7

but not limited to, any telephone bills, Facebook, Viber, WhatsApp, or other logs reflecting contacts or communications between You and Princess Maha bint Mohammed bin Ahmad Al Sudairi.

25. A document containing a true and accurate representation of the lot and the floor plan of Your residence at 1034 Aziza Court in Great Falls, VA.

26. All documents related to Your purchase and sale of Your residence at 1034 Aziza Court in Great Falls, VA.

27. All documents related to any travel You have made to the Kingdom of Saudi Arabia from September 1, 2011 through June 30, 2013.

28. Documents sufficient to identify any person present at your residence from September 1, 2011 through April 30, 2012.

29. Documents sufficient to identify any person who accompanied you on any trip outside Virginia when Ms. Tekle was also traveling.

30. All documents related to any guidance, information or instructions received from the United States government regarding domestic servants, taxes, wage and hour issues, and A-3 visas.

31. All documents related to any guidance, information or instructions received from the Kingdom of Saudi Arabia regarding living in the United States, United States laws and compliance with those laws, the laws of the Commonwealth of Virginia and compliance with those law, immigration restrictions, and regulations related to domestic servants and A-3 visa recipients.

32. All documents related to any guidance, information or instructions provided by you or on your behalf to your household staff, including to Ms. Tekle.

33. Documents sufficient to identify the current address, telephone, email and any other contact information for the employees and contractors identified in requests 10 and 14.

34. Any written statements by any witness or potential witness in the above-captioned matter.

35. All correspondence with any witness or potential witness in the above-captioned matter.

36. All documents on which You intend to rely in support of your defenses in the above-captioned matter.

37. All communications and documents related to the two Eritrean women described in paragraph 87 of the Complaint, including, but not limited to, documents sufficient to identify the two women, any communications with the two women, any payments made to them or to pay for their travel, any documents related to their travel or to any report they made.

38. All documents and communications related to alleged underpayment of wages, withholding of passports, or human trafficking. This request includes, but is not limited to, demand letters or other correspondence received from domestic servants (or their agents) you have employed other than Ms. Tekle.

39. Documents sufficient to identify the individuals or entities responsible for the creation or production of the video and audio recordings referred to in request 17.

Dated: February 6, 2019

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202)-716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Respectfully submitted,

/s/ Nicholas Marritz

Nicholas Marritz
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, I caused a true and correct copy of Plaintiff Simret Semere Tekle's First Set of Requests for Production of Documents to be served on all counsel of record via mail and email.

_____
Nicholas Marritz