# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIMRET SEMERE TEKLE )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD )<br>and MOHAMMAD BIN ABDULLAH AL SAUD )<br>)<br>*Defendants.* )<br>_____ ) | Case No.: 1:18-cv-00211-TSE-JFA |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendants Nouf bint Nayef Abdul-Aziz al Saud and Mohammad bin Abdullah al Saud ("Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 26, 36, and Local Rule 26(C) assert the following objections to Plaintiff Simret Semere Tekle's First Set of Requests for Admission (collectively, "Requests" and individually, "Request").

### NOTICE REGARDING RESPONSES AND RESERVATIONS

1. By agreeing to respond to any specific Request, Defendants do not, in any way, waive, and they expressly reserve their rights to object to the use of, any response on the grounds of relevance, privilege, or the admissibility of the response as evidence for any purpose in this action or any other proceeding. Defendants reserve the right to supplement or amend their objections and responses as discovery proceeds in this action.

### SPECIFIC OBJECTIONS

29. Admit that You were required to pay employer-side federal employment taxes for Ms. Tekle.

2

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

30. Admit that You did not pay employer-side federal employment taxes for Ms. Tekle.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants paid employer-side federal employment taxes to the Internal Revenue Service is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

31. Admit that You were required to withhold taxes from Ms. Tekle's wages.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

32. Admit that You did not withhold taxes from Ms. Tekle's wages.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants withheld taxes from Ms. Tekle's wages is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**33.** Admit that You were required to remit employer-side payroll taxes to the IRS for Ms. Tekle.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

**34.** Admit that You did not remit employer-side payroll taxes to the IRS for Ms. Tekle.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants remitted employer-side payroll taxes to the Internal Revenue Service for Ms. Tekle is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**35.** Admit that You had or have an accountant or tax professional to handle your taxes in the United States during all or any portion of the time between January 2011 and January 2015.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any

party's claim or defense. Whether Defendants had an accountant or tax professional to handle their taxes in the United States is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**36.** Admit that You paid taxes in the United States.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants paid taxes in the United States is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**37.** Admit that You filed a Schedule H (Form 1040) with Your taxes filed in the United States.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants filed a Schedule H (Form 1040) with their taxes filed in the United States is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**38.** Admit that You were required to remit Commonwealth of Virginia payroll taxes for Ms. Tekle.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants'

tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

**39.** Admit that You did not remit Commonwealth of Virginia payroll taxes for Ms. Tekle.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants remitted Commonwealth of Virginia payroll taxes for Ms. Tekle is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**40.** Admit that You were required to file payroll taxes in the Commonwealth of Virginia.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

**41.** Admit that You did not file payroll taxes in the Commonwealth of Virginia.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants filed payroll taxes in the Commonwealth of

Virginia is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**42.** Admit that You were required to remit payroll taxes to the IRS for all persons directly or indirectly employed by You in the United States anytime between September 1, 2011, and December 31, 2012.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

**43.** Admit that You did not remit payroll taxes to the IRS for all persons directly or indirectly employed by You in the United States anytime between September 1, 2011, and December 31, 2012.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants remitted payroll taxes to the Internal Revenue Service for all persons directly or indirectly employed by them in the United States is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**47.** Admit that You were required to pay into Social Security for Ms. Tekle anytime between September 1, 2011, and December 31, 2012.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense and is disproportional to the needs of the case. Defendants' tax obligations are irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation. Not only are Defendants' tax obligations irrelevant to any claim or defense in this action, but the Request is also improper in that it requests concurrence with a legal conclusion, rather than a factual assertion.

**48.** Admit that You did not pay into Social Security for Ms. Tekle anytime between September 1, 2011, and December 31, 2012.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants paid into Social Security for Ms. Tekle is irrelevant to any claim or defense in this action, which focuses on the amount Defendants paid to Ms. Tekle.

**49.** Admit that You entered the United States on an A-1 visa.

**OBJECTION**: Defendants object to this Request as it requests admission of matters outside the scope of Fed. R. Civ. P. 36(a)(1), in that it seeks discovery that is not relevant to any party's claim or defense. Whether Defendants entered the United States on an A-1 visa is irrelevant to any claim or defense in this action, which focuses on allegations of human trafficking, harsh working conditions, insufficient pay, and defamation.

Dated: February 28, 2019

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102

Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hklaw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Nouf bint Nayef Abdul-Aziz al Saud and Mohammad bin Abdullah al Saud*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of February, 2019, a true copy of the foregoing was served via electronic mail to:

Nicholas Cooper Marritz
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

*Counsel for Plaintiff Simret Semere Tekle*

                                              /s/ John L. Brownlee
                                              John L. Brownlee