## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

SIMRET SEMERE TEKLE,

        *Plaintiff*,

      v.

NOUF BINT NAYEF ABUL-AZIZ AL SAUD,
MOHAMMAD BIN ABDULLAH AL SAUD

        *Defendants*.

Case No.: 1:18-cv-211

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO AMENDED COUNTERCLAIM

Simret Semere Tekle ("Plaintiff/Counter-Defendant"), by and through her undersigned counsel, hereby answers the counterclaim filed by Nouf Bint Nayef Abul-Aziz Al Saud and Mohammad Bin Abdullah Al Saud ("Defendants/Counter-Claimaints") as follows:

## INTRODUCTION

1.      Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 1.

2.      Plaintiff/Counter-Defendant admits that the Defendants/Counter-Claimants are citizens of Saudi Arabia and employed a large domestic staff in the United States. Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2 and on that basis denies the allegations.

3.      Plaintiff/Counter-Defendant admits that she traveled to the United States from Saudi Arabia to work as a nanny for one of the Defendants/Counter-Claimants' children. Plaintiff/Counter-Defendant admits that she was not a U.S. citizen when she traveled to the United States. Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 and on that basis denies the allegations.

4.      Plaintiff/Counter-Defendant denies that she was treated with "respect, kindness and generosity throughout her employment." Plaintiff/Counter-Defendant admits that the Defendants/Counter-Claimants were scheduled to return to Saudi Arabia sometime after her departure from their home. Plaintiff/Counter-Defendant admits that she left Defendants/Counter-Claimants' employ without warning, but denies that she ventured from Defendants/Counter-Claimants' home without warning on the day she left their employ. Plaintiff/Counter-Defendant denies any remaining allegations contained in Paragraph 4.

5.      Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 5.

6.      Plaintiff/Counter-Defendant avers that Paragraph 6 contains exclusively legal conclusions to which an answer is not required.

7.      Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and on that basis denies the allegations.

8.      Plaintiff/Counter-Defendant admits that she applied for a nonimmigrant T-visa and successfully obtained a T-visa.

9.      Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 9.

10.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 10.

11.     Plaintiff/Counter-Defendant admits the Washington Post article was published and refers to the article for its full and true content and meaning.

12.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 12.

### PARTIES AND JURSIDICTION

13.     Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 13.

14.     Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 14.

15.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 15.

16.     Plaintiff/Counter-Defendant avers that Paragraph 16 contains exclusively legal conclusions to which an answer is not required.

## STATEMENT OF FACTS

17.     Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and on that basis denies the allegations.

18.     Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 18.

19.     Plaintiff/Counter-Defendant admits that she "witnessed, firsthand, every interaction between herself and Defendants/Counter-Claimants while she was a member of their domestic staff."   Plaintiff/Counter-Defendant denies the remaining allegations contained in Paragraph 19.

20.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 20.

21.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 21.

22.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 22.

23.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 23.

24.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 24.

25.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 25.

26.     Plaintiff/Counter-Defendant denies the allegations contained in the first sentence of Paragraph 26.  Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 26 and on that basis denies the allegations.

27. Plaintiff/Counter-Defendant admits that her counsel sent a copy of Plaintiff's Form I-914 to Defendants/Counter-Claimants' counsel. Plaintiff/Counter-Defendant admits that the Form I-914 is attached as Exhibit A to the Amended Counterclaim. The content of the Form I-914 speaks for itself. Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 and on that basis denies the allegations.

28. Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and on that basis denies the allegations.

29. Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 29.

30. Plaintiff/Counter-Defendant denies the allegations contained in the first sentence of Paragraph 30. Plaintiff/Counter-Defendant admits that the language quoted in Paragraph 30 appears in the document attached as Exhibit A. She denies any remaining allegations in Paragraph 30 and, in particular, any allegation that her allegations were false and malicious.

31. Plaintiff/Counter-Defendant admits that she was referring to the Defendants/Counter-Claimants when reporting to federal law enforcement. Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 31 and on that basis denies the allegations.

32. Plaintiff/Counter-Defendant admits that her counsel provided a reporter at the Washington Post with a copy of her Form I-914, Supplement B, Declaration of Law Enforcement Officer for Victims of Human Trafficking in Persons. Plaintiff/Counter-Defendant denies the remaining allegations contained in Paragraph 32.

33.     Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and on that basis denies the allegations.

34.     Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 and on that basis denies the allegations.

35.     Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 35.

36.     Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37.     Plaintiff/Counter-Defendant denied the allegations contained in Paragraph 37.

38.     Plaintiff/Counter-Defendant admits that she is depicted in the photographs attached as Exhibits B and C, but denies the characterization of the photos.  Plaintiff/Counter-Defendant denies the remaining allegations contained in Paragraph 38.

39.     Plaintiff/Counter-Defendant admits that she is depicted in the photograph attached as Exhibit D, but denies the characterization of the photo.  Exhibit E speaks for itself. Plaintiff/Counter-Defendant denies the remaining allegations in Paragraph 39.

40.     Plaintiff/Counter-Defendant admits that she is depicted in the photographs attached as Exhibits G and H, but denies the characterization of the photos.  Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about Exhibit F.  Plaintiff/Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 40 and on that basis denies the allegations.  Plaintiff/Counter-Defendant denies the remaining allegations in Paragraph 40.

41.     Plaintiff/Counter-Defendant admits that she is depicted in the photographs attached as Exhibits I and J, but denies the characterization of the photos. Plaintiff/Counter-Defendant denies the remaining allegations in Paragraph 41.

42.     Plaintiff/Counter-Defendant admits the Washington Post article was published and refers to the article for its full and true content and meaning.

43.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 43.

44.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 44.

## COUNT 1

### (Defamation Per Se)

45.     Plaintiff/Counter-Defendant incorporates by reference her answers to Paragraphs 1 through 44.

46.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 46.

47.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 47.

48.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 48.

49.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 49.

50.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 50.

## PRAYER FOR RELIEF

Plaintiff/Counter-Defendant denies that Defendants/Counter-Claimants are entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Plaintiff/Counter-Defendant admits that Defendants/Counter-Claimants have demanded a jury trial.

## ADDITIONAL DEFENSES

Plaintiff/Counter-Defendant hereby incorporates by reference the allegations contained in her Second Amended Complaint (Dkt. No. 53) and further states the following affirmative defenses:

### FIRST DEFENSE

Defendants/Counter-Claimants fails, in whole or in part, to state a claim upon which relief may be granted and therefore should be dismissed.

### SECOND DEFENSE

Defendants/Counter-Claimants cannot meet their burden of proving that the statements upon which they base the Counterclaim are false because those statements are substantially true.

### THIRD DEFENSE

The communications upon which the Counterclaim is based are not actionable under common law absolute and/or conditional privileges.

### FOURTH DEFENSE

The Counterclaim, in whole or in part, is barred by the statute of limitations.

### FIFTH DEFENSE

Defendants/Counter-Claimants cannot meet their burden of proving that Plaintiff made the statements upon which the Counterclaim is based with the degree of fault required under the First Amendment to the Constitution of the United States and governing state law.

Plaintiff reserves the right to amend or assert additional defenses as discovery proceeds and reveals facts not currently know or available.

WHEREFORE, Plaintiff/Counter-Defendant respectfully requests the following relief:

1. A judgment dismissing the Counterclaim with prejudice;

2. A judgment awarding costs, including attorneys' fees; and

3. Such other relief to which she may be entitled.

Dated: April 5, 2019                                    Respectfully submitted,

                                                        /s/Nicholas Marritz
Richard F. Levy (*pro hac vice*)                        Nicholas Marritz
Andrew B. Cherry (*pro hac vice*)                       LEGAL AID JUSTICE CENTER
JENNER & BLOCK LLP                                      6066 Leesburg Pike, Suite 520
1099 New York Avenue NW, Suite 900                      Falls Church, VA 22041
Washington, DC 20001                                    (703) 720-5607
(202) 639-6000                                          nicholas@justice4all.org
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202)-716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff/Counter-Defendant*
*Simret Semere Tekle*

SIMRET SEMERE TEKLE,

       *Plaintiff*,

    v.

NOUF BINT NAYEF ABDUL-AZIZ AL
SAUD, MOHAMMAD BIN ABDULLAH AL
SAUD

       *Defendants*.

Case No.: 1:18-cv-211

## CERTIFICATE OF SERVICE

I certify that I uploaded Plaintiff/Counter-Defendant's Answer to the Amended Counterclaim to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

April 5, 2019

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org