# Exhibit E

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| SIMRET SEMERE TEKLE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-211 |
| NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD | ) ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: United States Department of State
c/o The Executive Office - Office of the Legal Adviser, 600 19th St., NW, Suite 5.600, Washington, DC 20522

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A, Ms. Tekle Touhy request to the Deparment.

| Place: Jenner & Block LLP attn Andrew Cherry<br>1099 New York Ave., NW, Suite 900<br>Washington, DC 20001 | Date and Time:<br>05/10/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/19/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/Nicholas Marritz |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Simret Tekle
, who issues or requests this subpoena, are:

Nicholas Marritz, 6066 Leesburg Pike, Suite 520 Falls Church VA 22041, (703) 778-3450, nicholas@justice4all.org

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:18-cv-211

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

TOUHY REQUEST LETTER
SUBMITTED TO THE DEPARTMENT OF STATE
BY COUNSEL FOR SIMRET TEKLE

April 15, 2019

David A. Handzo
Tel +1 202 639-6085
dhandzo@jenner.com

**BY FAX AND FIRST CLASS MAIL**

Director, Executive Office
Office of the Legal Adviser
U.S. Department of State
2201 C Street N.W.
Washington, DC 20520

Office of the Legal Adviser
Suite 5.600
600 19th Street, N.W.
Washington, D.C. 20522

Re: *Touhy Request for Testimony and Production in connection with Tekle v. Al Saud, et al.*, United States District Court for the Eastern District of Virginia, Case No. 1:18-cv-0211-TSE-JSA

Dear:

  I am counsel for Ms. Simret Tekle, who brought suit against her former employers, Nouf bint Nayef Abdul-Aziz Al Saud ("Mrs. Al Saud") and Mohammad bin Abdullah Al Saud ("Mr. Al Saud"). Mr. Al Saud and Mrs. Al Saud ("Defendants") are members of the Saudi royal family with a residence in Great Falls, Virginia. The suit is Case No. 1:18-cv-211, currently pending in the United States District Court for the Eastern District of Virginia. The United States is not a party to this lawsuit. The lawsuit alleges forced labor, breach of contract, and involuntary servitude in violation of federal law. The alleged abuse violates Department of State standards, as well as the employment contract used to obtain the A-3 visa in this case.

  Pursuant to 22 C.F.R. § 172.1, the State Department's regulation promulgated in accordance with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), Ms. Tekle respectfully requests the testimony of State Department Diplomatic Security Special Agent John Freeman and the production of the narrowly defined information described below. The information Ms. Tekle seeks is purely factual in nature and does not call for the disclosure of any expert opinion.

**Background**

  Ms. Tekle is a native of Eritrea. From 2008 until 2011, Ms. Tekle worked in Saudi Arabia as a maid in the household of Princess Maha, the mother of Defendant Mrs. Al Saud. Ms. Tekle

has alleged that she endured harsh working conditions in Princess Maha's employ. In 2011, during a visit to Princess Maha's home, Defendant Mrs. Al Saud offered Ms. Tekle employment in the United States. The offered terms were as follows: Ms. Tekle would work forty hours per week, with two full days off per week, and earn $4,500.00 per month. In addition to believing she would receive a significant raise, Ms. Tekle believed her working conditions would improve in the United States. Defendants recruited Ms. Tekle with promises of outstanding wages, desirable working conditions, and lawful employment status. Ms. Tekle accepted the employment offer relying on the assurances and promises from Defendant Ms. Al Saud.

Before traveling to the United States to work in Defendants' home, Ms. Tekle needed to obtain an A-3 visa. Defendants or their agents made all arrangements with the U.S. Consulate in Jeddah for the issuance of Ms. Tekle's A-3 visa, including the preparation and submission of an employment contract. As you are aware, under U.S. law, a fully executed employment contract that satisfies certain provisions is a prerequisite to A-3 visa issuance. The mandatory provisions include an agreement by the employer to abide by all Federal, State and local laws in the United States; information on the frequency and form of payment; a list of duties and other employment related details; and an agreement by the employer not to withhold the passport, employment contract, or other personal property of the employee. *See* Public Law 110-457 at Sec. 203(b)(2).

Pursuant to 22 C.F.R. § 172.5, Ms. Tekle hereby requests 1) witness testimony; and 2) the production of certain documents as set forth below.

As detailed below, the State Department's assistance in providing probative information and testimony is vital to her lawsuit against her former employers. Ms. Tekle requests that the Department certify the documents produced in accordance with Rule 44 of the Federal Rules of Civil Procedure.

**Reason for Request and Information and Testimony Sought**

The Department of State possesses critical information regarding the requirements for the A-3 visa application process, including information about Ms. Tekle's consular interview in Jeddah in 2011. As noted above, the Diplomatic Security Service previously met with Ms. Tekle regarding her trafficking allegations and the terms of her employment with Defendants. During that meeting, a Diplomatic Security agent discussed with Ms. Tekle her A-3 visa application and the contract submitted with the application. The State Department also conducted a criminal investigation into these allegations. For these reasons, Ms. Tekle respectfully requests the State Department to produce the following documents:

(1) **Employment Contract Submitted for Ms. Tekle's A-3 Visa Application in 2011:** The terms of this employment contract are at the heart of Ms. Tekle's lawsuit. Without the written employment agreement, Ms. Tekle bears an undue burden in substantiating the terms of her employment with Defendants. Defendants have thwarted all efforts to obtain the employment contract, including refusing to comply with a court order compelling their cooperation in obtaining the contract from the Department of State. Ms. Tekle has exhausted all other avenues to obtain the contract.

(2) **Consular Notes Taken During Ms. Tekle's A-3 Visa Interview in 2011:** Notes taken by the U.S. consular official conducting Ms. Tekle's interview and processing the visa application could confirm the terms of Ms. Tekle's employment contract with Defendants. Ms. Tekle has no other avenue through which to obtain these notes.

(3) **The Diplomatic Security Service's File on the Criminal Investigation relating to Ms. Tekle's Allegations and Operation Palm Tree:** Ms. Tekle has no other avenue through which to obtain these documents.

(4) **A Copy of Ms. Tekle's Eritrean Passport and A-3 Visa:** Ms. Tekle fled Defendants' compound without her passport or visa. Ms. Tekle has no other avenue through which to obtain these documents.

Ms. Tekle also requests testimony from Diplomatic Security Service Special Agent John Freeman on the following topics:

(1) The A-3 visa application process and requirements;
(2) The employment of domestic workers on A-3 visas;
(3) Investigations and prosecution of human trafficking cases involving A-3 visa holders;
(4) Continued Presence status for victims of human trafficking;
(5) The Operation Palm Tree investigations;
(6) The investigation of Ms. Tekle's human trafficking allegations and Federal Government's certification that Ms. Tekle was a victim of human trafficking; and
(7) Authentication of the I-914 Supplement B provided for submission with Ms. Tekle's T-visa application.

The materials and testimony requested are in the possession of the State Department alone. Neither party has the ability to access or retrieve these documents without the Department's assistance. Ms. Tekle will also provide a copy of any materials produced by the State Department to Defendants to ensure that Defendants are not adversely affected by production to Plaintiff alone.

We realize that the Department of State must weigh multiple factors in determining whether these materials can be produced. 22 C.F.R. § 172.8. The equities lie in favor of production of these materials.

**(1)** Compliance with this request would not be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case;

**(2)** Compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information;

      **(3)** State Department production of these materials is in the public interest, as the U.S. Government has a significant interest in preventing the exploitation of A-3 visa holders and holding individuals accountable for exploitation;

      **(4)** These requests will not prevent Department employees from conducting official business, nor will they have an adverse effect on performance by the Department of its mission and duties. The case is pending in the Eastern District of Virginia, very close to the headquarters of the Diplomatic Security Service;

      **(5)** The requests do not violate the Department's need to maintain impartiality between private litigants. First, release of these documents will benefit both parties. Second, the Defendants will also have access to these documents, some of which may be exculpatory.

      **(6)** These requests do not force the Department into a controversial arena. The Department of State issues an annual report condemning human trafficking and demanding that states hold traffickers accountable.

      The request does not implicate the factors in 22 C.F.R. § 172.8(b): the information is not classified, the criminal investigation is over, and release of the information would not violate a statute or regulation.

      Discovery closes in this matter on May 24, 2019. Accordingly, Ms. Tekle respectfully requests that the Department of State produce the documents to David Handzo, C/O: Andrew Cherry, Jenner & Block LLP, 1099 New York Avenue, NW, Suite 900, Washington, DC 20001 on or before May 10, 2019. It would be most helpful if your office could inform me of the Department of State's objections to our requests, if any, by May 1, 2019.

      We greatly appreciate your cooperation in this matter. Please do not hesitate to contact me if you have any questions.

Sincerely,

David A. Handzo
Partner