UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF'S UNOPPOSED MOTION TO ISSUE LETTER ROGATORY TO THE KINGDOM OF SAUDI ARABIA**

**PRELIMINARY STATEMENT**

Plaintiff respectfully moves this Court to issue the Requested Letter to the Kingdom of Saudi Arabia, for the taking of depositions to obtain the testimony of key witnesses who are employed by Defendants Prince Mohammad bin Abdullah al Saud and Princess Nouf bint Nayef Abdul-Aziz al Saud ("Defendants") or by Defendant Mrs. Al Saud's mother and reside in Saudi Arabia. English version attached hereto as Exhibit A. These depositions are essential for Plaintiff's ongoing discovery in the above-captioned case.

Pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b)(1)(B), and the Court's inherent authority, Plaintiff respectfully requests that the Court issue the attached Letter Rogatory requesting the assistance of the courts of the Kingdom of Saudi Arabia to compel the attendance of witnesses at oral depositions whose expected testimony is summarized in section B below. Each of these deponents was identified as a potential witness in Defendants' initial disclosures, or—in the case of Princess Maha bint Mohammed bin Ahmad Al Sudairi—was so

identified in Plaintiff's interrogatory responses, and is a central figure in this case who has information about how Ms. Tekle was treated by the Defendants and what she was paid.

Plaintiff notes that the requested Letter Rogatory concerns the witnesses who have knowledge of the allegations contained in the Second Amended Complaint and in Defendants' Amended Counterclaim as represented by Defendants in their response to Plaintiff's first interrogatories.  Plaintiff believes that these witnesses presently reside in Saudi Arabia.  Plaintiff has attempted to contact these witnesses through their counsel, but they have refused to provide testimony at deposition absent an order from a court that has jurisdiction over them.

Because all witnesses are in Saudi Arabia and cannot be served with Rule 45 subpoenas, Plaintiff cannot seek non-party discovery from them under the normal discovery rules.  The Court, however, has the authority to issue Letter Rogatory, which allow discovery from parties in foreign countries.  The granting of these Letter Rogatory is necessary because the witnesses have not agreed voluntarily to appear for deposition, because they are beyond the subpoena power of any U.S. court, because each possesses important information necessary to the resolution of this matter, and because Defendants indicated in their Rule 26(a)(1)(A)(i) initial disclosures that these individuals are believed to have knowledge that Defendants may use to support their defenses in this litigation.

Plaintiff has consulted with counsel for Defendants who stated that they neither support nor oppose this motion.

## ARGUMENT

**A. The Accompanying Letter Rogatory Should Be Issued Under the Applicable Law.**

Letters Rogatory are an essential tool for gathering evidence abroad.  *See* 22 C.F.R. § 92.54 ("In its broader sense in international practice, the term Letters Rogatory denotes a

formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, or the execution of a civil judgment. In United States usage, Letters Rogatory have been commonly utilized only for the purpose of obtaining evidence."); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining Letter Rogatory as "the request by a domestic court to a foreign court to take evidence from a certain witness") (citations omitted).

Letters Rogatory may be issued pursuant to the inherent authority of the court. *See United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971). Indeed, even where a treaty provides procedures for obtaining evidence abroad, Letters Rogatory may still be issued pursuant to the court's inherent authority. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S.D. Ia.*, 482 U.S. 522, 536 (1987) (holding that the Hague Evidence Convention "was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad").

The Court's inherent authority to issue Letters Rogatory is bolstered by statute and by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1781(a) ("The Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."); Fed. R. Civ. P. 28(b)(1) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory'". . .).

When a party requests the issuance of a Letter Rogatory, it should be issued without qualification, unless the opposing party can show "good reason" why such a request should not

issue. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *see also* Fed. R. Civ. P. 28(b)(2) ("A letter of request, a commission, or both may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient."). A court should "not weigh the evidence that is to be adduced by deposition" nor "attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought." *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

28 U.S.C. § 1781(b)(2) preserves the authority of U.S. tribunals to issue requests for judicial assistance directly to foreign authorities. Because identified witnesses are not subject to the *in personam* jurisdiction of this Court and are located in a foreign country, issuance of letters rogatory are the proper means to request Saudi Arabia to exercise its compulsory jurisdiction in order to perpetuate their testimony in this case. Plaintiff will submit to the Court for signature Spanish translations of all of the Letters Rogatory granted by the Court.

**B. The Court Should Issue the Letter Rogatory, which Seeks Information Highly Relevant to this Case.**

Each of the witnesses listed below is represented by Asrar Abdulghani, The Law Office of Motasem Khashoggi, Al Hamra Plaza, Palestine Road - PO Box 3127, Jeddah, Saudi Arabia 21471. Plaintiff's counsel has contacted Ms. Abdulghani, who has stated that the witnesses will not appear for their depositions absent a court order from a tribunal with jurisdiction over them.

Alaa Hamid, Nelien Okba, and Necitas Megbanua Dmailig, are all employees of the Defendants in this case. Okba Gebreyesus is employed by Princess Maha bint Mohammed bin Ahmad Al Sudairi, the mother of Princess Nouf bint Nayef Abdul-Aziz al Saud. The witnesses are believed to have knowledge on the topics discussed below.

Princess Maha bint Mohammed bin Ahmad Al Sudairi: Princess Maha is believed to have knowledge about how Ms. Tekle was treated during her time as a member of Princess Maha bint

Mohammed bin Ahmad Al Sudairi's domestic staff.  Princess Maha is also believed to have knowledge of how Ms. Tekle came to be employed by Defendants, the terms of her employment, and her pay, including method of payment.  Princess Maha is also believed to have knowledge of contacts with Plaintiff's family, including alleged efforts to obstruct Plaintiff from filing suit.  At the April 5, 2019 hearing, counsel for Defendants stated that Princess Maha or her staff may have been responsible for paying Ms. Tekle while she was employed by Defendants.  Plaintiff would like to question Princess Maha on these topics.

    Alaa Hamid: Mr. Hamid is believed to have knowledge about how much and how often Ms. Tekle was paid while working in Virginia during her time as a member of Defendants' domestic staff.  Plaintiff would like to question Mr. Hamid on this topic.

    Nelien Okba: Ms. Okba is believed to have knowledge about how Ms. Tekle was treated, how much Ms. Tekle was paid, and Ms. Tekle's complaints about her treatment and pay, during her time as a member of Defendants' domestic staff.  Ms. Okba is also believed to have knowledge as a firsthand witness of interactions between Ms. Tekle and Mrs. Al Saud.  Ms. Okba is also believed to have knowledge of the Defense team's travel to Eritrea and interactions with Ms. Tekle's family in Eritrea.  Plaintiff would like to question Ms. Okba on these topics.

    Necitas Megbanua Dmailig: Ms. Dmailig is believed to have knowledge about how Ms. Tekle was treated, and how much Ms. Tekle was paid, during her time as a member of Defendants' domestic staff.  Ms. Dmailig is also believed to have knowledge of the instances in which Ms. Tekle was escorted from Defendants' residence in Virginia and of Ms. Tekle's duties while traveling with the Defendants.  Plaintiff would like to question Ms. Dmailig on these topics.

Okba Gebreyesus: Ms. Gebreyesus is believed to have knowledge about how Ms. Tekle was treated during her time as a member of Princess Maha bint Mohammed bin Ahmad Al Sudairi's domestic staff and to have knowledge of her own contacts with Plaintiff's family, including of any alleged efforts to obstruct Plaintiff from filing suit. Ms. Gebreyesus is also believed to have knowledge about the role played by Defendants and/or their family members in any efforts to contact Plaintiff and/or Plaintiff's family, including alleged efforts to obstruct Ms. Tekle from filing her claim. Plaintiff would like to question Ms. Gebreyesus on these topics.

The above witnesses are positioned to provide testimony on central allegations of Ms. Tekle's claims and matters that are central to Ms. Tekle's defenses to the counterclaim. These witnesses have substantial personal knowledge of facts relevant to the issues in this litigation. Some of that information may not be available from any witnesses other than these—or other similarly located—individuals in Saudi Arabia represented by Ms. Abdulghani.

For the foregoing reasons, Plaintiff respectfully requests that this Court issue the Letter Rogatory attached as Exhibit A, directed to the appropriate judicial authority in the Kingdom of Saudi Arabia, requesting that they compel the appearance of Princess Maha bint Mohammed bin Ahmad Al Sudairi, Okba Gebreyesus, Alaa Hamid, Nelien Okba, and Necitas Megbanua Dmailig, represented by Asrar Abdulghani, The Law Office of Motasem Khashoggi, Al Hamra Plaza, Palestine Road - PO Box 3127, Jeddah, Saudi Arabia 21471, at an interview conducted by counsel for the Plaintiff, not to exceed a period of seven hours if in English or 14 hours if translation is required, at a time and place convenient for the witnesses.

Dated: April 24, 2019                                     Respectfully submitted,

Richard F. Levy (*pro hac vice*)                          /s/ Nicholas Cooper Marritz
Andrew B. Cherry (*pro hac vice*)                         Nicholas Cooper Marritz, VSB #89795
JENNER & BLOCK LLP                                        LEGAL AID JUSTICE CENTER

6

353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>     *Plaintiff*,<br>  v.<br><br>NOUF BINT NAYEF ABUL-AZIZ AL SAUD,<br>MOHAMMAD BIN ABDULLAH AL SAUD<br><br>     *Defendants*. | Case No.: 1:18-cv-211 |

CERTIFICATE OF SERVICE

I certify that I uploaded the foregoing document to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

April 24, 2019

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org