**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SIMRET SEMERE TEKLE, <br><br>  *Plaintiff*, <br><br> v. <br><br> NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD <br><br> *Defendants*. | Case No.: 1:18-cv-211 |

To: The Judicial Authorities of the Kingdom of Saudi Arabia

The United States District Court for the Eastern District of Virginia presents its compliments to the appropriate judicial authority of the Kingdom of Saudi Arabia, and requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court requests international assistance to compel the appearance of Her Royal Highness Princess Maha bint Mohammed bin Ahmad Al Sudairi, Okba Gebreyesus, Alaa Hamid, Nelien Okba, and Necitas Megbanua Dmailig, (collectively, "the Witnesses"), at an interview conducted by counsel for the Plaintiff in the above-captioned matter, not to exceed a period of seven hours if in English or 14 hours if translation is required, at a time and place convenient for the Witnesses sometime before May, 24, 2019. The Witnesses are all represented by Asrar Abdulghani, The Law Office of Motasem Khashoggi, Al Hamra Plaza, Palestine Road - PO Box 3127, Jeddah, Saudi Arabia 21471. This Court requests the assistance described herein as necessary in the interests of justice.

I.      **Summary of this Action as Alleged In the Pleadings**

Plaintiff Ms. Tekle brought this action in February 2018.  This action arises from Ms. Tekle's claims against her former employers, Defendants Prince Mohammad bin Abdullah al Saud and Princess Nouf bint Nayef Abdul-Aziz al Saud ("Defendants").  Ms. Tekle worked as a domestic servant for Defendants in Virginia from September 2011 through April 2012.  Prior to September 2011, Ms. Tekle worked as a domestic servant to Her Royal Highness Princess Maha bint Mohammed bin Ahmad Al Sudairi, the mother of Princess Nouf bint Nayef Abdul-Aziz al Saud.  Ms. Tekle alleges that when she agreed to go work for Defendants in the United States she signed a contract that promised that she would be paid $4500 per month, work eight hours per day, and be given two days off per week.  However, she alleges that she was paid only a total of $3000 over the seven months she worked, received no days off, and worked well in excess of eight hours per day.  She also alleges that Defendants withheld her passport and that she forced to work due to Defendants' enforced isolation, threats of serious harm, and threatened abuse of legal process.  Dkt. 53, Dkt. 65 at 1.

In her five-count Second Amended Complaint, Ms. Tekle, who served as a domestic servant in the United States to Defendants, alleges (i) that she was brought to the United States from Saudi Arabia by Defendants for the purpose of involuntary servitude and forced labor, in violation of 18 U.S.C. § 1590; (ii) that she was forced and coerced into labor through a scheme, plan, pattern and practice of physical and psychological abuse, enforced isolation, threats of serious harm, and threatened abuse of legal process, in violation of 18 U.S.C. § 1589; (iii) that Defendants withheld her travel documents, including her passport, in furtherance of their human trafficking scheme, in violation of 18 U.S.C. § 1592; (iv) that Defendants involuntarily enslaved her for a period of seven months and would not permit her to leave, in violation of 18 U.S.C.

§ 1584; and (v) that Defendants breached the terms of the parties' contract by failing to pay Ms. Tekle the agreed sums and by forcing her to work more than forty hours per week. Dkt. 65.

Defendants vigorously deny all of Ms. Tekle's claims. Defendants have brought a counterclaim for defamation against Ms. Tekle alleging that she published false information about the Defendants by passing along information about her alleged human trafficking to a reporter at the Washington Post.

## II. Assistance Requested

A. The assistance requested is that a court of competent jurisdiction in the Kingdom of Saudi Arabia compel the appearance of the individuals named below to give testimony in their individual capacities, at an interview conducted by counsel for the Plaintiff in the above-captioned matter, not to exceed a period seven hours if in English or 14 hours if translation is required, at a time and place convenient for the Witnesses:

> Princess Maha bint Mohammed bin Ahmad Al Sudairi
> Represented by Asrar Abdulghani
> The Law Office of Motasem Khashoggi
> Al Hamra Plaza, Palestine Road - PO Box 3127
> Jeddah, Saudi Arabia 21471
> a.abdulghani@khashoggilaw.com

> Okba Gebreyesus
> Represented by Asrar Abdulghani
> The Law Office of Motasem Khashoggi
> Al Hamra Plaza, Palestine Road - PO Box 3127
> Jeddah, Saudi Arabia 21471
> a.abdulghani@khashoggilaw.com

> Alaa Hamid
> Represented by Asrar Abdulghani
> The Law Office of Motasem Khashoggi
> Al Hamra Plaza, Palestine Road - PO Box 3127
> Jeddah, Saudi Arabia 21471
> a.abdulghani@khashoggilaw.com

      Nelien Okba
      Represented by Asrar Abdulghani
      The Law Office of Motasem Khashoggi
      Al Hamra Plaza, Palestine Road - PO Box 3127
      Jeddah, Saudi Arabia 21471
      a.abdulghani@khashoggilaw.com

      Necitas Megbanua Dmailig
      Represented by Asrar Abdulghani
      The Law Office of Motasem Khashoggi
      Al Hamra Plaza, Palestine Road - PO Box 3127
      Jeddah, Saudi Arabia 21471
      a.abdulghani@khashoggilaw.com

      Alaa Hamid, Nelien Okba, and Necitas Megbanua Dmailig, are all employees of the Defendants in this case, His Royal Highness Prince Mohammad bin Abdullah al Saud and Her Royal Highness Princess Nouf bint Nayef Abdul-Aziz al Saud. Okba Gebreyesus is employed by Princess Maha bint Mohammed bin Ahmad Al Sudairi, the mother of Princess Nouf bint Nayef Abdul-Aziz al Saud.

      Princess Maha bint Mohammed bin Ahmad Al Sudairi: Princess Maha is believed to have knowledge about how Ms. Tekle was treated during her time as a member of Princess Maha bint Mohammed bin Ahmad Al Sudairi's domestic staff. Princess Maha is also believed to have knowledge of how Ms. Tekle came to be employed by Defendants, the terms of her employment, and her pay, including method of payment. Princess Maha is also believed to have knowledge of contacts with Plaintiff's family, including alleged efforts to obstruct Plaintiff from filing suit. Ms. Tekle would like to question Princess Maha on these topics.

      Alaa Hamid: Mr. Hamid is believed to have knowledge about how much and how often Ms. Tekle was paid while working in Virginia during her time as a member of Defendants' domestic staff. Ms. Tekle would like to question Mr. Hamid on these topics.

Nelien Okba: Ms. Okba is believed to have knowledge about how Ms. Tekle was treated, how much Ms. Tekle was paid, and Ms. Tekle's complaints about her treatment and pay, during her time as a member of Defendants' domestic staff.  Ms. Okba is also believed to have knowledge as a firsthand witness of interactions between Ms. Tekle and Mrs. Al Saud.  Ms. Okba is also believed to have knowledge of the Defense team's travel to Eritrea and interactions with Ms. Tekle's family in Eritrea.  Ms. Tekle would like to question Ms. Okba on these topics.

Necitas Megbanua Dmailig: Ms. Dmailig is believed to have knowledge about how Ms. Tekle was treated, and how much Ms. Tekle was paid, during her time as a member of Defendants' domestic staff.  Ms. Dmailig is also believed to have knowledge of the instances in which Ms. Tekle was escorted from Defendants' residence in Virginia and of Ms. Tekle's duties while traveling with the Defendants. Ms. Tekle would like to question Ms. Dmailig on these topics.

Okba Gebreyesus: Ms. Gebreyesus is believed to have knowledge about how Ms. Tekle was treated during her time as a member of Princess Maha bint Mohammed bin Ahmad Al Sudairi's domestic staff and to have knowledge of her own contacts with Plaintiff's family, including of any alleged efforts to obstruct Plaintiff from filing suit.  Ms. Gebreyesus is also believed to have knowledge about the role played by Defendants and/or their family members in any efforts to contact Plaintiff and/or Plaintiff's family, including alleged efforts to obstruct Ms. Tekle from filing her claim.  Ms. Tekle would like to question Ms. Gebreyesus on these topics.

The Witnesses are positioned to provide testimony on central allegations of Ms. Tekle's claims and matters that are central to Ms. Tekle's defenses to the counterclaim. The Witnesses have substantial personal knowledge of facts relevant to the issues in this litigation.  Some of that

information may not be available from any other witnesses than these Witnesses in Saudi Arabia represented by Ms. Abdulghani.

      **B.**      This Court is a competent court of law and equity; it has jurisdiction over the subject matter of this dispute and the parties; and it has authority to compel the attendance of witnesses to testify regarding any matter that is relevant to the subject matter of the pending action. The testimony of this witness is sought for use at trial. The evidence sought also is not otherwise obtainable either voluntarily or through this Court's compulsory process. Therefore, this Court respectfully requests that, in the interest of justice, you issue appropriate orders, subpoenas, or other compulsory process necessary to compel the attendance of the witness listed above to provide oral testimony for use at trial concerning the subject matter of this litigation, including the topics specified above.

      This Court further requests that the witness be given an oath or affirmation by a person empowered under your law to administer oaths and affirmations; that the testimony of the witness be recorded in writing by a qualified court reporter and videotaped; that the recordings of the deposition be authenticated; and that the authenticated record and videotape be delivered to Plaintiff's and Defendants' counsel.

      The United States District Court for the Eastern District of Virginia assures the judicial authorities of the Kingdom of Saudi Arabia that the courts of the United States are authorized by statute, 28 U.S.C. § 1782, et seq., to assist foreign tribunals in the execution of similar requests.

      Dated: _____, 2019.

                                                                                                       BY THE COURT

                                                                                                   _____