IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIMRET SEMERE TEKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18cv0211 (TSE/JFA) |
| ) | |
| NOUF BINT NAYEF ABUL-AZIZ AL ) | |
| SAUD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **ORDER**

This matter is before the court on defendants' motion for order of examination pursuant to Fed. R. Civ. P. 35 and modification of rebuttal expert disclosure deadline. (Docket no. 103). Having reviewed the motion, the memorandum in support (Docket no. 104), plaintiff's opposition (Docket no. 111), and defendants' reply (Docket no. 112), the court finds that the issues presented are addressed adequately in these pleadings and no oral argument in needed.

Defendants' motion first requests that the court order the plaintiff to undergo an independent medical examination ("IME") by Dr. Eindra Khin Khin, a board certified psychiatrist, pursuant to Federal Rule of Civil Procedure 35. Having reviewed the allegations in the Second Amended Complaint and the statements contained in plaintiff's expert report concerning the nature and extent of plaintiff's claimed emotional harm (Docket no. 104 at 3-4), the court finds that the claims in this matter far exceed "garden variety" allegations of emotional distress and the defendants have shown sufficient good cause to require the plaintiff to submit to an IME by a psychiatrist. Other than arguing that plaintiff's expert did not perform the testing outlined in defendants' motion, plaintiff has not argued that the manner of the examination or the

testing proposed by the defendants is excessive or improper. Accordingly, the court will require that plaintiff undergo a standard forensic psychiatric evaluation that may include the testing set forth in defendants' motion. While defendants' motion indicates the examination and testing is expected to last 4-5 hours, the court will limit any examination and testing to four hours.

The second request in defendants' motion is to enlarge the expert disclosure deadlines to accommodate Dr. Khin Khin's schedule. While the pleadings contain considerable unnecessary finger pointing as to the timing of the production of medical records, the lack of diligence in pursuing an IME, and Dr. Khin Khin's inability to conduct an IME until after the discovery period closes in this matter, the court finds that good cause exists for enlarging the discovery period for the limited purpose of plaintiff undergoing an IME as set forth above, defendants' providing an expert report based on the IME, and the plaintiff having an opportunity depose Dr. Khin Khin if necessary. If, after reviewing Dr. Khin Khin's report, plaintiff wishes to submit a rebuttal report, plaintiff may seek leave to do so.[1]

For the reasons stated above, the defendants' motion is granted in part. Plaintiff shall be required to attend an IME by Dr. Khin Khin during the week of May 24, 2019 at a time to be agreed to by the parties. The IME shall be limited to four hours and defendants shall provide an interpreter if needed. The discovery deadlines shall be enlarged only in the following respects: (1) plaintiff shall attend an IME to be performed by Dr. Khin Khin during the week of May 24, 2019, (2) defendants shall serve any expert report based solely on the results of the IME by May 31, 2019, (3) if requested by the plaintiffs, defendants shall make Dr. Khin Khin available for a deposition on or before June 10, 2019. Given the nature of the IME and its bearing only on the

---

[1] The court agrees with plaintiff that any report from Dr. Khin Khin is a report from the defendants and is not to be considered a rebuttal report under our Local Rules.

issues of damages, no other deadlines, including any deadline for the filing of motions for summary judgment, are modified by this order.

    Entered this 1st day of May, 2019.

                                                      /s/
                                         John F. Anderson
                                         United States Magistrate Judge

Alexandria, Virginia