**Exhibit B to Declaration of Satenik "Sati" Harutyunyan
Letter to Sati Harutyunyan, Jenner & Block LLP,
from John L. Brownlee and Stuart G. Nash, Holland & Knight LLP (April 29, 2019)**

# Holland & Knight

800 17th Street, NW, Suite 1100 | Washington, DC 20006 | T 202.955.3000 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

John L. Brownlee
(703) 720-8053
john.brownlee@hklaw.com

Stuart G. Nash
(202) 469-5158
stuart.nash@hklaw.com

April 29, 2019

**VIA EMAIL**

Sati Harutyunyan, Esq.
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001-4412
sharutyunyan@jenner.com

    Re:    *Tekle v. al Saud*

Dear Sati:

    Please accept this letter as our response to your letter dated April 26, 2019. First, as we explained in our correspondence of April 4 and 10, an overwhelming number of cases recognize our clients' right to be deposed at their residence in Jeddah, Saudi Arabia. You assert that *Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603190 (E.D. Va. June 6, 2014) is "binding" authority in this matter, and we submit that the holding of *Swimways* is both unambiguous and dispositive on this issue. *Id*. at *1 ("[W]hen a defendant/counterclaimant is determined to be a compulsory counterclaimant, then the defendant remains entitled to protection from deposition anywhere but his or her residence or business location, and is not required to submit to a deposition at the place designated by the plaintiff within the district.") (internal quotation marks and citation omitted).

    Your half-hearted attempts to distinguish *Swimways* are entirely unavailing. The court in *Swimways* was clearly inclined to order the deposition of the defendant/counterclaimant to occur in Guangzhou, China but for the fact that the prevailing law in Guangzhou did not permit such depositions. Hong Kong was approved by the court as the most convenient location for the defendant/counterclaimant, at a location *within* China that allowed for such depositions. Your claim that Hong Kong is a location outside of China is simply mistaken. *See* U.S. Bilateral Relations Fact Sheets, U.S. Relations With Hong Kong, July 17, 2018 ("Hong Kong is a Special Administrative Region of the People's Republic of China.") We remain confident that the law on this issue is indisputably in our favor, and our clients are not inclined to travel to London, or anywhere else, to have their depositions taken.

Sati Harutyunyan, Esq.
Jenner & Block LLP
April 29, 2019
Page 2

We also can assure you that your safety concerns regarding the Kingdom of Saudi Arabia are unfounded. Empirically, Saudi Arabia is safer than the United States, by a wide margin. We also can assure you, from personal experience, that Jeddah is a pleasant and welcoming city. We are somewhat surprised to hear that the issue of visa sponsorship poses an impediment to a firm with the global presence of Jenner & Block. But if that continues to pose an obstacle for you, we would be happy to assist you in locating a sponsor.

Finally, we remain committed to working with you to find mutually convenient dates to conduct the depositions in Jeddah prior to the close of the discovery period. Unfortunately, in the 25 days that elapsed between when we initially proposed dates to you and when you eventually responded to us last Friday, Stuart and I have both had to schedule commitments on the dates of May 9 and 10, so those dates are no longer available. Please let us know, at your earliest convenience, whether the last remaining set of dates we proposed—May 16 and 17—are agreeable to you.

Sincerely yours,

HOLLAND & KNIGHT LLP

John L. Brownlee
Stuart G. Nash
*Counsel for the al Sauds*

2