# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

**Simret Semere Tekle**,

       *Plaintiff*,

v.

**Nouf bint Nayef Abdul-Aziz Al Saud** and
**Mohammad bin Abdullah al Saud**,

     *Defendants*.

Case No.: 1:18-cv-211 (TSE/JFA)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*BAT LLC v. TD Bank, N.A.*,
  No. 15CV5839RRMCLP, 2018 WL 3626428 (E.D.N.Y. July 30, 2018) ............................6, 7

*Byard v. City and County of San Francisco*,
  2017 WL 988497 (N.D. Cal. Mar. 15, 2017).................................................................4, 5, 6, 8

*Disability Rights Council v. Wash. Metro. Area*,
  234 F.R.D. 1 (D.D.C. 2006)..............................................................................................7

*Gannon v. United States*,
  No. CIV.A.03-6626, 2006 WL 2927639 (E.D. Pa. Oct. 6, 2006).............................................3

*Joseph L. v. Connecticut Dep't of Children & Families*,
  225 F.R.D. 400 (D. Conn. 2005)................................................................................4

*Leonard v. Univ. of Delaware*,
  No. CIV.A. 96-360 MMS, 1997 WL 158280 (D. Del. Mar. 20, 1997) ....................................4

*Margulis v. Euro-Pro Operating, LLC*,
  No. 4:12-CV-2371 CAS, 2013 WL 5442702 (E.D. Mo. Sept. 30, 2013)..................................4

*Misco, Inc. v. U.S. Steel Corp.*,
  784 F.2d 198 (6th Cir. 1986) ............................................................................................3

*Pittsburgh Hotels Ass'n v. Urban Redevelopment Auth. of Pittsburgh*,
  29 F.R.D. 512 (W.D. Pa. 1962) ........................................................................................6

*Powell v. Tosh*,
  No. 5:09CV-121-R, 2011 WL 1740211 (W.D. Ky. May 5, 2011) ...........................................4

*Rapp v. Laufers*,
  No. 17-CV-948-BBC, 2019 WL 121105 (W.D. Wis. Jan. 7, 2019) .....................................4, 6

*Robinson v. Stanley*,
  No. 06 C 5158, 2009 WL 3233909 (N.D. Ill. Oct. 8, 2009) ......................................................5

*Stokes v. Interline Brands Inc*,
  No. C-12-05527 JSW (DMR), 2013 WL 6056886 (N.D. Cal. Nov. 14, 2013) ....................3, 6

*Tamas v. Family Video Movie Club, Inc.*,
  301 F.R.D. 346 ..............................................................................................................5, 8

*Taylor v. Great Lakes Waste Servs.*,
   No. CIV.A. 06-CV-12312DT, 2007 WL 422036 (E.D. Mich. Feb. 2, 2007) ....................3, 4, 7

*U.S. ex rel. Davis v. Prince*,
   753 F. Supp. 2d 561 (E.D. Va. 2010) ........................................................................................1

*Wigler v. Electronic Data Systems Corp.*,
   108 F.R.D. 204 (D. Md. 1985) ............................................................................................3, 5

OTHER AUTHORITIES

Fed. R. Civ. P. 26(c)(1) ..........................................................................................................1, 3

Federal Rules of Civil Procedure Rule 26(c) .......................................................................1, 3, 8

Rule 26(b)(2)(A) ..........................................................................................................................2

Rule 33 .......................................................................................................................................8

Rule 36 ...............................................................................................................................2, 4, 5

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves the Court, by and through undersigned counsel, to enter a protective order relieving Plaintiff of the burden of responding to the 1,994 requests for admission propounded by Defendants.

## I. INTRODUCTION

At the eleventh hour of the close of written discovery, Defendants served Plaintiff with a staggering 1,994 requests for admission. Courts routinely find that even far fewer requests for admission are overly burdensome and oppressive. In addition, many of Defendants' requests for admission are substantively improper: they seek admissions relating to contested legal issues at the heart of this case.

Plaintiff offered to enter into a stipulation about the authenticity of the relevant documents and answer a reasonable number of Requests for Admission. Defendants refused to reduce their requests to a reasonable number, insisting that 1,994 requests were not overly burdensome.

A protective order is therefore warranted.

## II. LEGAL STANDARD

Under the Federal Rules "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden of showing "good cause" for its issuance. *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

Requests for admission are governed by Rule 36. Fed. R. Civ. P. 36. Rule 26(b)(2)(A) gives the court the power to "limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A).

## III.  BACKGROUND

Late on April 24, 2019, the last day to submit written discovery, Defendants served Plaintiff with 1,994 requests for admission, constituting one hundred twenty-one (121) pages. *See* Declaration of Sati Harutyunyan, filed herein, ("Harutyunyan Decl."), Ex. 1 (Defendants' First RFAs).

Plaintiff's counsel immediately notified Defendants' counsel that the sheer volume of requests was abusive and that many of the requests were improper. On April 26, 2019, counsel met and conferred.

Plaintiff's counsel offered to enter into a stipulation about the authenticity of the 259 photographs and videos that were the subject of the requests. Harutyunyan Decl., Ex. 2. Plaintiff also suggested that Defendants withdraw their requests for admissions and re-serve Plaintiff with a reasonable number proportionate to the needs of the case. Harutyunyan Decl., Ex. 2. Plaintiff explained that:

> We noted that on April 24, you served Plaintiff's counsel with 1,994 requests for admissions. We stated our belief that such a large number of RFAs is on its face unduly burdensome and disproportionate to the needs of a one-plaintiff case, and that this position is supported by ample case law. We also noted that these RFAs do not serve the purpose of the Federal Rules that govern discovery. We noted that many of the individual requests for admission are also substantively improper for various reasons, such as calling for legal conclusions or asking for the admission of facts in pleadings that have since been superseded.

> *Id*.

Defendants' counsel declined to withdraw or lower the number of requests, stating that 1,994 requests was reasonable. *Id*.

# IV.  ARGUMENT

## A.    Defendants' 1,994 Requests For Admission Are By Their Sheer Volume Abusive, Oppressive, And Unduly Burdensome.

One-thousand, nine hundred and ninety-four (1,994) requests for admission in a single-plaintiff case is excessive and abusive.  While the Federal Rules of Civil Procedure do not state a limit on the number of requests for admission available to a party, under Rule 26(c), a court may limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. Proc. 26(c)(1).  Courts regularly limit requests for admission where the volume of requests is oppressive, unduly burdensome, and disproportionate to the needs of the case.  Many courts limit requests for admission to 25 per party under local rules.  *Taylor v. Great Lakes Waste Servs.*, No. CIV.A. 06-CV-12312DT, 2007 WL 422036 (E.D. Mich. Feb. 2, 2007).

The number of requests for admission propounded here – 1,994 – is, by any measure, oppressive.  *See Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 205-206 (D. Md. 1985) (granting protective order because 1,664 requests for admission "clearly impose an undue burden": "[a]nswering these requests in a conscientious and timely way would have taxed the powers of Hercules, even before he cleaned the Augean Stables."); *see also Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 206 (6th Cir. 1986) (2,028 requests for admission was abuse of discovery process, particularly because many were improper); *Stokes v. Interline Brands Inc*, No. C-12-05527 JSW (DMR), 2013 WL 6056886, at *2 (N.D. Cal. Nov. 14, 2013) ("sheer volume" of 1,059 requests for admission "is unduly burdensome and oppressive"); *Gannon v. United States*, No. CIV.A.03-6626, 2006 WL 2927639, at *1 (E.D. Pa. Oct. 6, 2006) (1,407 requests "are grossly excessive in number and are therefore abusive, burdensome and oppressive.  The burden and expense of responding to these requests for admissions far outweighs any possible

3

benefit"). It is conceivable that a case could exist in which thousands of RFAs might be justified. This is not that case. Ms. Tekle, a single plaintiff, has brought breach of contract and forced labor claims against a husband and wife for abuse spanning seven months. This is not a complex multi-district antitrust litigation involving many corporate defendants.

Courts routinely grant protective orders when faced with far fewer requests than the thousands served here; courts disallow requests for admission that run into the mere hundreds on the grounds that they are abusive, unreasonable, and oppressive. *Rapp v. Laufers*, No. 17-CV-948-BBC, 2019 WL 121105, at *2 (W.D. Wis. Jan. 7, 2019) ("362 RFAs is just too many"); *Byard v. City and County of San Francisco*, 2017 WL 988497 (N.D. Cal. Mar. 15, 2017) (531 requests for admission "abusive, oppressive, and overly burdensome"); *Margulis v. Euro-Pro Operating, LLC*, No. 4:12-CV-2371 CAS, 2013 WL 5442702 at *4 (E.D. Mo. Sept. 30, 2013) (154 RFAs is too many: "sheer number of admissions sought by plaintiff in his first request for admissions is, on its face, abusive of the process intended by Rule 36"); *Powell v. Tosh*, No. 5:09CV-121-R, 2011 WL 1740211, at *3 (W.D. Ky. May 5, 2011) (300 requests for admission are too many and "an abuse of the discovery process"); *Taylor v. Great Lakes Waste Servs.*, No. CIV.A. 06-CV-12312DT, 2007 WL 422036, at *2 (E.D. Mich. Feb. 2, 2007) (297 requests for admission are "oppressive and unduly burdensome"); *Joseph L. v. Connecticut Dep't of Children & Families*, 225 F.R.D. 400, 403 (D. Conn. 2005) (163 requests for admission are "excessive to the point of being abusive"); *Leonard v. Univ. of Delaware*, No. CIV.A. 96-360 MMS, 1997 WL 158280, at *7 (D. Del. Mar. 20, 1997) (800 requests are "oppressive").

Indeed, the court in *Wigler*, considered 1,664 requests so oppressive, that it *sua sponte* considered the imposition of sanctions but stopped short, holding "it should be clear henceforth to all counsel that the plain overkill in requesting admissions will be viewed with utmost

disfavor." *Wigler*, 108 F.R.D. at 207. Therefore, the sheer volume of requests Defendants

served in this single-plaintiff case is excessive and abusive, and warrants a protective order.

**B.     The Bulk of Defendants' 1,994 Requests are Improper.**

Rule 36 is not a discovery tool in the traditional sense, but rather a procedure for

obtaining admissions for the record of facts already known, eliminating the necessity of proving

essential undisputed and peripheral issues of fact, and narrowing the range of issues for trial.

*E.g. Byard*, 2017 WL 988497 at *1; *Wigler*, 108 F.R.D. at 206; *Robinson v. Stanley*, No. 06 C

5158, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009); Advisory Comm. Notes to 1970

Amendment to FRCP 36. The Requests should be simple and direct so they can be readily

admitted or denied, and the statement of fact sought to be admitted must be phrased so that it can

be admitted or denied without explanation. *Tamas v. Family Video Movie Club, Inc*., 301 F.R.D.

346, 347 (citing *United Coal Co. v. Powell Constr. Co*., 839 F.2d 958, 968 (3d Cir.1988)).

The bulk of Defendants' First Requests for Admission are improper. Instead of

narrowing issues and eliminating the matters on which the parties can agree, Defendants'

requests address central facts that are the heart of this dispute and attempt to establish

conclusions of law. Others are cumulative of discovery already taken or seek to circumvent the

limit on permissible interrogatories.

At the outset, Plaintiffs offered to enter into a stipulation on the authenticity of the

relevant documents, rather than requiring the parties to engage in a burdensome exchange of

requests for admission on document authentication. Defendants refused.

Plaintiff also suggested that Defendants withdraw their voluminous requests and that in

exchange, they would answer a reasonable number of Requests for Admission. Again,

Defendants refused.

The sheer volume of requests served by Defendants makes even sorting the good from the bad unduly burdensome. *See BAT LLC v. TD Bank*, N.A., No. 15CV5839RRMCLP, 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018 (157 requests were overly burdensome because "[i]t emphatically is not the job of the Court to correct a party's sloppy drafting or intentionally overreaching discovery requests"); *Wigler,* 108 F.R.D. 204 at 205 ("the defendant's requests represent an attempt not just to nail down the core facts of the case, but also to pick every nit that a squad of lawyers could possibly see in it"); *Pittsburgh Hotels Ass'n v. Urban Redevelopment Auth. of Pittsburgh*, 29 F.R.D. 512, 513 (W.D. Pa. 1962) ("Where valid and invalid requests are intermingled, the court need not attempt to sort the good from the bad").

Many courts have adopted the approach suggested by Plaintiff, holding it was not in the interest of judicial economy to sort through thousands of requests and instead required the propounding party to re-serve 10 or 25 proper requests for admission. *E.g., Rapp v. Laufers*, No. 17-CV-948-BBC, 2019 WL 121105, at *4 (W.D. Wis. Jan. 7, 2019) (holding "[t]he court is not going to sort through the RFAs to point out which ones it deems acceptable amidst the hundreds that defendants properly have challenged" and granting pro se plaintiff a "mulligan" to serve limited discovery); *Byard*, 2017 WL 988497 at *2 (requiring party to identify **10** RFAs out of hundreds served); *Stokes*, 2013 WL 6056886, at *2-3 (N.D. Cal. Nov. 14, 2013) ("[i]n the interest of judicial economy, this court declines to determine the propriety of each of Defendant's 1,059 requests for admission" and permitting Defendants to select **25** requests to which Plaintiff must respond).

To the extent the Court wishes to evaluate the 1,994 RFAs individually, Plaintiff has identified the following major improprieties.

It is blackletter law that requests that seek to establish central facts in dispute or to admit conclusions of law are improper. *E.g.*, *BAT LLC v. TD Bank, N.A.*, No. 15CV5839RRMCLP, 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018); *Taylor v. Great Lakes Waste Servs.*, No. CIV.A. 06-CV-12312DT, 2007 WL 422036 (E.D. Mich. Feb. 2, 2007); *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion.")

Hundreds of requests here ask Plaintiff to admit legal conclusions: "Admit that, at the time DFDS 00001 was taken, You were not being held in involuntary servitude"; "You alleged in your Second Amended Complaint that 'Defendants knowingly obtained Ms. Tekle's forced and coerced labor through a scheme, plan, pattern and practice of physical …. abuse.' Admit that statement is untruthful." (ellipsis in original); "You allege in your original Complaint that 'Defendants led Ms. Tekle to believe that if she … ran away,' she would be 'arrested and deported.' Admit that this is an accurate statement of the immigration consequences that an A-3 visa holder would face for leaving the employment of their sponsor." (ellipsis in original).

Other requests address central issues that are the heart of this dispute, including whether Defendants' actions compelled or coerced Plaintiff to perform labor against her will or addressing Plaintiff's perceived ability to leave, e.g. "Admit that, while working for the Defendants, your passport was available to you, at your request, any time you wanted it."; "Admit that on those occasions, during the Defendants travels, when you were unsupervised by the Defendants, their agents, or their employees, you did nothing to attempt to flee or otherwise separate yourself from the family (other than the one occasion you purportedly called Hirity Deidrichs"); "Admit that, while working for Defendants, there was no physical impediment to you walking down the Defendants' street to any place you wanted to go."

Many other requests "are argumentative and clearly not drafted to narrow the issues to be tried in this case." *Byard*, 2017 WL 988497 at *2. For example, Defendants ask Plaintiff to: "Admit that, at the time DFDS 000031 was taken, you did not try to walk to a public place."; "Admit that at the time DFDS 000020 was taken, you were not terrified of the Defendants."

These are not proper requests for admission.

In addition to propounding 1,994 requests for admission, Defendants also propounded the following interrogatory:

> "For each Request for Admission, if Your response is anything other than an unqualified admission, state all facts that support Your response."

Harutyunyan Decl., Ex. 3.

As another court found, Defendants' decision to incorporate all of its RFAs into an interrogatory "confirms that Defendant knows its requests are not readily admitted or denied and suggests that Defendant is using the requests to circumvent the number of interrogatories allowed by Rule 33." *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014). For this additional reason, good cause exists for granting the protective order.

## V. <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court grant a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), relieving Plaintiff from the burden of responding to the 1,994 requests for admission propounded by the Defendants.

Dated: May 6, 2019

Respectfully submitted,

//s// Simon Sandoval-Moshenberg

Simon Sandoval-Moshenberg

VSB #77110

LEGAL AID JUSTICE CENTER

6066 Leesburg Pike, Suite 520

Falls Church, VA 22041

(703) 720-5605

simon@justice4all.org

Richard F. Levy (*pro hac vice*)

Andrew B. Cherry (*pro hac vice*)

Sati Harutyunyan (*pro hac vice*)

JENNER & BLOCK LLP

353 N. Clark Street

Chicago, IL 60654

(312) 923-2648

rlevy@jenner.com

Martina E. Vandenberg (*pro hac vice*)

Sarah L. Bessell (*pro hac vice*)

THE HUMAN TRAFFICKING LEGAL CENTER

1030 15th Street, NW #104B

Washington, DC 20005

(202) 716-8485

mvandenberg@htlegalcenter.org

Agnieszka M. Fryszman (*pro hac vice*)

COHEN MILSTEIN SELLERS & TOLL PLLC

1100 New York Avenue NW, Fifth Floor

Washington, DC 20005

(202) 408-4600

afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)

LE'AKE FESSEHA LAW OFFICE

901 S. Highland Street, Suite 312

Arlington, VA 22204

(703) 302-3410

leakef@hotmail.com

*Counsel for Plaintiff Simret Semere Tekle*

## <u>CERTIFICATE  OF SERVICE</u>

I certify  that I uploaded Plaintiff's  Memorandum  in Support of Motion  for a Protective

Order (as well as all attachments  thereto) to the Court's CM/ECF system today, which  will  cause

a Notice of Electronic  Filing  and a link  to the document  to be sent to all counsel of record:


John Leslie  Brownlee
*john.brownlee@hklaw.com*
Holland  and Knight, LLP
800 17th Street N.W.
Suite  1100
Washington,  DC 20006
202.955.3000


May 6, 2019

//s//  Simon  Sandoval-Moshenberg
Simon  Sandoval-Moshenberg
VSB #77110
LEGAL  AID JUSTICE CENTER
6066 Leesburg  Pike, Suite  520
Falls  Church,  VA 22041
(703) 720-5605
simon@justice4all.org