UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**Simret Semere Tekle**,

   *Plaintiff*,

v.

**Nouf bint Nayef Abdul-Aziz Al Saud** and **Mohammad bin Abdullah al Saud**,

   *Defendants*.

Case No.: 1:18-cv-211

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
HER MOTION FOR A PROTECTIVE ORDER TO RELIEVE PLAINTIFF OF THE
BURDEN OF RESPONDING TO 1,994 REQUESTS FOR ADMISSION**

  Defendants ignore the authority from within this Circuit holding that the 1,994 requests for admission propounded here "clearly impose an undue burden." *E.g, Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 205 (D. Md. 1985); Dkt 126 at 3 (citing cases). As *Wigler* explained, filing so many requests is "unjustifiable" and answering that many "in a conscientious and timely way would have taxed the powers of Hercules." Indeed, *Wigler* considered 1,664 requests so oppressive, that it *sua sponte* considered the imposition of sanctions but stopped short, holding "it should be clear henceforth to all counsel that the plain overkill in requesting admissions will be viewed with utmost disfavor." *Wigler*. 108 F.R.D. at 207. If counsel and Plaintiff spent just two minutes on each request (including reading the request, translating the

request into Tigrinya, and answering it[1]), answering the RFAs will take 66 hours and cost thousands of dollars in translation time alone.

Defendants argue that 1,903 of the Requests are not a substantial burden because they involve looking at photographs and answering the same eight questions about each photograph. Taking the first request as an example: Defendants ask Plaintiff to admit a photograph is "authentic" – but these are the documents that Defendant produced, not Plaintiff's own documents. While Plaintiff can easily determine that her own documents are authentic, she cannot easily authenticate the documents produced by Defendants. She did not take the photographs, she may not remember the locations or timing of the photographs, she does not who took them, who stored them or if anyone altered them. For that reason, the cases cited by Defendants are inapposite and fail to support their argument. In *Sequa v. Gelmin*, No. 91 Civ. 8675, 1993 WL 350029 (S.D.NY Sept. 7, 1993), the "vast bulk" of the 1,444 requests[2] sought confirmation that bank statements produced by the defendants themselves reflected the reported transaction. That sort of Request for Admission about a party's own documents is readily answered and saves both parties time and effort. Defendants' requests are not like the requests in *Sequa*.

Defendants did not cite a single other case in which a court permitted over 1,000 Requests for Admission upon a single individual defendant. Defendants only other authority, *Layne Christensen Co. v. Purolite*, No. 09–2381, 2011 WL 381611, *6 (D. KS Jan. 25, 2011),

---

[1] Some of the requests ask about videos, which vary in length. Defendants did not bother to attach any of the over 200 photographs to their requests.

[2] It bears noting that 1,444 is still about a third fewer requests than the number served here and the Requests were served on corporate defendants – financial institutions – not an individual. In *Synthes v. Globus Medical*, No. 04-1235, 2006 WL 3486544 (E.D.Pa. Nov. 29, 2006), the plaintiffs had served separate sets of requests of 126, 64, 250 and 118, for a total of 622 – far fewer than served here -- in a complex case involving corporate defendants.

involved corporate defendants and complex patent claims, and even there only 277 requests were served on one corporate defendant and 329 were served upon another — over 1,500 requests *fewer* per defendant than served here. Plaintiffs have not found a case where a court denied a protective order when faced with the staggering number of requests served here, particularly where, as here, none of the requests concern the authenticity of Plaintiffs' own documents. To the contrary, courts routinely grant protective orders when faced with far fewer requests, routinely disallowing requests for admission that run into the mere hundreds because the volume is abusive, unreasonable, and oppressive. Dkt 126 at 3 (citing cases). Defendants fail to even acknowledge this authority.

Courts also recognize that the sheer volume of requests makes it difficult to sort the good from the bad. Dkt126 at 6 (citing cases); *See also* Fed. R. Civ. P 36, advisory committee's notes to 1970 amendment. (requests to admit may be voluminous and so framed that the answer party finds the task of identifying what is in dispute and what is not unduly burdensome). For that reason, courts frequently adopt the approach proposed by Plaintiffs: that Defendants select 25 requests to which Plaintiff must respond. Dkt126 at 6.

Defendants argue their requests are proper, Dkt. 152 at 11, but do not address the objections actually served by Plaintiffs – which run hundreds of pages. It is thus premature to address the objections and propriety of each request.

## CONCLUSION

For the above reasons, Plaintiffs' motion for a protective order should be granted.

Dated: May 16, 2019

Richard F. Levy (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)

Respectfully submitted,

/s/ Simon Sandoval-Moshenberg
Simon Sandoval-Moshenberg, VSB #77110

3

JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5605
simon@justice4all.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br><br>  v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211 |

# CERTIFICATE OF SERVICE

I certify that I uploaded Plaintiff's Reply Memorandum in Support of Her Motion for a Protective Order to Relieve Plaintiff of the Burden of Responding to 1,994 Requests for Admission to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

May 16, 2019

/s/ Simon Sandoval-Moshenberg
Simon Sandoval-Moshenberg, VSB #77110
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5605
simon@justice4all.org

5