# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>*Plaintiff*,<br>v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>*Defendants*. | Case No.: 1:18-cv-211 |

**PLAINTIFF SIMRET SEMERE TEKLE'S MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER AND MOTION FOR LEAVE TO SERVE ONE ADDITIONAL INTERROGATORY AND A LETTER ROGATORY**

Pursuant to Federal Rules of Civil Procedure Rules 16(b)(4) and 26(b), Plaintiff Simret Semere Tekle, by and through undersigned counsel, respectfully moves the Court to modify the pretrial Scheduling Order to allow Plaintiff to serve one additional interrogatory on Defendants past the deadline, for the purpose of submitting a Letter Rogatory. Plaintiff has diligently adhered to this Court's deadlines. This minor modification to the Scheduling Order is necessary only because Defendants misstated Plaintiff Tekle's counsel about the status of a key witness, identified late in discovery.

## I. BACKGROUND

In the April 5, 2019 hearing before Magistrate Judge Anderson, Defendants' counsel represented that Maha bint Mohammed bin Ahmad Al Sudairi ("Princess Maha") was Plaintiff Tekle's employer in the United States, rather than the Defendants. April 5, 2019 Hearing Tr. 12:23-24; 14:8-15:18. Surprised by this new revelation, which contradicted Defendants'

1

admissions in discovery, Plaintiff Tekle requested Princess Maha's contact information from Defendants. Plaintiff sought to include Princess Maha in a Letter Rogatory.

Defendants failed to amend their Initial Disclosures to include this new witness, now catapulted to a central figure in their case.[1] Rather than simply provide an address for this witness,[2] Defendants misled Plaintiff, telling her that the contact for Princess Maha was the same Saudi Arabian law firm that represents all of the other witnesses. *See* Ex. A, Email from Nicholas Marritz to Stuart Nash, et al. (April 9, 2019, 16:41 EDT). Relying on Defendants' misstatement, Plaintiff wrote to the firm, requesting an interview with Princess Maha. *See* Ex. B, Email from Martina Vandenberg to Asrar Abdulghani (April 21, 2019, 17:07 EDT).

This should have been a pro forma communication. Plaintiff's counsel had previously contacted the same Saudi Arabian firm in late March to request interviews with twelve witnesses who were identified in Defendants' initial and supplemental disclosures. Saudi Arabian counsel had quickly responded that none of the witnesses would agree to be contacted for interviews; none would appear voluntarily for depositions; and that Plaintiff would have to obtain a court order in order take any discovery. *See* Ex. C, Email from Asrar Abdulghani to Martina Vandenberg (April 5, 2019, 9:33 EDT). Expecting the same response, Plaintiff sent the request for Princess Maha to Saudi Arabian counsel.

Ten days later, and after the deadline for serving written discovery had passed, Defendants' misstatement about Princess Maha's legal contact information came to light. The law firm in Saudi Arabia finally responded, replying that, contrary to Defendants' statements, the firm did

---

[1] At the hearing, Defendants indicated that Princess Maha is an elderly woman and had a "support apparatus" to handle matters such as paying domestic workers. April 5, 2019 Hearing Tr. 12:23-24. Defendants could easily have made available the contact information for the "employer" embedded in this "support apparatus." Instead, Defendants made it impossible to contact this witness or any other new "employer" Defendants invented.
[2] Princess Maha is the mother of Defendant Nouf Bint Nayef Abdul-Aziz.

2

not represent Princess Maha. *See* Ex. D, Email from Asrar Abdulghani to Martina Vandenberg (May 1, 2019, 10:46 EDT).[3]

In response, Plaintiff removed Princess Maha from the Letter Rogatory and immediately requested new contact information for this witness. Defendants did not provide this information.

Plaintiff Tekle now seeks a minor revision to the Scheduling Order, designed only to repair the damage done – and delay caused by – Defendants' misrepresentation. Plaintiff diligently pursued this witness and sought to include her in the original Letter Rogatory. Defendants' misrepresentation thwarted those diligent efforts.

## II.     LEGAL STANDARD

Under Local Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." E.D. Va. Loc. Civ. R. 16(B). Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence. *McAfee v. Boczar*, 2012 WL 2499420 (E.D.Va. 2012) (citing *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006)). Diligence, and not prejudice to the non-moving party, is the determining factor. "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." *Lineras v. Inspiration Plumbing LLC*, No. 1:10cv324, 2010 WL 4623940, at *2 (E.D. Va. Nov.3, 2010) (citing *Richardson v. United States*, No. 5:08cv620, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010)).

---

[3] Plaintiff's counsel did not immediately inform Defendants' counsel about the email from the Saudi Arabian firm. Rather, Defendants wrote to Plaintiff's counsel to inform them that Princess Maha would not be represented, indicating that Defendants had been in touch with the Saudi Arabian lawyers. They could have corrected their error immediately, but did not.

3

## III. ARGUMENT

### A. There is Good Cause to Permit this Modification to the Scheduling Order

<u>1. Plaintiff Diligently Pursued this Discovery after Defendants Introduced Princess Maha as a Key Witness Late in the Discovery Process.</u>

Until Defendants' statements at the April 5 hearing, Plaintiff had no intention of deposing Princess Maha. Except for her role as Defendant Nouf Al Saud's mother and as Plaintiff's former abusive employer in Saudi Arabia, Princess Maha was not on Plaintiff's radar screen for discovery. Defendants' statements at the hearing changed that view:

> MR. NASH: Right, right. But what [Ms. Tekle] is not able to -- you know, what she hasn't provided any evidence to the Court about is whether our clients were the employer. That is something we discussed the last time we were before you, is there is no indication that our clients are her employer.
> It may well be because they borrowed Ms. Tekle from the mother, that her mother remained the employer.
> THE COURT: Well, how -- how could your clients sponsor her to be here in the United States when the employer is your client's mother in Saudi Arabia? I just --

Tr. 15:9-18.

Mr. Nash's statements directly contradict Defendants' admissions made in discovery. *See* Defendants' Responses to Plaintiff's First Requests for Admission (RFA #1: "Admit that You employed Ms. Tekle." Response: "Admitted." RFA #2: "Admit that You employed Ms. Tekle at any portion of the time period between September 1, 2011 and December 31, 2012." Response: "Admitted."). But for Defendants' new employment theory, Plaintiff would not have needed to depose Princess Maha at all.

<u>2. After Learning of Defendants' New Theory, Plaintiff Diligently Sought to Serve Princess Maha with a Letter Rogatory for Deposition</u>

Plaintiff had been diligently pursuing other witnesses – including witnesses in Saudi Arabia through the expensive and cumbersome Letter Rogatory process – but not Princess Maha. After

4

the April 5th hearing, Plaintiff worked diligently to serve Princess Maha, holding a meet and confer on April 9. In *Reese v. Virginia Intern. Terminals*, Inc., the court allowed extension of discovery period for depositions where there was a showing of diligence: "The plaintiffs first noticed these depositions on February 11, 2012, very early in discovery period, and he engaged in a continuing meet-and-confer dialogue with the defendants throughout the five-month discovery period, ultimately re-noticing these depositions for specified dates in June, shortly before his discovery deadline. Based on this record, it is clear that the plaintiff was diligent in his pursuit of these depositions." 286 F.R.D. 282 (E.D. Va. 2012).

Here, Plaintiff did not even know that Princess Maha might become a witness until the hearing on April 5. Unlike cases in which courts have refused to allow modifications to the Joint Discovery Plan, Plaintiff did not dawdle. *United States v. Juxtopia*, 2018 WL 3028610 (E.D. Va. Mar. 5, 2018) ("Defendants' opposition is silent as to why they waited until the end of the four month discovery period to serve their first set of discovery requests."). In contrast to the facts in *Juxtopia*, Plaintiff moved quickly, requesting a meet & confer with Defendants, obtaining contact information, emailing the firm in Saudi Arabia, and drafting the Letter Rogatory.

Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence. That is the case here. If Defendants had not provided incorrect information about Princess Maha's counsel, Plaintiff would not now be asking for this relief. Plaintiff did not learn until May 1, 2019 that the Saudi firm Defendants named did not represent Princess Maha. *See* Ex. D, Email from Asrar Abdulghani to Martina Vandenberg (May 1, 2019, 10:46 EDT).

Defendants' misstatement made it impossible for Plaintiff to serve this interrogatory within the time allotted in the Scheduling Order.

Plaintiff was surprised to learn on May 1, 2019 that Defendants had misled her about Princess Maha's counsel. Optimistically, Plaintiff assumed that Defendants had made this error inadvertently and would provide contact information for Princess Maha. On May 2, counsel sent an email to Defendants requesting updated contact information for Princess Maha. *See* Ex. E, Email Martina Vandenberg to Stuart Nash (May 2, 2019, 11:02 EDT). Defendants refused to provide any additional information that would permit Plaintiff to file another Letter Rogatory for Princess Maha. *See* Ex. F, Email Stuart Nash to Martina Vandenberg (May 2, 2019, 12:14 EDT).

Defendants' subsequent refusal to provide contact information for a witness they identified late in the process in order to correct a prior misrepresentation now necessitate this request for an interrogatory and additional time to serve a second Letter Rogatory, if necessary. There is good cause to allow this modification.

**B.    Plaintiff's Proposed Additional Interrogatory is Reasonable, Necessary, and Not Unduly Burdensome.**

The limitation on a party's interrogatories is not meant "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. These limitations are in place in order to allow courts to control the costs of litigation and prevent harassment. *Id. See also Safeco of America v. Rawstron,* 181 F.R.D. 441, 443 (C.D. Cal. 1998); *Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486, 492 (W.D.N.C. 1998).

Plaintiff Tekle seeks leave to serve the single following additional interrogatory on Defendants:

> Please provide information sufficient to contact and locate Princess Maha bint Mohammed bin Ahmad Al Sudairi, or her agent who is responsible for paying Plaintiff's salary as the "employer", including but not limited to stating his/her permanent address, current address, current location, current e-mail address, current telephone number.
>
> If either Princess Maha or her agent are represented by counsel, contact information for counsel may be provided in lieu of the requested information.

This interrogatory is reasonable, necessary, and not unduly burdensome. FRCP 26(b)(2), 33(a). The question of whether Plaintiff Tekle was paid her contractual wages – and how those wages were paid – is, as Defense counsel stated, "central to the case." April 5, 2019 Hearing Tr. 13:5.

The interrogatory and Letter Rogatory are necessary because this information is not readily obtainable from another source. *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 129 (2001) (denying additional interrogatories because plaintiff had opportunity to obtain the information through defendant's scheduled deposition). Plaintiff will not obtain this information through the Defendants' depositions any time soon, as their location is still a contested issue.[4] Furthermore, the deadline to serve subpoenas closed on May 13, 2019.[5] Either way, the Plaintiff would have to request the Court's permission to modify the Scheduling Order to allow for depositions of a key witness. This slight adjustment to the Scheduling Order is warranted under the good cause standard. Because of Defendants' misleading instructions on how to contact this witness, Plaintiff lost more than ten days in the tight discovery calendar. To remedy this harm, Plaintiff proposes *one* additional interrogatory to obtain a very specific piece of information: contact information for Princess Maha or her "support apparatus." Hearing Tr. 19:7. Once an address is

---

[4] On May 13, 2019, Defendants informed Plaintiff of their intent to appeal Magistrate Judge Anderson's May 10, 2019 ruling on the location of their depositions and notice a hearing for June 21, 2019.

[5] Pursuant to the Scheduling Order, discovery concludes on May 24, 2019. Local rules require that deposition subpoenas be served at least 11 days before the date of the deposition. E.D. Va. L. Civ. R. 45(F).

identified, Plaintiff might seek leave to file a Letter Rogatory, if necessary, to obtain the testimony of Princess Maha or her designated agent.

## CONCLUSION

Plaintiff respectfully requests that the Court grant her motion to modify the pretrial Scheduling Order to allow her to serve one interrogatory for the purpose of potentially filing a Letter Rogatory for one key witness. Defendants' misleading instructions – whether advertent or not – should not frustrate Plaintiff's diligent efforts to serve and depose Princess Maha.

| | |
|---|---|
| Dated: May 17, 2019 | Respectfully submitted, |
| Richard F. Levy (*pro hac vice*)<br>Andrew B. Cherry (*pro hac vice*)<br>Sati Harutyunyan (*pro hac vice*)<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 923-2648<br>rlevy@jenner.com | /s/ Nicholas Cooper Marritz<br>Nicholas Cooper Marritz, VSB #89795<br>LEGAL AID JUSTICE CENTER<br>6066 Leesburg Pike, Suite 520<br>Falls Church, VA 22041<br>(703) 720-5607<br>nicholas@justice4all.org |

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B

Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SIMRET SEMERE TEKLE,

    *Plaintiff*,

v.

NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD

    *Defendants*.

Case No.: 1:18-cv-211

## CERTIFICATE OF SERVICE

I certify that I uploaded Plaintiff's Memorandum in Support of the Motion To Modify The Pretrial Scheduling Order And Motion For Leave To Serve One Additional Interrogatory And A Letter Rogatory to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

May 17, 2019

//s// Nicholas Cooper Marritz
Nicholas Cooper Marritz
VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org