UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br>  v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DEFENDANTS' THIRD SET OF INTERROGATORIES

Defendants are limited to 30 interrogatories. Plaintiff has answered or will answer up to 30 interrogatories. Defendants have not sought leave to propound additional interrogatories. If Defendants wanted Plaintiff to respond to Interrogatories 2 through 10 in their Third Set of Interrogatories, they should have withdrawn Interrogatory 1, which as multiple interrogatories due to its many subparts. They did not do so. Thus, their motion to compel answers to interrogatories in excess of 30 should be denied.

### BACKGROUND

Defendants are permitted 30 interrogatories. Feb. 5, 2019 Order, Dkt. 64. Defendants have previously served, and Plaintiffs have answered 14 interrogatories. Defendants then served their Third Set of Interrogatories on April 24, 2019. Ex. A, Defs.' Third Set of Interrogatories.

On May 9, Plaintiff served her objections to these Interrogatories on May 9, as required by Local Rule 26(C). Interrogatory No. 1 incorporated all 1,994 requests for admission that

Defendants served on Plaintiff the same day, requiring Plaintiff to answer with "all facts that support" her responses to the RFAs that constituted "anything other than an unqualified admission." Plaintiff objected, pointing out that Interrogatory No. 1 was not one interrogatory, but 1,994 interrogatories. The objection stated:

> Plaintiff objects to this Interrogatory as compound and unduly burdensome. Defendants have served Ms. Tekle with 1,994 Requests for Admission, effectively transforming this Interrogatory into 1,994 Interrogatories. Plaintiff further objects that this Interrogatory exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1). The Defendants have not secured leave of the court or a stipulation from Ms. Tekle to allow them to exceed the number of interrogatories permitted by the Federal Rules.

Ex. B, Plaintiff's Objections to Third Interrogatories.

After this Court trimmed Defendants' Requests for Admission, ordering Plaintiff to answer just over 259 of the requests, Plaintiff anticipated that Defendants would withdraw Interrogatory No. 1. They did not.

After the May 17 hearing, Defendants requested a meet-and-confer to discuss Plaintiff's objections to Defendants' interrogatories "anytime after 3pm." Ex. C, Email from John Brownlee to Nicholas Marritz (May 17, 2019).. The parties spoke by telephone at 4:30 pm, at which time Defendants asked if Plaintiff still planned to object on the ground that Defendants had exceeded 30 interrogatories. Plaintiff confirmed that she would answer only the required number of interrogatories, including compound interrogatories.[1] Defendants did not seek leave of court to propound additional interrogatories. Defendants did not withdraw Interrogatory No. 1. Instead, seconds after the telephone call ended, Defendants filed their motion to compel, which necessarily curtails the parties' ability have a good faith effort to narrow the issues in dispute, as require by the Rules.

---

[1] On the call, Plaintiff's counsel mistakenly stated 25 interrogatories was the limit. Under the Court's order in this case, the limit is 30 interrogatories. Feb. 5, 2019 Order, Dkt. 64.

Indeed, on multiple occasions during discovery, Defendants requested Friday afternoon meet and confers on discovery that they had long had in their possession, followed by prompt filing of a motion to compel with no real effort to narrow the issues in dispute.

Plaintiff has already invested significant time in answering the first 16 subparts of Defendants' Interrogatory No. 1. But Plaintiff is not required under the rules to answer the 259 subparts of Interrogatory No. 1, along with the nine other interrogatories that make up Defendants' third set. Defendants' demand that Plaintiff respond to as many as 268 interrogatories during this final week of discovery—a week with four depositions noticed—far exceeds the requirements of the Federal Rules and is plainly overly burdensome.

## LEGAL STANDARD

Federal Rule of Civil Procedure 33provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a). In the scheduling order entered by the Court's February 5 scheduling order (ECF No. 64)it was provided that "a party may not . . . serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court."

Rule 33(a) was amended in 1993 to limit the number of interrogatories to twenty-five. The advisory committee's notes explain that litigants are not allowed to circumvent this limitation by using subparts that ask about "discrete separate subjects." *See id.* advisory committee's note. Under Fed. R. Civ. P. 33(a), the court determines whether the interrogatory limit may be exceeded by examining the circumstances of the case under the factors listed in Fed. R. Civ. P. 26(b).

# ARGUMENT

## A. Plaintiffs Have Responded to Thirty Interrogatories

The Court's February 5, 2019 Order is clear: "A party may not…serve on any other party more than thirty (30) interrogatories, *including parts and subparts*, without leave of court." (ECF No. 64 at 1). *See also* Fed. R. Civ. P. 33(a)(1) (counting "all discrete subparts" against the interrogatory limit).

Defendants' Interrogatory No. 1 asks, "For each Request for Admission, if Your response is anything other than an unqualified admission, state all facts that support Your response." Ex. A. Defendants served 1,994 Requests for Admission, a number this Court found overly burdensome and cut back to 259, one for each of the documents that Defendants produced in discovery.

It is blackletter law that Defendants' Interrogatory No. 1 counts as 259 separate interrogatories. In the leading opinion on this issue holds that an interrogatory which requested disclosure of all of the information on which the denials of each request contained in a set of 50 requests for admissions were based, counted as multiple interrogatories for purposes of numerical limit on interrogatories:

> A set of requests for admissions may address a wide variety of disparate topics. For example, ***it may contain separate requests for an admission that a document is authentic***, an admission that a meeting occurred on a specified date, an admission that the responding party received a document that was mailed to it, and an admission that an individual was acting as the agent of the responding party during a specified period of time. Each of those four requests for admissions is entirely independent of the others, is unrelated to the others, and is not subsumed within or inextricably intertwined with the others. One might be admitted and the others might be denied. ***Similarly, a set of requests for admissions might seek admissions as to the authenticity of 100 documents.*** The documents may deal with different topics, may have been created by different persons or entities, and may have been prepared on different dates. Each of those 100 requests for admission would address a subject matter discrete or separate from each of the others. ***Accordingly, an interrogatory that asks the responding party to state facts***, identify witnesses, or identify documents ***supporting the denial of each request for admission contained***

> *in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set.*

*Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998) (emphasis added). Allowing Defendants' Interrogatory 1 to count as one interrogatory would essentially eviscerate the numerical limits of Rule 33(a). *See id*. at 445.

This approach has been widely adopted, and courts within this Circuit agree with it. *See, e.g., Saliga v. Chemtura Corp.*, No. 3:12CV832 RNC, 2013 WL 6097100, at *4 (D. Conn. Nov. 20, 2013) (citing cases); *Rawl v. S.C. Dep't of Soc. Serv*s., No. 2:14-CV-02772-DCN, 2015 WL 6725169, at *3 (D.S.C. Nov. 3, 2015); *Stevens v. Federated Mut. Ins. Co.*, No. 5:05-CV-149, 2006 WL 2079503, at *5 (N.D.W. Va. July 25, 2006); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2002 WL 534459, at *3 (W.D. Va. Mar. 18, 2002); *see also Jovanovich v. Redden Marine Supply, Inc.,* No. C10-924-RSM, 2011 WL 4459171, at *3 (W.D. Wash. Sept. 26, 2011) ("The Court hereby finds that Defendant's Interrogatory No. 4, which asked for a response regarding every RFA in which Plaintiffs responded with anything other than an unqualified admission, effectively constituted 37 interrogatories.").

The Court should apply that same approach here. Each document about which the RFAs here ask is a different, distinct request. Even if Plaintiff's reason for denying some of those RFAs might be similar, there are still far more than 16 RFAs to which Plaintiff would have a unique explanation for giving something short of an unqualified admission. For example, many of the documents Defendants produced and now ask about are images. Some of these documents appear to be photographs, others appear to be screenshots, others appear to be photographs of screenshots. Defendants' production of videos appears to include security camera footage, home video footage, secretly recorded video footage, and an edited video montage. Thus, to the extent that Plaintiff may decline to admit the authenticity of these documents, that denial would not be

for the same reason for all of these documents, but would differ depending on the type of document. Plaintiff might also state a denial based on details of the document itself, such as whether Plaintiff had seen it before. In addition, it is not entirely clear that Plaintiff is even depicted in some of these photos and videos. And while the time period and location of some of these documents is clear, for others it is not. Thus, taking the Court's order that Plaintiff carefully consider the three questions of whether the document is authentic, whether it depicts Plaintiff, and whether it is from the time period of Plaintiff's employment and that she not issue any blanket denials, any of Plaintiff's denials in response to these RFAs will necessarily differ based on the unique information contained or portrayed within each document.

Finally, at least fourteen of these documents are clearly not images of Plaintiff at all. Some appear to be travel receipts. Others purport to be bank records, including records predating and postdating the period of Plaintiff's employment. Any denials with respect to these documents would also differ for each of these documents.

Because Plaintiff responded to over 16 RFAs with something "other than an unqualified admission," her corresponding answers to Defendants' Interrogatory No. 1have pushed Defendants over their limit. Defendants have not sought leave of this Court to serve more than 30 interrogatories Accordingly, Plaintiff respectfully requests that this Court deny Defendants' motion.

**B.      Even if Plaintiff Were Required to Respond to Interrogatories 2 through 10, Her Objections to these Interrogatories are Valid.**

In their motion to compel, Defendants argue that Plaintiff should be required to provide a full answer to these interrogatories. Defendants only address Plaintiff's objections that (1) Defendants have reached their interrogatory limit, and (2) some of Defendants' interrogatories seek the same information Plaintiff provided in her previous interrogatory responses.

Defendants do not address Plaintiff's other specific objections to many of the interrogatories. Plaintiff thus assumes Defendants do not contest these other objections. Plaintiff stands by those objections. However, in an abundance of caution, Plaintiff provides the below support for some of these objections.

    1.    <u>This Court Should Not Compel Plaintiff to Respond to Defendants' Overbroad Interrogatories Nos. 3 and 4 Requesting All Communications.</u>

Defendants' Third Interrogatories Numbers 3 and 4 seek the substance of all communications Plaintiff had with all persons during the time she worked for Defendants in Virginia, and the substance of all communications related to the allegations in her Second Amended Complaint Plaintiff exchanged from May 2012 to the present. *See* Ex. A, Defs.' Third ROGs. Both of these interrogatories are overbroad and unduly burdensome. Plaintiff objected on these grounds, and Defendants did not challenge these objections in their motion to compel.

Defendants' request for the substance of all communications Plaintiff had during an eight month period over seven years ago is cumulative, overbroad, and would be unduly burdensome for Plaintiff to respond. Defendants have already requested the identities of the persons with which Plaintiff communicated, the dates on which these communications occurred, and the means by which these communications occurred. *See* Ex. D, Plaintiff's Response to First ROGs. Subject to her objections, on which Defendants did not move to compel, Plaintiff responded to this interrogatory to the best of her ability, given the understandable difficulties of recalling the dates on which oral communications occurred years ago.[2] Although Defendants did not ask about the substance of these communications in their First Set of Interrogatories, they have obtained other discovery from Plaintiff on this issue. Defendants already asked Plaintiff about

---

[2] Plaintiff also agreed to produce any written communications from this time period, of which there were none.

nearly every communication identified in her response at Plaintiff's deposition. Indeed, Defendants even deposed one of the individuals identified in response to this first set of interrogatories.

Requiring Plaintiff to go beyond her prior response and identify the substance of all communications would not just be cumulative, but also is overbroad and imposes an unfair burden on Plaintiff, given that she has already described the substance of many of these communications during her deposition. Interrogatory 3 seeks the substance of communications made to all persons, and is not limited in any way as to subject matter. It thus seeks volumes of irrelevant information, such as pleasantries Plaintiff may have exchanged with Defendants' children.

Such requests for all communications are improper. *See, e.g.*, *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 618 (N.D. Cal. 2006) (interrogatory requesting "all communications" between two co-defendant corporations are "overly broad"); *Benham v. Rice*, 238 F.R.D. 15, 26 (D.D.C. 2006) (sustaining overbroad objection to interrogatory requesting "all communications relating to the complaint"); *Wei-Ping Zeng v. Marshall Univ.*, No. 3:17-CV-03008, 2019 WL 164813, at *2 (S.D.W. Va. Jan. 10, 2019); *In re Herald, Primeo and Thema Funds Secs. Litig.*, 2011 WL 4056819, at *3 (S.D.N.Y. Sept. 8, 2011) (finding interrogatories requesting all communications between defendants to be "vastly overbroad" where the issue was establishing in personam jurisdiction and the requests were not limited to parties located in the relevant state); *Motorola, Inc. v. Lemko Corp.*, 2010 WL 4781844, at *2 (N.D. Ill. Nov. 17, 2010) (interrogatory seeking all communications between plaintiff and third party concerning the trade secrets at issue in the case was "vastly overbroad"); *First Nat. Bank v. First Nat. Bank of the S.*, No. C.A. 6:07-2182-HMH, 2008 WL 2636866, at *1 (D.S.C. July 3, 2008) ("all communications made between FNB

and any current or former customers during a six-month period is unduly burdensome"); *Chen v. Hewlett-Packard Co.*, 2005 WL 1388016, at *1 (E.D. Pa. June 8, 2005) (interrogatory requesting "all communications . . . related to power supply problems" was "hopelessly over-broad"); *S.T. Hudson Int'l, Inc. v. Glennon*, 1988 WL 115808, at *1 (E.D. Pa. Oct. 28, 1988) (interrogatory seeking all communications with an individual was "overly broad").

Similarly, Interrogatory 4 is cumulative, and unduly burdensome. Plaintiff objected on these grounds and Defendants did not challenge these objections in their motion to compel. Plaintiff has similarly identified all persons with whom she exchanged communications relating to the allegations in her Second Amended Complaint through the present. Requiring her to recall and list the exact dates of those oral communications and their substance is "patently overbroad" and completely disproportional to the needs of the case.[3] *See Benham v. Rice*, 238 F.R.D. 15, 19 (D.D.C. 2006), *on reconsideration in part,* No. CIV.A. 03-01127, 2007 WL 8042488 (D.D.C. Sept. 14, 2007) ("A demand for all communications pertaining to plaintiff's prolix complaint irrespective of the nature, time and purpose of the communication is patently overbroad.").

    2.    <u>This Court Should Not Compel Plaintiff to Respond to Defendants' Interrogatories Nos. 6 and 7 Relating to "Other Individuals"</u>

Defendants' Third Interrogatories Numbers 6 and 7 seek information about Defendants' conduct toward and treatment of individuals other than Plaintiff. *See* Ex. A, Defs.' Third ROGs. Defendants' interrogatories relating to whether the Defendants subjected other individuals to human trafficking, involuntary servitude, or forced labor and whether Defendants or their agents called other individuals to slurs are irrelevant, overly broad, and unduly burdensome. Plaintiff objected on these grounds and Defendants did not challenge these objections in their motion to

---

[3] Here too, Plaintiff agreed to produce written communications responsive to a related request for production.

compel. The Defendants, themselves, have asserted that "[a]s much as Plaintiff would like to characterize Defendants' employees as similarly situated, they were all very different from Plaintiff." Dkt. 83 at 13 (Defs.' Memo in Opp.) (internal quotes omitted). Defendants presented a comprehensive list of factors to support the fact that Ms. Tekle and other employees were not similarly situated. *Id.*

The Court agreed with the Defendants and denied Plaintiff's requests for production relating to the tax records, employment contracts, and salaries of the Defendants' other employees. Mar. 29 2019 Hearing Transcript, 29:7-8, 41: 23 (finding Plaintiff's requests for production overly broad and unduly burdensome). In doing so, the Court stated

> How other employees may have been -- how much they may have been paid, whether there were taxes paid on them, not paid on them, whether they were happy or not happy, all those kinds of things I think -- really, we have to focus on Ms. Tekle and her current situation … the information relating to the plaintiff in this case is going to be discoverable. Going beyond that for each and every other employee is not going to be something that I'm going to order the defendants to do.

Mar. 29 2019 Hearing Transcript, 28:25 – 29:1-6; 41:19-22

The Court was clear, the focus of this matter is Ms. Tekle and not other individuals. As such, this Court should not compel Plaintiff to respond to Defendants' interrogatories seeking information to other individuals, which the Court has already held are not relevant to this dispute over Defendants' treatment of Plaintiff.

Plaintiff stands on her objections to Interrogatories 2, 3, 4, 5, 6, 7, 9, and 10 as Defendants' did not challenge these objections in their motion to compel.

## **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to compel Plaintiff to respond to Defendants' Third Set of Interrogatories.

Dated: May 22, 2019

Richard F. Levy (*pro hac vice*)
Andrew B. Cherry (*pro hac vice*)
Sati Harutyutyan (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2648
rlevy@jenner.com

Agnieszka M. Fryszman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Le'ake Fesseha (*pro hac vice*)
LE'AKE FESSEHA LAW OFFICE
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
THE HUMAN TRAFFICKING LEGAL CENTER
1030 15th Street, NW #104B
Washington, DC 20005
(202) 716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff Simret Semere Tekle*

Respectfully submitted,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>*Plaintiff*,<br><br>v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>*Defendants*. | Case No.: 1:18-cv-211 |

# CERTIFICATE OF SERVICE

I certify that I uploaded Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff to Respond to Defendants' Third Set of Interrogatories to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

May 22, 2019

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org