UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>Plaintiff,<br><br>v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, et al.,<br><br>Defendants. | Case No. 1:18-cv-211 (TSE/JFA) |

**PLAINTIFF'S REPLY BRIEF ON MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

It is true that Defendants did not include Princess Maha in their Initial Disclosures. Dfts.' Opp. Mem., Dkt. 178 at n.1. And it is also true that Defendants did not include Princess Maha in their responses to Plaintiff's First Set of Interrogatories, which requested "all persons with knowledge relating to any fact alleged" in Plaintiff's Complaint. *Id.* But at the April 5, 2019 hearing, Defendants raised – for the first time – the theory that Princess Maha was Plaintiff's real employer, pointing to payments into a bank account in Saudi Arabia. Because Plaintiff has acted diligently in pursuing discovery regarding Princess Maha since Defendants first raised this theory, the Court should grant a reasonable modification to the scheduling order to allow her to put Defendants' newly-raised theory to the test.

**ARGUMENT**

The central question today is whether Defendants are going to rely on the theory that Plaintiff Tekle was a domestic worker "borrowed" from Princess Maha, the mother of Defendant

Nouf Bint Nayef Abdul-Aziz Al Saud's. (ECF No. 102). If Defendants plan to raise their theory that Princess Maha is Plaintiff's employer, then Plaintiff should have the opportunity to seek discovery from Princess Maha and her "apparatus," as Defendants have dubbed her business affairs office.

If Defendants do not seek to rely on the theory that Princess Maha was Plaintiff's real employer, then this discovery is less important. If Defendants do not intend to argue that payments into a Saudi Arabian bank account associated with Princess Maha's home address constituted Plaintiff's salary, then discovery from Princess Maha is completely unnecessary.[1]

Unfortunately, since Defendants have refused to return to the United States for depositions, Plaintiff does not know whether Defendants will rely on this theory for their defense. A decision on the location of depositions will not be reached until June 21, at the earliest, after Defendants' appeal is heard. Because Defendants do not want to return to the United States to face a criminal investigation, discovery is delayed. This provides a gap in the discovery calendar, one that would easily accommodate a modest adjustment to the schedule sufficient to obtain Princess Maha's address and to serve a letter rogatory.

**Plaintiff has acted diligently in pursuing this discovery.**

As Plaintiff emphasized in her opening brief, the touchstone for modifying a scheduling order is *diligence*. Pltf's. Mem, Dkt. 171 at 3–6. Defendants argue that Plaintiff did not exercise diligence in contacting the Khashoggi firm. But Plaintiff already had significant experience with the firm. The email that Plaintiff's counsel sent to the firm regarding Princess Maha was essentially *pro forma*. Having received denials and refusals to cooperate on every prior witness

---

[1] This defense seems problematic in light of Defense counsel's acknowledgment at the hearing that the Defendants had only recently discovered these deposits into the bank account. It should also be noted that Plaintiff could not access this bank account, believed that the bank account was closed, and was never informed that salary would be paid in Saudi Arabia.

for whom the Khashoggi firm was the "point of contact," Plaintiff's counsel reasonably believed that the firm's response to her request regarding Princess Maha would be a) quick; and b) as in every prior case, a blanket refusal to make the Princess available.

Indeed, when Plaintiff contacted the firm the first time about other witnesses on March 29, 2019, (Ex. A), she received a quick reply. The Khashoggi firm's response was identical for every witness, informing Plaintiff that each witness, "In her [his] full legal capacity and by her [his] own will has expressed the refusal to undertake any interviews and/or communications in relation to the subject matter of your request." (Dkt. 171-3, April 5, 2019 email from Asrar Abdulghani to Martina Vandenberg.) Plaintiff erred only in believing that she could rely on Defendants' guidance to contact the Khashoggi firm as Princess Maha's lawyers. Once Plaintiff was led to believe that Princess Maha was a represented party, she had no other option than to contact the Khashoggi firm.

The frame of reference to test Plaintiff's diligence should be focused on a period much earlier in this litigation. Plaintiff promulgated discovery requests on Defendants immediately after discovery opened in this case. Plaintiff submitted her first set of Interrogatories to Defendants on February 20, 2019. Defendants had an ongoing duty to supplement their responses, which were due on March 24, 2019. Once Defendants decided to raise the theory that Princess Maha was Plaintiff's real employer, they should have provided contact information to Plaintiff immediately. But Plaintiff did not receive any contact information until 16 days later, when she requested this information on the meet-and-confer call. And even then, the information Defendants provided was inaccurate.

Plaintiff diligently included Princess Maha in the letter rogatory submitted to this Court, but withdrew her from the request after learning that the Khashoggi firm would not represent her.

This witness, whom Defendants now seek to introduce as Plaintiff's theoretical "real" employer, is no stranger to Defendants—she is Defendant Mrs. Al Saud's mother. Her address is was requested long ago. It is known to the Defendants. Thus, the Court should permit Plaintiff's modest proposed modification to the scheduling order.

**Conclusion**

Plaintiff respectfully requests that this Court order Defendants to respond to an interrogatory seeking the contact information for Princess Maha, or for the member of her "apparatus" that Defendants intend to argue "really" employed the Plaintiff. Defendant's introduction of the "other employer" theory, followed by the provision of inaccurate information on how that employer might be found, has prejudiced Plaintiff. Plaintiff requests that she be able to file a letter rogatory concerning Princess Maha. In the alternative, she requests that Defendants be precluded from raising the defense that Princess Maha was the real employer in this case.

| | |
|---|---|
| Dated: May 23, 2019 | Respectfully submitted, |
| | /s/ Nicholas Cooper Marritz |
| Richard F. Levy (*pro hac vice*) | Nicholas Cooper Marritz, VSB #89795 |
| Jonathan A. Langlinais (*pro hac vice*) | LEGAL AID JUSTICE CENTER |
| JENNER & BLOCK LLP | 6066 Leesburg Pike, Suite 520 |
| 1099 New York Avenue NW, Suite 900 | Falls Church, VA 22041 |
| Washington, DC 20001 | (703) 720-5607 |
| (202) 639-6000 | nicholas@justice4all.org |
| rlevy@jenner.com | |
| | |
| Agnieszka M. Fryszman (*pro hac vice*) | |
| COHEN MILSTEIN SELLERS & TOLL PLLC | |
| 1100 New York Avenue NW, Fifth Floor | |
| Washington, DC 20005 | |
| (202) 408-4600 | |
| afryszman@cohenmilstein.com | |
| | |
| Le'ake Fesseha (*pro hac vice*) | |

Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
(703) 302-3410
leakef@hotmail.com

Martina E. Vandenberg (*pro hac vice*)
Sarah L. Bessell (*pro hac vice*)
The Human Trafficking Legal Center
1030 15th Street NW, #104B
Washington, D.C. 20005
(202)-716-8485
mvandenberg@htlegalcenter.org

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMRET SEMERE TEKLE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NOUF BINT NAYEF ABDUL-AZIZ AL SAUD, MOHAMMAD BIN ABDULLAH AL SAUD<br><br>    *Defendants*. | Case No.: 1:18-cv-211 |

# CERTIFICATE OF SERVICE

I certify that I uploaded Plaintiff's Reply in Support of Her Motion to Modify the Pretrial Scheduling Order to the Court's CM/ECF system today, which will cause a Notice of Electronic Filing and a link to the document to be sent to all counsel of record.

May 23, 2019

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz, VSB #89795
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5607
nicholas@justice4all.org