# EXHIBIT C

# Holland & Knight

800 17th Street, NW, Suite 1100 | Washington, DC 20006 | T 202.955.3000 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

Stuart G. Nash
(202) 469-5158
stuart.nash@hklaw.com

John L. Brownlee
(703) 720-8053
john.brownlee@hklaw.com

April 4, 2019

**VIA EMAIL**

Richard Levy, Esquire
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923 2648
RLevy@jenner.com

  Re: *Tekle v. al Saud*

Dear Richard:

  Please accept this letter in response to your letter dated April 2.

  As we indicated in our most recent correspondence, we have reviewed E.D.Va. Local Rule 30(a) and the cases applying it and do not believe that our clients have an obligation to make themselves available for depositions in the Eastern District of Virginia. The general rule applied by federal courts throughout the country is that "because a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected." *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (Ellis, J); *see also Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) ("I fail to discern a compelling reason why I should depart from the general rule requiring a defendant to be deposed where he resides."); *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993) ("In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."). This general rule protecting a defendant from deposition anywhere but his or her residence is unaltered by the filing of a compulsory counterclaim, like Defendants' defamation counterclaim. *See Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982) ("If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location; on the other hand, if a counterclaim is permissive, a defendant-counterplaintiff may be deposed at the place of trial."); *Fortune Mgmt., Inc. v. Bly*, 118

Richard Levy, Esquire
Jenner & Block LLP
April 4, 2019
Page 2

F.R.D. 21, 22 (D. Mass. 1987) ("All sides also concede that the filing of a permissive counterclaim results in a defendant-counterplaintiff being treated as a party plaintiff for purposes of any depositions, and that, in general, the principle that the deposition of a defendant should be taken at his or her residence or place of business holds true when a compulsory counterclaim is filed."); *Smartgene, Inc. v. Advanced Biological Labs. SA*, 2012 WL 13046338, at *2 (D.D.C. Feb. 6, 2012) ("If a counterclaim is compulsory, a defendant corporation remains entitled to protection from deposition anywhere but at its principal place of business, but if a counterclaim is permissive, a defendant-counter plaintiff may be deposed in the forum where the suit is pending.").

Given the widely accepted rule that the filing of a compulsory counterclaim does not deprive a defendant of protection from deposition other than at the place of his or her residence, it is no surprise that courts in the Eastern District of Virginia applying E.D.Va. Local Rule 30(a) have recognized a compulsory counterclaim exception to the Local Rule. *See Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603190, at *1 (E.D. Va. June 6, 2014) ("However, when a defendant/counterclaimant is determined to be a compulsory counterclaimant, then the 'defendant remains entitled to protection from deposition anywhere but his or her residence or business location,' *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982), and is not required to submit to a deposition at the place designated by the plaintiff within the district."). As the case law makes abundantly clear, Defendants do not seek an unfair advantage, but rather to invoke their rights, under federal law, to have their depositions taken near their place of residence.

While you have raised a concern regarding either party's ability to seek judicial intervention outside of Judge Anderson's normal business hours, Defendants do not believe that either party will require the Court's assistance. On the off chance that they do, Defendants are willing to make themselves available for depositions in Jeddah, either via video or in person, during Judge Anderson's normal business hours. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 474 (E.D. Va. 2010) (Ellis, J) (vacating a magistrate's order compelling Virginia depositions for failure to consider "whether defendants' willingness to conduct the depositions in Dubai during normal business hours in Virginia could mitigate such concerns"). We hope this addresses your concerns and look forward to scheduling deposition dates for our clients.

Sincerely yours,

HOLLAND & KNIGHT LLP

John L. Brownlee
Stuart G. Nash
*Counsel for the al Sauds*