# EXHIBIT E

# Holland & Knight

800 17th Street, NW, Suite 1100 | Washington, DC 20006 | T 202.955.3000 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

John L. Brownlee
(703) 720-8053
john.brownlee@hklaw.com

Stuart G. Nash
(202) 469-5158
stuart.nash@hklaw.com

April 10, 2019

**VIA EMAIL**

Nicholas Marritz, Esquire
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

      Re:    *Tekle v. al Saud*

Dear Nicholas:

      Please accept this letter as our response to the deposition notices you emailed to us earlier this week. As we explained in our letter to Richard Levy, dated April 4, controlling case law allows our clients to be deposed at their residence, which, in this case, is Jeddah, Saudi Arabia. We would like to schedule a call with you this week to discuss convenient dates that counsel is available to depose our clients in Jeddah. As we explained in our emails on April 1, our clients are available on May 2-3, May 9-10, and May 16-17.[1]

      As we explained to Mr. Levy, while we understand that E.D.Va. Local Rule 30(a) provides that "[a]ny party, or representative of a party (e.g., officer, director, or managing agent), filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division" and that "[a] defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purpose of this Local Rule", we also understand that the general rule applied in federal courts throughout the country is that when a defendant files a *compulsory* counterclaim, like Defendants' defamation counterclaim, he remains entitled to protection from deposition anywhere other than his residence or business location. *See, e.g., Smartgene, Inc. v. Advanced Biological Labs. SA*, 2012 WL 13046338, at *2 (D.D.C. Feb. 6, 2012) ("If a counterclaim is compulsory, a defendant corporation remains entitled to protection from deposition anywhere but at its principal place of business, but if a counterclaim is permissive, a defendant-counter plaintiff may be deposed in the forum where the suit is pending."); *Gering v.*

---

[1] The deposition notices served on counsel set the depositions for dates in April that were not offered as convenient dates for our clients. As noted, our clients are available on May 2-3, May 9-10, and May 16-17.

Nicholas Marritz, Esq.
Legal Aid Justice Center
April 10, 2019
Page 2

*Fraunhofer USA, Inc.*, 2008 WL 4427608, at *1 (E.D. Mich. Sept. 30, 2008) ("Because the counterclaim is compulsory, [defendant counter-claimant] remains in the position of a defendant for purposes of the location of depositions."); *Pub. Works Supply Co. v. Soleno, Inc.*, 2008 WL 11389371, at *2 n.2 (D. Mass. May 22, 2008) ("If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location."); *Lending Sols., Inc. v. Mortg. Now, Inc.*, 2008 WL 11407375, at *1 (N.D. Ga. Jan. 7, 2008) (Martin, J.) ("The Gibbs court reviewed these two cases, and summarized them by saying [b]oth courts . . . held that filing a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) did not strip a defendant of that protection [not being compelled to appear in the forum state]."); *Kuest Corp. v. Aitrol, Inc.*, 2006 WL 3592941, at *1 (W.D. Tex. Dec. 8, 2006) (Defendant's "filing of what likely is a compulsory counterclaim, does not serve to displace the general rule concerning the location of the corporate deposition."); *Sears v. Am. Entm't Grp., Inc.*, 1995 WL 66411, at *2 (N.D. Ill. Feb. 13, 1995) ("However, if the counterclaim is compulsory, the defendant/counter plaintiff remains entitled to protection from deposition anywhere but for his or her residence or business location."); *Fortune Mgmt., Inc. v. Bly*, 118 F.R.D. 21, 22 (D. Mass. 1987) ("All sides also concede that the filing of a permissive counterclaim results in a defendant-counterplaintiff being treated as a party plaintiff for purposes of any depositions, *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982), and that, in general, the principle that the deposition of a defendant should be taken at his or her residence or place of business holds true when a compulsory counterclaim is filed."); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982) ("If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location; on the other hand, if a counterclaim is permissive, a defendant-counterplaintiff may be deposed at the place of trial."); *Wisconsin Real Estate Inv. Tr. v. Weinstein*, 530 F. Supp. 1249, 1253 (E.D. Wis. 1982) ("The parties agree that in general a defendant is entitled to protection from deposition anywhere except at his place of business or residence, and that a defendant who brings a counterclaim does not lose that protection if the counterclaim is compulsory but is put in the position of a plaintiff if the counterclaim is permissive and may be deposed at the place of trial."); *Pinkham v. Paul*, 91 F.R.D. 613, 615 (D. Me. 1981) ("While the court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.' 4 Moore's Federal Practice s 26.70(1-3), at 26-514. This is so regardless of whether the defendant has asserted a counterclaim, provided it is a compulsory counterclaim.").

The established case law that compulsory counterclaimants, like our clients, are entitled to protection from deposition anywhere other than their residence or business location is not only applied by courts throughout the country, but specifically by courts in the E.D.Va. applying E.D.Va. Local Rule 30(a). In *Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603190 (E.D. Va. June 6, 2014), the court applied E.D.Va. Local Rule 30(a) and held that "when a defendant/counterclaimant is determined to be a compulsory counterclaimant, then the 'defendant remains entitled to protection from deposition anywhere but his or her residence or business location,' *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. 111. 1982), and is not required to submit to a deposition at the place designated by the plaintiff within the district." *Id.* at *1. As the case law in the E.D.Va. and throughout the country makes clear, Defendants/Compulsory

Counter-claimants in this case are perfectly within their rights to insist on being deposed at their place of residence, Jeddah, Saudi Arabia.

In case you have any doubts about whether Defendants' defamation counterclaim is compulsory, *Painter v. Harvey*, 863 F.2d 329 (4th Cir. 1988) (Wilkinson, J.) should eliminate them. In *Painter*, plaintiff filed a federal claim against defendant under 42 U.S.C. § 1983 alleging that defendant, a police officer, had violated her constitutional rights while arresting her. After plaintiff filed her complaint, but before defendant filed his answer, plaintiff made false allegations about defendant before her local town council and to a local newspaper. Defendant counterclaimed for defamation and the district court, finding that the defamation counterclaim was compulsory, exercised ancillary jurisdiction over the counterclaim. The jury returned a verdict for defendant on his defamation counterclaim and awarded him damages of $5,000 and punitive damages of $15,000. Plaintiff appealed on jurisdictional grounds and Judge Wilkinson, writing for the Fourth Circuit, held that, because defendant's defamation counterclaim was compulsory, the district court's exercise of ancillary jurisdiction was appropriate. Given the factual similarities between *Painter* and this case, *Painter* controls the district court's decision on the issue of whether our clients' defamation counterclaim was compulsory. Therefore, our clients remain entitled to protection from deposition anywhere other than their residence or business location.

Although Defendants are entitled to protection from deposition anywhere other than Jeddah, Defendants understand that there are costs for both parties in conducting depositions in Saudi Arabia. To save both parties the considerable costs involved in conducting in-person depositions in Saudi Arabia, Defendants have offered to make themselves available for deposition via videoconference during Judge Anderson's normal business hours. If Plaintiff's counsel prefers on taking Defendants' depositions in person, Defendants have also offered to make themselves available for deposition in person in Jeddah during Judge Anderson's normal business hours. While we do not believe that the parties will require judicial intervention during Defendants' depositions, we hope that Defendants' offer to make themselves available, either via videoconference or in person in Jeddah, during Judge Anderson's normal business hours will satisfy any concerns you may have about the need for judicial intervention. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 474 (E.D. Va. 2010) (Ellis, J.) (vacating a magistrate's order compelling Virginia depositions for failure to consider "whether defendants' willingness to conduct the depositions in Dubai during normal business hours in Virginia could mitigate such concerns").

Finally, we are willing to discuss your concerns and any alternative proposal you may have to resolve this issue. We also invite you to share any relevant case law that you believe contradicts our research. However, if Ms. Tekle insists on requiring Defendants to make themselves available for deposition in the Eastern District of Virginia, Defendants intend to seek a protective order from the Court. Because we believe the law on this issue is settled, we will consider pursuing attorneys' fees for the time spent opposing Plaintiff's efforts to require Defendants to make themselves available for deposition in the Eastern District of Virginia. We look forward to hearing from you soon and resolving this issue so that we can schedule a mutually convenient time to conduct Defendants' depositions.

Sincerely yours,

HOLLAND & KNIGHT LLP

John L. Brownlee
Stuart G. Nash
*Counsel for the al Sauds*