# EXHIBIT G

April 26, 2019

Sati Harutyunyan
Tel +1 312 923 2648
Fax +1 312 923 2748
sharutyunyan@jenner.com

Stuart G. Nash, Esq.
John L Brownlee, Esq.
Holland & Knight
800 17th Street N.W., Suite 1100
Washington, DC 20006
Stuart.Nash@hklaw.com
John.Brownlee@hklaw.com
Re: *Tekle v. Al Saud*

Dear Messrs. Nash and Brownlee:

    I write to follow up on our discussions regarding the scheduling of Defendants' depositions. We agree that it is imperative for the parties to reach agreement promptly.

    In a previous letter to you, we explained that E.D. Va. Local Rule 30(a) requires Defendants to be deposed in the Eastern District of Virginia. In your April 10, 2019 letter about this topic, you countered that because Defendants are compulsory counterclaimants, they must be deposed at their place of residence in Saudi Arabia. To support your argument, you cited several non-binding cases from other jurisdictions where the E.D. Va. Local Rules simply do not apply. Based on these cases from outside this jurisdiction, you insisted the law is conclusively in favor of your clients being deposed in Saudi Arabia. We disagree for several reasons.

    First, the Local Rule states, "A defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purpose of this Local Rule. This subsection ***shall not apply to an involuntary plaintiff or an interpleader plaintiff***." E.D. Va. Local Rule 30(a) (*emphasis added*). The Local Rule similarly states that all non-excepted parties must submit to a deposition within the Eastern District of Virginia. *Id.* The rule is abundantly clear that all parties, except for involuntary plaintiffs or interpleader plaintiffs, must submit to deposition in the Eastern District of Virginia. This includes counterclaimants – compulsory or otherwise. Because Defendants are neither involuntary plaintiffs nor interpleader plaintiffs, *see* Fed. R. Civ. P. 19; Fed. R. Civ. P. 22, they too are subject to deposition in the Eastern District of Virginia. Your citations to cases outside E.D. Va. have no bearing on how the local rules in this jurisdiction work.

    Second, the lone E.D. Va. case you cite in your April 10, 2019 letter also does little to prove your point. A careful read of that case shows that while the corporate deponent's residence

or principle place of business was in China, the court ordered the deposition to take place in Hong Kong. *Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603190 (E.D. Va. June 6, 2014). So the only binding case you cite held that a compulsory counterclaimant – who argued he must be deposed in China – must actually be deposed somewhere else.

Third, several factors—similar to those considered in *Swimways* and other E.D. Va. cases—weigh strongly against holding your clients' depositions in Saudi Arabia. For example, securing travel visas for Ms. Tekle's female attorneys would be impracticable if not impossible. Such visas require invitation letters from Saudi Arabian sponsors. Those sponsors would have to greet and accompany Ms. Tekle's female attorneys upon the attorneys' arrival to the Kingdom. *Ms. Tekle's female attorneys, who will be present for or taking your clients' depositions, have no such sponsors.* In addition, given recent international events and the current political climate in the Kingdom, Ms. Tekle's attorneys have reasonable safety concerns about traveling to the Kingdom. Besides, your clients own a home in Virginia, resided there for many years, and can readily travel to the United States. It is exponentially less burdensome for your clients to travel to Virginia than for two legal teams (ours and yours) to attempt to navigate the optics of business travel to the Kingdom.

With that said, and in the spirit of compromise, we propose holding your clients' deposition' in a neutral third location. Because Jenner & Block and Holland & Knight both have offices in London, England, we believe this would be a reasonable and fair place to hold the depositions. London is a location your clients and all attorneys can travel to without any difficulty. Jenner & Block would be amenable to holding the depositions at its London office.

We look forward to your thoughts on this proposal. We also welcome your suggestion as to other mutually-agreeable locations besides London. Our hope is to reach a mutually agreeable solution without motions to the Court.

Very truly yours,

Sati Harutyunyan