IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SIMRET SEMERE TEKLE | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-cv-00211 |
| | ) | |
| NOUF BINT NAYEF ABDUL-AZIZ AL SAUD | ) | |
| and MOHAMMAD BIN ABDULLAH AL SAUD | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTIONS AND MOTION TO SET-ASIDE A PORTION OF THE MAGISTRATE JUDGE'S MAY 17, 2019, DISCOVERY ORDER**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants Mohammad bin Abdullah al Saud and Nouf bint Nayef Abdul-Aziz al Saud ("Defendants"), by and through undersigned counsel, submit this memorandum in support of their motion to set-aside that portion of Magistrate Judge Anderson's May 17, 2019, Order relieving Plaintiff of her obligation to respond to certain of Defendants' requests for admissions. ECF No. 165.

**BACKGROUND**

On April 24, 2019, Defendants served Plaintiff with 1,994 requests for admission. While this, on its face, appears to be a large number of requests, the vast majority -- 1,938 of the requests – were iterations of the same eight simple questions related to photographic and video exhibits produced by the Defendants in discovery, requesting Plaintiff to acknowledge the authenticity of the individual photograph or video, the fact that it is a "true and accurate" depiction of what is pictured, and additional questions regarding the Plaintiff's status (i.e. whether she considered herself to have been the subject of involuntary servitude) at the time the photograph or video was

1

taken. The balance of the requests for admission – 56 of the requests – related to issues in the case separate from the photographs and videos.

On May 6, 2019, Plaintiff filed a Motion for a Protective Order to relieve her of the "burden of responding to the 1,994 requests for admission propounded by Defendants." ECF No. 126 at 4. On May 17, 2019, Judge Anderson granted in part, and denied in part, Plaintiff's Motion for Protective Order, stating his ruling from the bench. ECF No. 165.

Making no finding on the relevance or materiality of *any* of Defendants' requests for admission, Judge Anderson accepted Plaintiffs' argument that it was overly burdensome for Plaintiff to respond to the 1,994 requests. Judge Anderson rejected Defendants' argument that the requests related to the photographs or videos could have been rephrased as only eight requests, i.e. "For each Document Nos. DFDS000001 to DFDS000259, admit that the [photograph or video] produced to You is an authentic [photograph or video] of You during Your employment with the Defendants," etc. Judge Anderson also rejected Defendants' argument that Plaintiff's burden in answering eight simple questions about each exhibit was many times less than what Defendants' burden had been in searching out and producing the exhibits (all of which had been demanded by Plaintiff in discovery). Accordingly, Judge Anderson required Plaintiff to answer one question regarding each exhibit -- admitting or denying its authenticity – but refused to compel Plaintiff to respond to the other seven questions Defendants had posed with respect to each exhibit. *See* Hearing Transcript 7:8-12, May 17, 2019.[1]

---

[1] In the meet-and-confer conference prior to Plaintiff's filing of her motion for a protective order, Plaintiff's counsel offered to stipulate to the authenticity of all the exhibits. As a result, Judge Anderson's ruling did not actually give Defendants anything other than what Plaintiff had already offered. Remarkably, however -- continuing the games that Plaintiff's counsel have played throughout the discovery process -- when it came time to answer Defendants' Requests for Admission in the wake of Judge Anderson's ruling, Plaintiff *refused* to admit the authenticity of *any* of the exhibits (with the exception of one), disingenuously claiming as to each exhibit, "Plaintiff has made a reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of this document."

Defendants accept, and do not challenge, this aspect of Judge Anderson's ruling. However, Judge Anderson also swept within his ruling, with no analysis whatsoever, the additional 56 requests for admission that did not relate to the photographic and video exhibits. Judge Anderson provided no independent reason for rejecting those requests. For purposes of this motion, Defendants have further culled those 56 requests down to 19. Defendants respectfully submit that these 19 requests for admission are relevant and material to the case, that the Magistrate Judge never made any finding to the contrary, and, as a result, that the Magistrate Judge's decision to grant a protective order shielding Plaintiff from responding to these requests is contrary to law and should be set aside.

## ARGUMENT

Under Rule 72(a), upon receiving a timely objection to a magistrate judge's decision on "a pretrial matter not dispositive of a party's claim or defense," "[t]he district judge in the case must consider [those] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Defendants appeal Magistrate Judge Anderson's May 17, 2019, order because Defendants' requests for admission consist of 19 highly relevant requests for admission and Plaintiff's burden of responding to said requests is minimal. Defendants are specifically appealing 19 of the 1,994 requests for admission that were never substantively addressed by Judge Anderson. These 19 requests for admission are plainly relevant, potentially dispositive questions relating each party's claims and defenses. Defendants believe Judge Anderson's exclusion of these requests was improper.

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, opinions about either; and (B) the genuineness

of any described documents." Fed. R. Civ. P. 36(a).  There is no limit on the number of requests for admission a party may serve during discovery. *See, e.g., U.S. Bank Natl. Assn. v. SFR Investments Pool 1, LLC*, Civ No. 2:17-CV-01677, 2018 WL 2271222, at *1 (D. Nev. Feb. 5, 2018) ("The Federal Rules of Civil Procedure . . . provide no explicit limit to the number of requests for admission that may be propounded."); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 245 (N.D. Tex. 2016) ("The Federal Rules do not set a limit on the number of requests for admission that a party may serve under Rule 36."). However, "court[s] may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including an order limiting the number of requests for admission to which a party must respond. Fed. R. Civ. P. 26(b)(2)(A) ("By order or local rule, the court may also limit the number of requests under Rule 36.").

A party has a duty to exercise good faith in responding to requests for admission. Fed. R. Civ. P. 36(a)(4).  Indeed, a party "must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5). And, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Further, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*.

> **A.   Defendants' 19 requests for admission consist of highly relevant requests and the burden of responding to these request is minimal.**

Defendants served Plaintiff with 19 independent requests for admission that primarily seek admission of facts that had nothing to do with the photographs and videos produced by Defendants during discovery. Specifically, the 19 requests for admissions ask the Plaintiff to admit:

4

1. **Requests for Admission No. 1950.** Admit that there were occasions, during the Defendants' travels, when you were unsupervised by the Defendants, their agents, or their employees.

2. **Requests for Admission No. 1954.** Admit that you interacted with ski instructors during your term of employment with the Defendants.

3. **Requests for Admission No. 1955.** Admit that you interacted with waiters and waitresses during your terms of employment with the Defendants.

4. **Requests for Admission No. 1956.** Admit that you interacted with hotel employees during your term of employment with the Defendants.

5. **Requests for Admission No. 1959.** Admit that you interacted with medical professionals during your term of employment with the Defendants.

6. **Requests for Admission No. 1962.** In your Second Amended Complaint you stated, "Ms. Tekle . . . was forbidden from interacting with people outside the residence." Admit that statement is not truthful.

7. **Requests for Admission No. 1965.** Admit that, while working for the Defendants, there was no physical impediment to you opening the front door of the Defendants' home.

8. **Requests for Admission No. 1966.** Admit that, while working for the Defendants, there was no physical impediment to you walking from the front door of the Defendants' home to the street.

9. **Requests for Admission No. 1967.** Admit that, while working for the Defendants, there was no physical impediment to you walking down the Defendants' street to any place you wanted to go.

10. **Requests for Admission No. 1968.** Admit that, when you attended church, there was no impediment to you notifying the priest, or any of the congregants, as to your situation with the Defendants.

11. **Requests for Admission No. 1970.** You allege in your original Complaint that "Defendant Mrs. Al Saud told [Ms. Tekle] that she would be arrested and deported if she ran away." Admit that this was information that was already known to you at the time Mrs. Al Saud allegedly made that statement to you.

12. **Requests for Admission No. 1976.** You allege in your Second Amended Complaint that "Defendants knowingly obtained Ms. Tekle's forced and coerced labor through a scheme, plan, pattern and practice of physical . . . abuse." Admit that statement is untruthful.

5

13. **Requests for Admission No. 1979.** You allege in your Second Amended Complaint that "Defendants kept Ms. Tekle in a condition of involuntary servitude through physical . . . coercion." Admit that statement is untruthful.

14. **Requests for Admission No. 1984.** Admit that you never mentioned to any medical caregiver at any point in time during or after your employment with the Defendants that you suffered from chronic back pain.

15. **Requests for Admission No. 1985.** Admit that you never consulted any psychologist or psychiatrist about any psychological or emotional effects from your employment with the Defendants until after you had retained an attorney to assist you in bringing a lawsuit against the Defendants.

16. **Requests for Admission No. 1986.** Admit that your relative Freweni resided in Springfield, VA for the entire time that you worked for the Defendants.

17. **Requests for Admission No. 1990.** Admit that you have had no face-to-face contact with the Defendants since leaving their employment (apart from their observation, by videoconference, of your deposition).

18. **Requests for Admission No. 1991.** Admit that you have had no telephonic contact with the Defendants since leaving their employment.

19. **Requests for Admission No. 1992.** Admit that you have had no contact with the Defendants, through any form of electronic media—texts, e-mails, social media—since leaving their employment.

These requests for admission are simple and direct so that they can be readily admitted or denied. They are very straightforward and Plaintiff could have responded to all of them without extensive research and in a reasonable period of time. These 19 requests for admission closely track Plaintiff's allegations and address instances where Plaintiff has first-hand knowledge of the facts. They are also relevant to Defendants' claims and defenses, and plainly do not involve a substantial burden. For example, the lack of a substantial burden is clearly demonstrated by **Requests for Admission No. 1990.** Admit that you have had no face-to-face contact with the Defendants since leaving their employment (apart from their observation, by videoconference, of your deposition); and **Requests for Admission No. 1992.** Admit that you have had no contact with

the Defendants, through any form of electronic media—texts, e-mails, social media—since leaving their employment.

When responding to requests for admission that do not involve a substantial burden, courts regularly deny requests from parties seeking relief from their discovery obligations. *See, e.g.*, *Synthes (U.S.A.) v. Globus Med., Inc.*, CIV A 04-1235, 2006 WL 3486544, at *1 (E.D. Pa. Nov. 29, 2006) (allowing 622 requests for admissions on the basis that "[t]he requests, which span 48 pages, are simple and straightforward recitations of fact which can be readily admitted or denied, that they relate to the authenticity, possession, or use of 23 documents, and that they concern seven topics with which the defendants should be quite familiar."); *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (finding that "provided a request to admit is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to the request is improper and a mere statement that the responding party is unable to admit or deny, or lacks knowledge is insufficient"). Accordingly, Plaintiff should be compelled to respond to Defendants' 19 requests for admission.

      **B.**    **Defendants' requests for admission are highly relevant, potentially dispositive questions relating to Defendants' counterclaim and defenses.**

The Fourth Circuit has specifically found that whether a plaintiff has the opportunity to walk to public places is relevant to resolving alleged human trafficking allegations. *See Muchira v. Al-Rawaf et. al.*, 850 F.3d 605, 606, 622 (4th Cir. 2017) (upholding district court's finding that insufficient evidence existed to demonstrate "that the Saudi family forced her to remain in their employ against her will, by means of physical or psychological coercion" in part due to plaintiff's opportunity to walk to ***public places***). In fact, the Fourth Circuit affirmed Judge Trenga's decision granting summary judgment for the defendants in a nearly identical case, in part, because plaintiff had so many opportunities to walk to ***public places***. *Id.* at 610 (noting that the Saudi family's

7

home "was located across the street from several *public places*, including a convenience store and a car wash. The Reston Zoo and several Christian churches were also within *walking distance*."); *id*. at 621 (noting that plaintiff "had an unobstructed ability to walk away at any time, [from the Saudi family's house] and to any number of close-by *public places*, including several Christian churches") (emphasis added); *id*. at 624 (noting that plaintiff admitted "that she accompanied the Saudi family on numerous *public outings* without her passport.") (emphasis added).

Here, similar to the facts in *Muchira*, where the court focused on the plaintiff's ability or opportunity to access public places in denying plaintiff's claims, five of Defendants' 19 requests for admission concern ***Plaintiff's opportunity or access to a public place*** during her employment with Defendants:

1. **Requests for Admission No. 1950.** Admit that, there were occasions, during the Defendants' travels, when you were unsupervised by the Defendants, their agents, or their employees.

2. **Requests for Admission No. 1965.** Admit that, while working for the Defendants, there was no physical impediment to you opening the front door of the Defendants' home.

3. **Requests for Admission No. 1966.** Admit that, while working for the Defendants, there was no physical impediment to you walking from the front door of the Defendants' home to the street.

4. **Requests for Admission No. 1967.** Admit that, while working for the Defendants, there was no physical impediment to you walking down the Defendants' street to any place you wanted to go.

5. **Requests for Admission No. 1968.** Admit that, when you attended church, there was no impediment to you notifying the priest, or any of the congregants, as to your situation with the Defendants.

These requests for admissions are therefore highly relevant as they relate to Plaintiff's presence in a public place, or Plaintiff's accessibility to a public place.

As a further example of a highly relevant request for admission, Defendants requested in **Requests for Admission No. 1979.** You allege in your Second Amended Complaint that "Defendants kept Ms. Tekle in a condition of involuntary servitude through physical . . . coercion. Admit that statement is untruthful." This request seeks facts related to whether an able-bodied, military trained,[2] 24-year-old women, who can speak and read the English language, had but chose to forego, many opportunities to get away from Defendants, is powerful evidence that she remained with Defendants voluntarily. Defendants ask Plaintiff "to admit . . . the truth of . . . facts" contained in Defendants' 19 requests for admission. Plaintiff's truthful answers to these requests could be dispositive of this case as illustrated by the *Muchira* decision.

      C.     **Defendants' Requests for Admission are proper.**

Defendants seek to narrow the issues contained in Plaintiff's complaint by seeking requests for admission that concern very specific and relevant facts that could easily be admitted or denied. However, Plaintiff objects to Defendants requests for admission on the basis that "Defendants' requests address central facts that are the heart of this dispute and attempt to establish conclusions of law." ECF 126 at 8. Plaintiff's objections are without merit. Rule 36 provides that "[a] party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

Moreover, Rule 36 contemplates requests for admission that ask a party to apply law to fact. *See, e.g., Sommerville v. Dobson*, Civ No. 4:10-CV-67, 2011 WL 9160525, at *3 (E.D. Va. Mar. 8, 2011) ("Rule 36 of the Federal Rules of Civil Procedure permits a party to serve any other

---

[2] Dep. Tr. at 28:4-18 ("Q Were you in the military? A (In English) Yes. Q What was your job? A Training, military training. Q What did the military training consist of? A Yeah. The Training I mean comprised – it was a comprehensive military training. How to shoot, how to put on a target -- Q Okay. A -- and the rest of the training requirements. Q And were you in that training for the entire two years that you served your National Service? A (In English) Yes.").

9

party with a written request to admit certain factual matters or the application of law to fact."); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006) ("Defendants merely seek to have Plaintiffs agree that a legal premise applies to a certain factual situation. It is simply an "application of law to fact," as Rule 36(a) contemplates. Resolution of the issue contained in the request could save all parties time and energy."). In fact, case law makes clear that where, as here, a party issues a request for admission (1) requiring an application of law to the "specific facts" of the case; or (2) asking "case-specific questions," that party's requests for admission are unobjectionable. *United States ex rel. Bibby v. Mortg. Inv'rs Corp.*, 323 F.R.D. 424, 429 (N.D. Ga. 2017) (overruling objection to a request for admission where "[i]t resemble[d] less the abstract applications of law involved in Disability Rights Council or the 'bare legal conclusions' sought in *McCrimmon* and more the perfunctory, *case-specific questions* in *Caruso*, and *Phan*"). Defendants could not have given Plaintiff more perfunctory case-specific examples than the 19 requests for admission concerning statements and interactions that occurred during her employment with the Defendants.

Lastly, Defendants have been required to respond to 164 requests for admissions propounded by Plaintiff, and Judge Anderson has not required Plaintiff to respond to a single request for admission from the Defendants. This seems unjust. Defendants are entitled to requests for admission on these relevant statements and interactions. Defendants' requests are directly related to their defense and counterclaim, and are likewise proportional to the needs of the case. Therefore, Defendants' requests for admission are clearly proper and Plaintiff should be compelled to respond.

## **CONCLUSION**

Pursuant to the foregoing, Defendants respectfully request the Court set aside that portion of Judge Andersons' May 17, 2019, order relieving Plaintiff of her obligation to respond to Defendants' requests for admissions, and order Plaintiff to respond to Defendants' 19 requests for admission.

Dated: May 31, 2019

Respectfully submitted,

/s/ John L. Brownlee
John L. Brownlee (VSB# 37358)
Stuart G. Nash (*pro hac vice*)
David L. Haller (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: John.Brownlee@hklaw.com
Email: Stuart.Nash@hklaw.com
Email: David.Haller@hklaw.com

*Counsel for Defendants Mohammad bin Abdullah al Saud and Nouf bint Nayef Abdul-Aziz al Saud*

## **CERTIFICATE OF SERVICE**

I certify that on this 31st day of May, 2019, a true copy of the foregoing was served via electronic case filing to:

Nicholas Cooper Marritz
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
nicholas@justice4all.org

Jonathan A. Langlinais
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
jalanglinais@jenner.com

Le'ake Fesseha
Le'ake Fesseha Law Office
901 S. Highland Street, Suite 312
Arlington, VA 22204
leakef@hotmail.com

Sarah Linnell Bessell
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
sbessell@htlegalcenter.org

Richard F. Levy
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
rlevy@jenner.com

Agnieszka M. Fryszman
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
afryszman@cohenmilstein.com

Martina Elizabeth Vandenberg
The Human Trafficking Legal Center
1030 15th Street NW, Suite 1048
Washington, DC 20005
mvandenberg@htlegalcenter.org

Andrew B. Cherry
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
acherry@jenner.com

Satenik Harutyunyan
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
sharutyunyan@jenner.com

*Counsel for Plaintiff Simret Semere Tekle*

/s/ John L. Brownlee
John L. Brownlee