IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| SIMRET SEMERE TEKLE, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:18-cv-211 |
| NOUF BIN NAYEF ABUL-AZIZ AL | ) | |
| SAUD | ) | |
| MOHAMMAD BIN ABDULLAH AL | ) | |
| SAUD, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

At issue in this matter are two motions filed by defendants pursuant to Rule 72(a), Fed. R. Civ. P., to set aside discovery orders issued by Magistrate Judge Anderson. First, in the motion to set aside a portion of the magistrate judge's May 10, 2019 discovery order (Dkt. 189), defendants argue that the magistrate judge erred in holding that defendants were required to appear for depositions in the Eastern District of Virginia. Second, in the motion to set aside a portion of the magistrate judge's May 17, 2019 discovery order (Dkt. 196), defendants argue that the magistrate judge erred in holding that plaintiff was not required to respond to nineteen requests for admission served by defendants. The motions have been fully briefed, and oral argument is not necessary to aid the decisional process. Thus, defendants' motions are ripe for disposition and are addressed separately below.

### I.

Pursuant to Rule 72(a), a party may object to a magistrate judge's order on non-dispositive matters. The district court must modify or set aside any part of the order to which the party objects "that is clearly erroneous or is contrary to law." Rule 72(a), Fed. R. Civ. P. Although the "contrary

1

to law" standard suggests a plenary review of the magistrate judge's legal determinations, "many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010) (collecting cases).

## II.

In the motion to set aside a portion of the magistrate judge's May 10, 2019 discovery order, defendants argue that Magistrate Judge Anderson erred in holding that defendants were required to submit to depositions within the Eastern District of Virginia and that defendants could not force plaintiff to conduct the depositions in Saudi Arabia. For the reasons that follow, the magistrate judge's ruling in this regard is in accordance with the law and thus must be upheld.

### A.

The first ground on which the magistrate judge's order must be affirmed is that the plain language of Local Rule 30(A) requires defendants, who have filed a counterclaim in this action, to submit to depositions in the Eastern District of Virginia. In pertinent part, Local Rule 30(A) provides:

> (A) Discovery: Any party . . . filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division. . . . A defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purpose of this Local Rule. This subsection shall not apply to an involuntary plaintiff or an interpleader plaintiff.

This Local Rule makes clear that when, as here, a defendant files a counterclaim, the defendant is "considered as having filed an action in this Court" and thus must submit to a request for deposition within the Eastern District of Virginia. Accordingly, because defendants have filed a counterclaim against plaintiff in this action, Local Rule 30(A) compels defendants to acquiesce to plaintiff's request to depose defendants in the Eastern District of Virginia.

Seeking to avoid this conclusion, defendants argue that Local Rule 30(A) does not require defendants to submit to deposition in the Eastern District of Virginia because defendants qualify as "involuntary plaintiff[s]," which are exempted from the strictures of Local Rule 30(A). Specifically, defendants argue that defendants are involuntary plaintiffs for purposes of Local Rule 30(A) because defendants' counterclaim is a compulsory counterclaim, which defendants filed only to avoid preclusion of the claim. This argument is unpersuasive for several reasons. First, defendants' proposed interpretation of Local Rule 30(A) contradicts the plain language of the Local Rule, which requires any defendant "who becomes a counterclaimant," without distinction between compulsory and permissive counterclaimants, to submit to deposition within the Eastern District of Virginia. *See* Local Rule 30(A). Second, it is clear that the Local Rule's use of the term "involuntary plaintiff" refers not to parties like defendants who reluctantly choose to file a compulsory counterclaim, but rather to parties who are joined to an action by court order pursuant to Rule 19(a)(2), Fed. R. Civ. P.[1] This conclusion is supported by the fact that Local Rule 30(A) plainly refers to other categories of parties defined under the joinder rules, such as a cross-claimant, a third-party plaintiff, and an interpleader plaintiff,[2] and the fact that courts commonly and consistently use the phrase "involuntary plaintiff" as a term of art to refer to a party joined under Rule 19(a)(2).[3] Therefore, the plain language of Local Rule 30(A) makes clear that defendants are not exempted from Local Rule 30(A) as "involuntary plaintiffs."

---

[1] *See* Rule 19(a)(2), Fed. R. Civ. P. ("If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an *involuntary plaintiff*.") (emphasis added).

[2] *See* Rule 13(g), Fed. R. Civ. P. (cross-claimants); Rule 14(a), Fed. R. Civ. P. (third-party plaintiffs); 28 U.S.C § 1335 and Rule 22(a), Fed. R. Civ. P. (interpleader plaintiffs).

[3] *See, e.g., Rivera v. Internal Revenue Serv.*, 708 F. App'x 508, 510 n.1 (10th Cir. 2017) (granting motion to correct a case caption labelling a party as an "involuntary plaintiff" because that party had not been compelled to join the action pursuant to Rule 19(a)(2)); *Khaliq v. Angelone*, 72 F. App'x 895, 897 (4th Cir. 2003) ("The Board of Directors of the ACRJ was named as an involuntary plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure."); *Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651, 654 (8th Cir. 1996); *Sheldon v. W. Bend*

cv-00211-RDA-JFA   Document 256   Filed 06/18/19   Page 4 of 11 PageID# 7044

The cases cited by defendants do not compel a contrary conclusion. As plaintiff notes, and defendants do not dispute, all but one of the cases holding that a compulsory counterclaimant is entitled to be deposed at its place of residence was decided in a jurisdiction that lacks a local rule requiring all counterclaimants to submit to deposition within the judicial district where the counterclaim was filed.[4] Accordingly, in light of Local Rule 30(A)'s clear mandate that any defendant who files a counterclaim, without qualification, is subject to deposition in the Eastern District of Virginia, the cases from other districts that defendants cite are not persuasive or binding here.

In addition, the sole case from within the Eastern District of Virginia to hold that compulsory counterclaimants are exempt from Local Rule 30(A), *Swimways Corp. v. Zuru, Inc.*, No. 2:13CV334, 2014 WL 12603190, at *1 (E.D. Va. June 6, 2014), is unpersuasive because the magistrate judge's holding in that case is not supported by the authorities cited in that decision. First, the magistrate judge in *Swimways* relied on *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982). *Swimways*, 2014 WL 12603190, at *1. As noted above, this case does not support the conclusion that Local Rule 30(A) is inapplicable to compulsory counterclaimants because *Zuckert* was decided in a jurisdiction that does not have a Local Rule requiring counterclaimants to be deposed within the forum. Second, the magistrate judge in *Swimways* also cited *In re:*

---

*Equip. Corp.*, 718 F.2d 603, 606 (3d Cir. 1983) ("The joinder of an outsider as an involuntary plaintiff is authorized by the second half of the third sentence of Rule 19(a)."); *Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975)

[4] *See Smartgene, Inc. v. Advanced Biological Labs. SA*, 2012 WL 13046338, at *2 (D.D.C. Feb. 6, 2012); *DeGeer v. Gillis*, 2010 WL 3732132, at *2 (N.D. Ill. Sept. 17, 2010); *Gering v. Fraunhofer USA, Inc.*, 2008 WL 4427608, at *1 (E.D. Mich. Sept. 30, 2008); *Pub. Works Supply Co. v. Soleno, Inc.*, 2008 WL 11389371, at *2 n.2 (D. Mass. May 22, 2008); *Lending Sols., Inc. v. Mortg. Now, Inc.*, 2008 WL 11407375, at *1 (N.D. Ga. Jan. 7, 2008); *Kuest Corp. v. Aitrol, Inc.*, 2006 WL 3592941, at *1 (W.D. Tex. Dec. 8, 2006); *Gibbs v. National Railroad Passenger Corp.*, 170 F.R.D. 452 (N.D. Ind. 1997); *Sears v. Am. Entm't Grp., Inc.*, 1995 WL 66411, at *2 (N.D. Ill. Feb. 13, 1995); *Fortune Mgmt., Inc. v. Bly*, 118 F.R.D. 21, 22 (D. Mass. 1987); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *Wisconsin Real Estate Inv. Tr. v. Weinstein*, 530 F. Supp. 1249, 1253 (E.D. Wis. 1982); *Pinkham v. Paul*, 91 F.R.D. 613, 615 (D. Me. 1981); *Cont'l Fed. Sav. & Loan Ass'n v. Delta Corp. of Am.*, 71 F.R.D. 697, 700 (W.D. Okla. 1976).

*Outsidewall Tire Litigation*, 26 F.R.D. 466, 470 (E.D. Va. 2010), for the proposition that "a foreign corporate defendant/compulsory counterclaimant" is entitled to be deposed in the country where its principal place of business is located. *Swimways*, 2014 WL 12603190, at \*1. But the defendant in *In re: Outsidewall Tire Litigation* was not a counterclaimant in that case, and that case thus lends no support to the holding in *Swimways*. And third, although the magistrate judge in *Swimways* recited the text of Local Rule 30(A), the magistrate judge cited no textual basis for his conclusion that the Local Rule does not apply to compulsory counterclaimants. Indeed, for the reasons already stated, that conclusion contradicts the plain language of Local Rule 30(A). Accordingly, because the magistrate judge's unpublished opinion in *Swimways* relies on inapposite authorities and fails to engage with the text of Local Rule 30(A), the magistrate judge's holding in *Swimways* that compulsory counterclaimants are exempt from Local Rule 30(A) is neither persuasive nor binding here.

## B.

The second ground on which the magistrate judge's order must be affirmed is that even if Local Rule 30(A) is inapplicable, legitimate safety concerns nonetheless warrant compelling defendants to submit to deposition outside of Saudi Arabia. As courts have recognized, the presumption that a foreign defendant must be deposed near its place of residence may be overcome in "exceptional or unusual circumstances" that "distinguish[] the case from the ordinary run of civil cases." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471–72 (E.D. Va. 2010) (collecting cases). In this respect, circumstances demonstrating that it "would be unduly burdensome" to take the depositions near the deponent's residence may warrant deviation from the presumption in favor of deposing the defendant near its place of residence. *Id.* at 473.

5

As Magistrate Judge Anderson sensibly concluded, the record reflects significant safety concerns that warrant conducting defendants' deposition at a location outside of Saudi Arabia. First, the United States Department of State has warned that the government of Saudi Arabia restricts free expression and that statements construed "as constituting defamation of the . . . Al Saud family," of which defendants are members, have "resulted in criminal charges" in Saudi Arabia. U.S. Dep't of State, Saudi Arabia 2018 Human Rights Report, at 23, https://www.state.gov/wp-content/uploads/2019/03/SAUDI-ARABIA-2018.pdf. Indeed, the State Department has reported that persons who criticized the Saudi Arabian government have been "arbitrarily arrest[ed] and det[ained] . . . without charge." *Id.* at 13. These warnings are of particular concern in this case because defendants, who are members of the royal al Saud family of Saudi Arabia, have brought a counterclaim alleging that plaintiff, through her attorneys, has defamed defendants. Further, given that plaintiff's claims allege that defendants engaged in illegal employment practices and human trafficking, the deposition of defendants will necessarily require plaintiff's attorneys to ask defendants questions that could easily be viewed as critical of the al Saud family. Accordingly, the magistrate judge reasonably concluded that the nature of the parties and of the claims in this case present safety concerns that warrant holding the deposition of defendants outside of Saudi Arabia.

Second, the State Department has also warned that Saudi Arabia has been increasingly targeted by threats of terrorist activity and armed conflict. U.S. Dep't of State, Saudi Arabia Travel Advisory, https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/saudi-arabia-travel-advisory.html. According to the State Department, missile attacks have been fired at major cities in Saudi Arabia, including Jeddah, the deposition location proposed by defendants. *Id.* This

6

circumstance further supports Magistrate Judge Anderson's determination that safety issues provided a compelling reason to depose defendants outside of Saudi Arabia.

Third, the State Department has issued warnings reflecting that women in Saudi Arabia, including visitors, face significant restrictions impacting their ability to enter and leave the country and to communicate with men in public. U.S. Dep't of State, Saudi Arabia: Travel Information https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/SaudiArabia.html. Plaintiff has represented that all but one of her lead counsel who will be conducting defendants' deposition are female. Thus, as Magistrate Judge Anderson observed, plaintiff's female counsel would face additional travel burdens and safety risks if defendants' depositions were to take place in Saudi Arabia.

In sum, Magistrate Judge Anderson sensibly concluded that substantial safety concerns demonstrate that conducting defendants' depositions in Saudi Arabia "would be unduly burdensome." *See In re Outsidewall Tire Litig.*, 267 F.R.D. at 473. Most notably, the evidence that was before the magistrate judge supports his conclusion that the nature of this case and of the parties presents a legitimate risk that plaintiff's counsel would be perceived as defaming or criticizing the royal family of Saudi Arabia, a criminal offense subject to severe penalties in Saudi Arabia. Accordingly, it was reasonable and in accordance with the law for the magistrate judge to order defendants to submit to deposition outside of Saudi Arabia.

In response, defendants argue that the safety concerns listed above do not warrant ordering defendants to appear for depositions outside of Saudi Arabia because the depositions can and should be conducted via videoconference. This argument fails because a video-deposition is not a viable alternative to an in-person deposition where, as here, (i) the deponents are key witnesses whose credibility is a critical issue in the case and (ii) the large number of documents to be

7

examined renders video deposition impractical.[5] If this case goes to trial, it will turn, in large part, on whose version of the events that transpired during plaintiff's employment by defendants is taken as credible by the jury. It is thus critical for plaintiff to have the opportunity to test defendants' credibility in a face-to-face setting, as defendants were able to do when they deposed plaintiff. In addition, it appears that defendants intend to submit as evidence a considerable number of video recordings and photographs. Plaintiff must be given the opportunity to question defendants about these numerous exhibits during the depositions, and doing so remotely via video-deposition is likely to present complicated technical challenges. Accordingly, video-depositions are not an acceptable substitute for conducting defendants' depositions in-person outside of Saudi Arabia.

### III.

In the motion to set aside a portion of the magistrate judge's May 17, 2019 discovery order, defendants argue that Magistrate Judge Anderson erred in holding that plaintiff was not required to respond to certain requests for admission served by defendants. For the reasons that follow, the magistrate judge's ruling in this regard is in accordance with the law and thus must be upheld.

On April 24, 2019, defendants served plaintiff with 1,994 requests for admission. It appears that 1,938 of the requests related to certain photographic and video exhibits produced by defendants in discovery, while the other 56 questions related to different issues in the case. On May 17, 2019, Magistrate Judge Anderson granted in part and denied in part plaintiff's request for a protective order. Specifically, the magistrate judge found that it would be oppressive and unduly burdensome for plaintiff to respond to all 1,994 of defendants' requests for admission and accordingly required plaintiff to answer only one question regarding each of the 259 exhibits,

---

[5] See, e.g., U.S. v.2003 BMW X5 SUV, VIN 5UXFB93573LN80798, No. CIV. WDQ-14-0912, 2015 WL 2330292, at *2 (D. Md. May 15, 2015); Music Grp. Macao Commercial Offshore Ltd. v. Foote, No. 14-CV-3078-JSC, 2015 WL 13423886, at *3 (N.D. Cal. Aug. 11, 2015); United States v. Approximately $57,378 in U.S. Currency, No. C08-5023 MMC BZ, 2010 WL 4347889, at *1 (N.D. Cal. Oct. 27, 2010).

8

namely whether each exhibit is authentic, and granted the protective order as to all other requests for admission, including the 56 requests for admission that did not relate to the exhibits.

It is clear that the record supports the magistrate judge's finding that it would be oppressive and unduly burdensome for plaintiff to respond to all 1,994 of defendants' requests for admission. Indeed, courts have routinely held that requiring a party to respond to such a large volume of requests for admission imposes an undue burden on the party served with the requests.[6] As a result, Magistrate Judge Anderson's decision to reduce the number of requests for admission by granting a protective order with respect to certain of defendants' requests is in accordance with the discovery rules. *See* Rule 26(c), Fed. R. Civ. P. (providing that the court may issue an order "limiting the scope of disclosure or discovery to certain matters" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Therefore, the magistrate judge's order limiting plaintiff's obligation to respond to defendants' requests for admission is supported by the record and correctly applied the relevant legal principles.

In response, defendants argue that the magistrate judge erred by granting a protective order with respect to 19 requests for admission that did not relate to the exhibits.[7] According to defendants, plaintiff should be compelled to respond to these 19 requests for admission, in addition to the 259 requests for admission to which plaintiff was ordered to reply, because (i) these 19 requests are highly relevant and material and (ii) plaintiff's burden in responding to these 19 requests is minimal.

---

[6] *See, e.g., Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 206 (6th Cir. 1986); *Stokes v. Interline Brands Inc*, No. C-12-05527 JSW (DMR), 2013 WL 6056886, at *2 (N.D. Cal. Nov. 14, 2013); *Gannon v. United States*, No. CIV.A.03-6626, 2006 WL 2927639, at *1 (E.D. Pa. Oct. 6, 2006); *Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 205 (D. Md. 1985).

[7] Defendants do not challenge the magistrate judge's order granting plaintiff a protective order with respect to the other 1,813 requests regarding the exhibits or the other 37 requests relating to different issues.

Even assuming, *arguendo*, that the 19 additional requests for admission are material and that the 19 requests, standing alone, are not overly burdensome to answer, defendants have failed to identify any persuasive basis on which to set aside the magistrate judge's protective order. This is so because defendants' argument fails to appreciate that Magistrate Judge Anderson did not address these 19 requests in a vacuum. Rather, the magistrate judge held that plaintiff was not required to respond to these 19 requests, along with 1,716 other requests for admission, because the total of 1,994 requests for admission served on plaintiff by defendants was unduly burdensome and oppressive. For the reasons already stated, Magistrate Judge Anderson's rulings in these respects are supported by the record and the discovery rules.

Defendants' argument, distilled to its essence, is that Magistrate Judge Anderson was correct to reduce defendants' requests for admissions, but should have reduced them a little less. Defendants have cited no persuasive authority in support of this argument. Indeed, given the "great deference" afforded to "decisions of a magistrate judge concerning discovery disputes," *In re Outsidewall Tire Litig.*, 267 F.R.D. at 470, there is no basis here to set aside the magistrate judge's judgment regarding the precise number of requests for admission that defendants could lodge before crossing the boundary between due burden and undue burden. As already explained, Magistrate Judge Anderson correctly found that defendants' 1,994 requests for admission were unduly burdensome and sensibly reduced that number to 259. Because defendants have not shown that this decision was "clearly erroneous or contrary to law," there is no basis to set aside the magistrate judge's protective order. *See* Rule 72(a), Fed. R. Civ. P.

**IV.**

For the reasons stated above, and for good cause shown,

It is hereby **ORDERED** that defendants' motion to set aside a portion of the magistrate judge's May 10, 2019 discovery order (Dkt. 189) is **DENIED**.

It is further **ORDERED** that defendants' motion to set aside a portion of the magistrate judge's May 17, 2019 discovery order (Dkt. 196) is **DENIED**.

It is further **ORDERED** that plaintiff's request for attorneys' fees pursuant to Rules 26(c)(3) and 37(a)(5) (Dkt. 225 at 12–13) is **REFERRED** to Magistrate Judge Anderson.

It is further **ORDERED** that the hearing in this matter currently scheduled for 10:00 A.M. on Friday, June 21, 2019 is **CANCELLED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
June 18, 2019

T. S. Ellis, III
United States District Judge

11